Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539

Attorneys for Defendants
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG
BOUNDY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.<br><br>                    Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**DEFENDANTS' NOTICE OF *EX PARTE* MOTION AND MOTION TO AMEND SCHEDULING ORDER, COMPEL DEPOSITION OF PLAINTIFF AND RESPONSES TO WRITTEN DISCOVERY, AND FOR SANCTIONS**<br><br>Amended Complaint: July 25, 2023 |

NAI-1536434765v5

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT**, Defendants Experian Information Solutions, Inc. and Craig Boundy ("Defendants") will, and hereby do, move *ex parte* for an order (1) amending the Scheduling Order to vacate or extend all case management and trial deadlines in this action, including the dispositive motion and discovery deadlines, (2) compelling the deposition of Plaintiff Samuel Love ("Plaintiff") to occur by no later than April 30, 2023, (3) compelling Plaintiff to respond to written discovery propounded by Defendants by no later than April 14, 2023, and (4) directing Plaintiff to pay sanctions to Defendants for his failure to appear at deposition.

Defendants' motion is made pursuant to Federal Rule of Civil Procedure, Rules 16(b) and 37(a) & (d) on the grounds that, despite noticing Plaintiff's deposition and conducting several good-faith attempts to confer with Plaintiff in order to schedule his deposition prior to the current discovery cut off, Plaintiff has refused to appear, insisting instead that Defendants pay him $250,000 for his attendance at the deposition. On March 15, 2023, Defendants proceeded with the properly noticed deposition and recorded the non-appearance of Plaintiff. Since that time, Defendants have continued in good faith to attempt to secure Plaintiff's deposition. Despite those efforts, Plaintiff continues to refuse to appear. Moreover, despite discovery responses having been due March 30, 2023, Plaintiff has not responded to the written discovery propounded by Defendants. As such, Defendants have been denied the opportunity to obtain the discovery needed to support their dispositive motions and to prepare for trial.

This Motion is made following a series of good-faith attempts to conference with Plaintiff pursuant to L.R. 7-3, beginning on March 17, 2023 and continuing through March 30, 2023, as set forth in the Declaration of Hillary J. Green.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Hillary J. Green, the

exhibits attached thereto, and the pleadings and Court orders on file herein.

Dated:  March 31, 2023                    JONES DAY


                                          By: */s/ Hillary J. Green*
                                               Hillary J. Green

                                          Attorneys for Defendants
                                          EXPERIAN INFORMATION SOLUTIONS,
                                          INC. AND CRAIG BOUNDY

NAI-1536434765v5

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Throughout this litigation, Defendants Experian Information Solutions, Inc. and Craig Boundy ("Defendants") have attempted in good faith to work with *Pro Se* Plaintiff Samuel Love ("Plaintiff") in conducting discovery and moving the case forward. Despite those efforts, Plaintiff has repeatedly refused to appear for deposition and has failed to respond to any written discovery propounded by Defendants. Defendants have therefore been denied the opportunity to obtain the evidence necessary to support their dispositive motions and to prepare for trial. Plaintiff's refusal to meaningfully participate in discovery—indeed, his demand that Defendants pay him $250,000 for him to even appear for his deposition—to wit: "Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment" provides good cause required by Rule 16 for vacating or extending all pre-trial and trial deadlines in this action, and compelling Plaintiff to appear for deposition and respond to discovery pursuant to Rule 37.

Accordingly, Defendants respectfully move the Court for an Order: (1) amending the Scheduling Order to vacate or extend all case management and trial deadlines in this action, including the dispositive motion and discovery cutoff deadlines, as set forth in the proposed order attached as Exhibit A, (2) compelling Plaintiff to appear for deposition by no later than April 30, (3) compelling Plaintiff to respond to written discovery propounded by Experian by no later than April 14, 2023 and (4) directing Plaintiff to pay sanctions to Defendants for his misconduct.

### RELEVANT BACKGROUND

On July 13, 2022, the Court issued a Scheduling and Case Management Order setting certain case management deadlines, including a Pre-Trial Conference for May 5, 2023, and trial for May 16, 2023. (Dkt. 16).

On February 23, 2023, due in part to a medical leave of absence taken by Defendants' prior lead counsel, the parties jointly requested that the original fact

*EX PARTE* MOTION TO AMEND SCHEDULING
ORDER, COMPEL DISCOVERY & FOR SANCTIONS
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536434765v5

discovery and dispositive motion deadlines be extended to March 31 and April 26, 2023, respectively.  That request was granted by the Court on February 14, 2023. (Order Granting Joint Request to Extend Discovery and Motion Deadlines, Dkt. 26.)

As part of the meet and confer that resulted in the February 23, 2023 Joint Request, Defendants informed Plaintiff that they would need to conduct his deposition and requested a date when he would agree to appear.  (Green Decl., ¶ 8.) Defendants' counsel informed Plaintiff that in the event the Parties' request to extend deadlines was granted, the deposition could be postponed so the parties would have time to continue settlement negotiations.  (*Id.*, ¶ 9.)  Plaintiff agreed to be deposed, but requested the deposition be conducted remotely.  (*Id.*)  Defendants accommodated Plaintiff's request and noticed Plaintiff for a March 1, 2023 remote-deposition. (*Id.*, ¶ 10 & Ex. A.)

On February 27, 2023, after receipt of the Court's February 24, 2023 order granting the Parties' Joint Request to Extend Discovery and Motion Deadlines, Defendants postponed the original March 1, 2023 remote deposition. (*Id.*, ¶¶ 11–12.)

Thereafter, the parties exchanged discovery.  (*Id.*, ¶ 13)

On February 28, 2023, Experian served Plaintiff with written discovery, including Requests for Admissions, Requests for Document Production, and Interrogatories.  (*Id.*, ¶ 15.)

On March 3, 2023, Defendants contacted Plaintiff to reschedule the previously scheduled March 1, 2023 deposition.  (*Id.*, ¶ 16.)  Plaintiff responded that he was unavailable. (*Id.*, ¶ 17 & Ex. B.)

Defendants continued their attempts to obtain Plaintiff's deposition availability, but Plaintiff did not respond for another six days.  (*Id.*, ¶ 18.)

On March 8, 2023, Plaintiff finally responded to Defendants' requests, stating "Mr. Love will be available starting March 13, 2023."  (*Id.*, ¶ 19.)

*EX PARTE* MOTION TO AMEND SCHEDULING ORDER, COMPEL DISCOVERY & FOR SANCTIONS
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536434765v5

On March 8, 2023, Defendants served Plaintiff with a notice of deposition for Wednesday, March 15, 2023. (*Id.*, ¶ 20 & Ex. C.)

On Monday, March 13, 2023, having not heard from Plaintiff, Defendants again contacted Plaintiff to remind him of his deposition and asked him to confirm his appearance. (*Id.*, ¶ 21.)

Plaintiff did not respond until the next day, Tuesday March 14, 2023. In an email attachment, signed "Lethal Fire," Plaintiff responded to his deposition notice:

> Defendants and their counsel are illegitimate authority who lack the power to depose, question, or speak to Mr. Love, therefore the request for Deposition is DENIED!

(*Id.*, ¶¶ 22 & Ex. D.) Defendants immediately responded to Plaintiff's email and offered to reschedule the deposition for either Thursday, March 16th or Friday, March 17th, 2023. (*Id.*, ¶ 23 & Ex. E.)

Plaintiff again responded by referring Defendants to his previous email wherein Plaintiff stated that Defendants are "illegitimate authority who lack the power to depose, question, or speak to Mr. Love." (*Id.*, ¶ 23 & Ex. F)

In light of this response, Defendants advised Plaintiff they would proceed with the deposition as noticed on Wednesday, March 15, 2023, and explained that if Plaintiff did not appear, Defendants would notice Plaintiff's non-appearance and reserve the right to seek its costs and fees associated with the non-appearance. (*Id.*, ¶ 24.) Plaintiff responded:

> For the records, the below is proof of Defendants and their counsel's coercion and intimidation tactics against Mr. Love. Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment.
>
> Mr. Love will not appear--any "costs and fees associated with the non-appearance" are denied.

(*Id.*, ¶ 24 & Ex. G.)

On March 15, 2023 at 9 a.m., Defendants proceeded with Plaintiff's properly

noticed deposition and recorded the non-appearance. (*Id*., ¶ 25.)

On March 17, 2023, Defendants again contacted Plaintiff to inform him of Defendants' intent to file the instant motion and attempt to resolve the dispute short of motion practice. (*Id*., ¶ 26.)

On Friday, March 24, 2023, having received no response from Plaintiff, Defendants sent two more separate emails. The first again attempted to meet and confer with Plaintiff in advance of Defendants filing the instant Motion. Defendants received no response to that email. (*Id*., ¶ 27.)

Defendant's second email on March 24, 2024, reminded Plaintiff of the Parties' obligations to meet in person for trial preparation per L.R. 16-2. (*Id*., ¶ 28 & Ex. H.) On Monday, March 27, 2023, Plaintiff responded to Defendants' second March 24th email regarding trial preparation only. (*Id*., ¶ 29.)

On March 29, 2023, Experian and Craig Boundy responded to Plaintiff's Written Discovery, which included producing over 400 pages of documents to Plaintiff. (*Id*., ¶ 30.)

Plaintiff's Written Discovery responses were due March 30, 2023. To date, Defendants have not received Plaintiff's discovery responses, nor have Defendants received any requests to extend Plaintiff's time to respond. (*Id*., ¶ 31.)

On March 30, 2023, Defendants made one final attempt to informally resolve Plaintiff's deposition non-appearance before filing this Motion. Plaintiff reiterated that he would not be deposed. (*Id*., ¶ 32.)

Given the multiple good-faith attempts to avoid having to seek this Court's assistance, good cause exists for granting the instant Motion.

## ARGUMENT

### I.   THE CASE DEADLINES SHOULD BE VACATED OR EXTENDED

A.   <u>The Court Should Vacate Or Extend Existing Case Management And Trial Deadlines.</u>

NAI-1536434765v5

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Moreover, under Rule 37, the Court is given broad latitude to make such orders as necessary to compel a party's participation in discovery and to impose sanctions, where appropriate, to ensure that outcome. Here, good cause exists either to vacate or extend all deadlines in the case in order to provide Defendants with sufficient time to obtain necessary discovery.

Plaintiff has exhibited a consistent pattern of delay and lack of cooperation throughout the discovery process resulting in Defendants' inability to conduct meaningful discovery on their defenses. As set forth in detail above, Defendants have served written discovery and several times attempted to secure Plaintiff's deposition. Nevertheless, Plaintiff has refused to appear, and to date, Defendants have not received any response to the written discovery served on February 28, 2023. Experian has taken every effort to avoid burdening the Court with a motion. However, Defendants are now faced with the close of discovery, and are left with no other option except to move to extend the current deadlines and to compel Plaintiff's participation in discovery.

None of the parties will be prejudiced by vacating or extending the case deadlines; rather, Defendants—who at all times have diligently sought to complete discovery in compliance with the Court's Scheduling Order—would be severely prejudiced were the deadlines to remain unchanged as they would be unable to complete discovery and obtain evidence to support their defenses.[1] Therefore, Defendants respectfully requests that the Court vacate or extend all remaining case deadlines as set forth in the proposed order (submitted concurrently herewith, and also attached as Exhibit A.)

B.     The Court Should Compel Plaintiff To Appear For Deposition By April 30, 2023.

---

[1] Experian has fully engaged in the discovery process having produced over 400 pages of documents in this action.

*EX PARTE* MOTION TO AMEND SCHEDULING ORDER, COMPEL DISCOVERY & FOR SANCTIONS
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536434765v5

Under the Federal Rules of Civil Procedure, Defendants are entitled to depose any person, including a party, without leave of court, with reasonable written notice.  Fed. R. Civ. P. 30(a)(1); 30(b)(1).  Despite Defendants' repeated attempts to depose Plaintiff, Plaintiff's lack of cooperation and bad faith has precluded Defendants from obtaining testimony and information to which it is entitled.

A court order is necessary to secure Plaintiff's in-person attendance at his deposition.  As detailed above, Defendants' initial attempts to schedule Plaintiff's deposition after the discovery extension were ignored and rejected.  Defendants have repeatedly tried to schedule a deposition with Plaintiff.  Initially, there was an agreement between the parties that Defendants would depose Plaintiff on March 1, 2023 with the caveat that it would be cancelled if there was an extension.  (Green Decl., ¶ 9.)  After the discovery extension, Plaintiff appeared to have abruptly changed positions and decided against sitting for any deposition.  After serving a notice of deposition on a date Plaintiff provided he would be available, Plaintiff did not reply for five days.  (*Id*., ¶¶ 20–22.)  Only after Defendants had sent three emails reminding Plaintiff of the deposition date and expressing willingness to push back the date to accommodate Plaintiff, did Plaintiff respond less than 24 hours before the noticed deposition that "Mr. Love will not appear . . ." and did not provide alternative dates. (*Id*., ¶ 24)  Plaintiff did not provide a reason other than "Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment." (*Id*.)  Despite Plaintiff's blanket refusal and request for at least a quarter of a million dollars in advance of a deposition, Defendants yet again asked Plaintiff to provide alternative dates for the deposition.  (*Id*., ¶¶ 26–27.)  Defendants were therefore left with no choice other than to proceed with the non-appearance on March 15, 2023.  (*Id*. at ¶ 25.)

In light of the foregoing, Defendants respectfully request that the Court order Plaintiff to appear in person for a deposition to be completed no later than April 30, 30, 2023.

C.      <u>The Court Should Compel Plaintiff To Respond To Defendants'</u>

NAI-1536434765v5

Written Discovery By No Later Than April 14, 2023.

On February 28, 2023, Experian served Plaintiff with written discovery, including Requests for Admissions, Requests for Document Production, and Interrogatories.  (*Id*., ¶ 15.)  Under the applicable Federal Rules, responses to that discovery was due March 30, 2023.  As of the time of the filing of this Motion, Plaintiff has not responded to any of the discovery propounded.  (*Id*., ¶ 31.)  In order for Defendants to obtain the information necessary to depose Plaintiff, prepare dispositive motions, and prepare for trial, the Court should compel Plaintiff's responses by no later than April 14, 2023.

## II.   THE COURT SHOULD IMPOSE MONETARY SANCTIONS

Under Rule 37(d), "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; . . .."  Fed. R. Civ. P. 37(d)(1)(A).[2]  As explained in detail above, Plaintiff has failed to appear for his properly-noticed deposition and continues to refuse Defendants' efforts to secure his deposition testimony.  Notably, Plaintiff did not move for a protective order before failing to appear and was not otherwise excused from appearing at his properly-noticed deposition.  *See* Fed. R. Civ. P. 37(d)(2) (a party's failure to appear at his own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)"); *Paige v. Consumer Programs, Inc*., 248 F.R.D. 272, 275 (C.D. Cal. 2008).  Therefore, the Court should sanction Plaintiff under Rule 37 for failure to attend his own deposition. Fed. R. Civ. P. 37(d)(1)(A) ("Sanction may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).").

The case at hand bears many similarities to *Paine v. Investment and*

---

[2] Experian's attached Declaration serves as its Certification for the purposes of Rule 37(d)(1)(B).  *Id*. ("A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.")

NAI-1536434765v5

*Administrative Committee of the Walt Disney Company Sponsored Qualified Benefit Plans and Key Employees Deferred Compensation and Retirement Plan et al.*, CV 20-8610-VAP (KSx), 2022 WL 1584495 (Mar. 30, 2022). There, the plaintiff was seeking to depose the defendants before the discovery cutoff and the defendants did not appear for the deposition.  Relying on "the language of Rule 37(d)(2) and Ninth Circuit decisions in *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) and Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993)," the plaintiff argued that the "[d]efendants' notification of its intention not to appear for the noticed depositions even if the deposing party refused to reschedule, is not sufficient to avoid sanctions here." *Id*. at *3. The plaintiff also emphasized that the "[d]efendants neither served formal objections to the deposition notices nor sought a protective order." *Id*.  The court granted sanctions to plaintiff in that case. *Id*. at *5, 8 (recognizing that "[d]efendants' failure to even propose alternative dates until just two days before the Administrative Committee's deposition was substantially unjustified" and that "[d]efendants' position that it can unilaterally refuse to appear for properly noticed depositions and need not seek a protective order, if adopted, would make a mockery of the Federal Rules." (*quoting Pioche Mines*, 333 F.2d at 269).).  Turning to the case at hand, Defendants not only gave Plaintiff numerous reminders of the noticed deposition date, but also gave Plaintiff the opportunity to reschedule.  Defendants' open line of communication was met with silence and, less than 24-hours before the scheduled deposition, a reply that Plaintiff would not sit for the deposition without providing alternative dates.

Plaintiff has repeatedly demonstrated he is unwilling to participate in discovery.  Sanctioning Plaintiff in order to compensate Defendants for the expense of filing this Motion is appropriate.

NAI-1536434765v5

## **CONCLUSION**

In light of the foregoing, Defendants respectfully request that the Court enter an order (1) amending the Scheduling Order to vacate or extend all case management and trial deadlines in this action, including the dispositive motion and discovery deadlines, (2) compelling the deposition of Plaintiff by no later than April 30, 2023, (3) compelling Plaintiff to respond to written discovery propounded by Defendants by no later than April 14, 2023, and (4) directing Plaintiff to pay sanctions to Defendants for his failure to appear at deposition.

Dated:  March 31, 2023                    JONES DAY

                                          By: */s/ Hillary J. Green*
                                             Hillary J. Green

                                          Attorneys for Defendant
                                          EXPERIAN INFORMATION SOLUTIONS, INC. AND CRAIG BOUNDY

NAI-1536434765v5