Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 553-7539

Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendants
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG
BOUNDY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.<br><br>                    Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**DEFENDANTS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER**<br><br>Amended Complaint: July 25, 2023 |

NAI-1536474013v5

**TO ALL PARTIES, PLEASE TAKE NOTICE THAT**, Defendants Experian Information Solutions, Inc. and Craig Boundy ("Defendants") will, and hereby do, file this *ex parte* application for an order amending the Scheduling Order to extend all case management and trial deadlines in this action, including the dispositive motion cutoff, discovery deadlines, pretrial conference and trial date, as follows:

| Matter | Prior/Existing Date | Proposed New Date | Time |
|---|---|---|---|
| **Trial (court) Estimated length: _2_ days** | 5/16/23 | 8/14/23 | 8:30 am |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | X | X | 8:00 am |
| **[Court trial] Hearing on Motions in Limine** | X | X | 8:00 am |
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 5/5/23 | 8/3/23 | 8:00 am |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | 4/20/23 | 7/19/23 | |
| **Last day for hearing motions** | 4/26/23 | 6/25/23 | 1:30 pm |
| **Discovery cut-off** | 3/31/23 | 5/30/23 | |

This Application is made pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Scheduling and Case Management Order governing extensions,

NAI-1536474013v5

continuances, and amendments to scheduling orders.  On February 24, 2023, upon a finding of good cause, the Court granted the Parties' prior Joint Request to Extend Discovery and Motion Deadlines in order to allow the parties to complete discovery, including allowing an additional month for Defendants to take the deposition of Plaintiff.  Prior to and following the extension, Defendants actively sought to depose Plaintiff.   Despite noticing Plaintiff's deposition for March 15, and conducting several good-faith attempts to confer with Plaintiff in order to secure his deposition within the additional time granted by the prior extension, Plaintiff refused to appear, insisting instead that Defendants pay him $250,000 for his attendance at the deposition.  On March 15, 2023, Defendants proceeded with the properly noticed deposition and recorded the non-appearance of Plaintiff.  Since that time, Defendants have continued in good faith to attempt to secure Plaintiff's deposition.  Despite those efforts, Plaintiff continues to refuse to appear.  As a result, Defendants have been denied the opportunity to obtain the discovery needed to support their dispositive motions and to prepare for trial.

This Application is made following a series of good-faith attempts to confer with Plaintiff pursuant to L.R. 7-3 regarding both the need for his deposition and Defendants' intent to seek an additional extension of the existing deadlines if Plaintiff would not appear, beginning on March 17, 2023 and continuing through March 30, 2023, as set forth in the Declaration of Hillary J. Green (hereinafter "Green Decl."). On March 31, 2023, Defendants submitted an *ex parte* application seeking both to amend the Scheduling Order and to compel Plaintiff's deposition.  However, that submission (Dkt. 28) was stricken as procedurally improper because it combined a discovery-related motion to compel with request to amend the Scheduling Order.  On April 4, 2023, counsel for Defendants again conferred with Plaintiff pursuant to L.R. 7-3 and advised Plaintiff of Defendants' intent to submit this renewed *ex parte* application to amend the Scheduling Order.  Plaintiff informed Defendants that he would neither stipulate to the relief sought nor would he join in the motion.  (Green

Decl., ¶ 40.)

The *ex parte* Application is based upon this Notice and Application, the attached Memorandum of Points and Authorities, the Declaration of Hillary J. Green, the exhibits attached thereto, and the pleadings and Court orders on file herein.

Dated:  April 5, 2023                    JONES DAY

                                         By: */s/ Hillary J. Green*
                                              Hillary J. Green

                                         Attorneys for Defendants
                                         EXPERIAN INFORMATION SOLUTIONS, INC. AND CRAIG BOUNDY

NAI-1536474013v5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Throughout this litigation, Defendants Experian Information Solutions, Inc. and Craig Boundy ("Defendants") have attempted in good faith to work with *Pro Se* Plaintiff Samuel Love ("Plaintiff") in conducting discovery and moving the case forward.  Despite those efforts, Plaintiff has repeatedly refused to appear for deposition.  Defendants have therefore been denied the opportunity to obtain the evidence necessary to support their dispositive motions and to prepare for trial.  Plaintiff's refusal to meaningfully participate in discovery—indeed, his extortionate demand that Defendants pay him $250,000 for him to even appear for his deposition ("Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment")—provides good cause required by Rule 16 for extending all pre-trial and trial deadlines in this action.  Although the Court previously granted a continuance of the deadline to complete discovery (Dkt. 26) upon a finding that good cause existed to allow new counsel for Defendants to complete the deposition of Plaintiff, through no fault of Defendants, Plaintiff again thwarted Defendants' ability to complete his deposition within that additional month.

Accordingly, Defendants respectfully request an Order amending the Scheduling Order to extend all case management and trial deadlines in this action, including the dispositive motion cutoff, discovery deadlines, pretrial conference and trial date, as set forth follows:

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (court) Estimated length: _2_ days** | 8:30 am | | | | 8/14/23 |
| **[Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 8:00 am | | | | X |
| **[Court trial] Hearing on Motions in Limine** | 8:00 am | | | | X |

*EX PARTE* MOTION TO AMEND
SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536474013v5

| | | | | | |
|---|---|---|---|---|---|
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 8:00 am | | | | 8/3/23 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 7/19/23 |
| **Last day for hearing motions** | 1:30 pm | | | | 6/25/23 |
| **Discovery cut-off** | | | | | 5/30/23 |

## RELEVANT BACKGROUND

On July 13, 2022, the Court issued a Scheduling and Case Management Order setting certain case management deadlines, including a Pre-Trial Conference for May 5, 2023, and trial for May 16, 2023. (Dkt. 16.)

On February 23, 2023, due in part to a medical leave of absence taken by Defendants' prior lead counsel at a time when additional discovery—including Plaintiff's deposition—was still needed, the parties jointly requested that the original fact discovery and dispositive motion deadlines be extended to March 31 and April 26, 2023, respectively. (Green Decl., ¶¶ 9–12.) That request was granted by the Court on February 14, 2023. (Order Granting Joint Request to Extend Discovery and Motion Deadlines, Dkt. 26.)

As part of the meet and confer that resulted in the February 23, 2023 Joint Request, Defendants informed Plaintiff that they would need to conduct his

*EX PARTE* MOTION TO AMEND
SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

- 6 -

NAI-1536474013v5

deposition and requested a date when he would agree to appear. (Green Decl., ¶ 11.) Defendants' counsel informed Plaintiff that in the event the Parties' request to extend deadlines was granted, the deposition could be postponed so the parties would have time to continue settlement negotiations. (*Id*., ¶ 12.) Plaintiff agreed to be deposed, but requested the deposition be conducted remotely. (*Id*.) Defendants accommodated Plaintiff's request and noticed Plaintiff for a March 1, 2023 remote deposition. (*Id*., ¶ 13 & Ex. A.)

On February 27, 2023, after receipt of the Court's February 24, 2023 order granting the Parties' Joint Request to Extend Discovery and Motion Deadlines, Defendants postponed the original March 1, 2023 remote deposition. (*Id*., ¶¶ 14–15.)

Thereafter, the parties exchanged discovery. (*Id*., ¶ 16.)

On February 28, 2023, Experian served Plaintiff with written discovery, including Requests for Admissions, Requests for Document Production, and Interrogatories. (*Id*., ¶ 18.)

On March 3, 2023, Defendants contacted Plaintiff to reschedule the previously scheduled March 1, 2023 deposition. (*Id*., ¶ 19.) Plaintiff responded that he was unavailable. (*Id*., ¶ 20 & Ex. B.)

Defendants continued their attempts to obtain Plaintiff's deposition availability, but Plaintiff did not respond for another six days. (*Id*., ¶ 21.)

On March 8, 2023, Plaintiff finally responded to Defendants' requests, stating "Mr. Love will be available starting March 13, 2023." (*Id*., ¶ 22.)

On March 8, 2023, Defendants served Plaintiff with a notice of deposition for Wednesday, March 15, 2023. (*Id*., ¶ 23 & Ex. C.)

On Monday, March 13, 2023, having not heard from Plaintiff, Defendants again contacted Plaintiff to remind him of his deposition and asked him to confirm his appearance. (*Id*., ¶ 24.)

Plaintiff did not respond until the next day, Tuesday March 14, 2023. In an

*EX PARTE* MOTION TO AMEND
SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536474013v5

email attachment signed "Lethal Fire," Plaintiff responded to his deposition notice:

> Defendants and their counsel are illegitimate authority who lack the power to depose, question, or speak to Mr. Love, therefore the request for Deposition is DENIED!

(*Id.*, ¶ 25 & Ex. D.)  Defendants immediately responded to Plaintiff's email and offered to reschedule the deposition for either Thursday, March 16th or Friday, March 17th, 2023. (*Id.*, ¶ 26 & Ex. E.)

Plaintiff again responded by referring Defendants to his previous email wherein Plaintiff stated that Defendants are "illegitimate authority who lack the power to depose, question, or speak to Mr. Love."  (*Id.*, ¶ 26 & Ex. F.)

In light of this response, Defendants advised Plaintiff they would proceed with the deposition as noticed on Wednesday, March 15, 2023, and explained that if Plaintiff did not appear, Defendants would take Plaintiff's non-appearance and reserve the right to seek the costs and fees associated with the non-appearance. (*Id.*, ¶ 27.)  Plaintiff responded:

> For the records, the below is proof of Defendants and their counsel's coercion and intimidation tactics against Mr. Love.  Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment.
>
> Mr. Love will not appear--any "costs and fees associated with the non-appearance" are denied.

(*Id.*, ¶ 27 & Ex. G.)

On March 15, 2023 at 9:00 a.m., Defendants proceeded with Plaintiff's properly noticed deposition and recorded the non-appearance.  (*Id.*, ¶ 28.)

On March 17, 2023, Defendants again contacted Plaintiff to inform him of Defendants' intent to file a motion to compel his deposition and attempt to resolve the dispute short of motion practice.  (*Id.*, ¶ 29.)

On Friday, March 24, 2023, having received no response from Plaintiff, Defendants sent two more separate emails, the first of which again attempted to

NAI-1536474013v5

meet and confer with Plaintiff in advance of Defendants filing their Motion. Defendants received no response to that email.  (*Id.*, ¶ 30.)

Defendant's second email on March 24, 2024, reminded Plaintiff of the Parties' obligations to meet in person for trial preparation per L.R. 16-2. (*Id.*, ¶ 31 & Ex. H.)  On Monday, March 27, 2023, Plaintiff responded to Defendants' second March 24th email regarding trial preparation only.  (*Id.*, ¶ 32.)

On March 29, 2023, Defendants responded to Plaintiff's Written Discovery, which included producing over 400 pages of documents to Plaintiff.  (*Id.*, ¶ 33.)

On March 31, 2023, Defendants received Plaintiff's untimely responses to Defendants' written discovery. (*Id.*, ¶¶ 34, 36.)  Overwhelmingly, Plaintiff has objected to responding on the grounds the requests are "oppressive" and "invasive." (*Id.*, ¶ 36.)[1]

On March 30, 2023, Defendants made one final attempt to informally resolve Plaintiff's deposition non-appearance before filing this Motion.  Plaintiff reiterated that he would not be deposed.  (*Id.*, ¶ 35.)

Given Defendants' diligence and multiple good-faith attempts to avoid having to seek this Court's assistance with a further extension, and Plaintiff's refusal to participate in the discovery process, good cause exists for granting the instant *ex parte* Application.

## ARGUMENT

### I.   *EX PARTE* RELIEF IS WARRANTED HERE.

A.   <u>Legal Standard For *Ex Parte* Application.</u>

*Ex parte* applications are justified (1) "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" or (2) "where it is likely that, if given notice, someone would act

---

[1] If Defendants' request to amend the Scheduling Order is granted, Defendants intend to meet and confer with Plaintiff regarding the need for further responses and to move to compel such responses, if need be.

*EX PARTE* MOTION TO AMEND SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536474013v5

improperly to frustrate the party's ability ever to obtain the relief sought." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Further, "the moving party [must show it] is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect . . . It is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 492-93 (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). As covered in the Relevant Background and following sections, Defendants have diligently sought Plaintiff's deposition and responses to written discovery requests only to be met with delay tactics and a refusal to cooperate. The creation of the crisis was outside Defendants' control and could not be prevented by Defendants.

B.    Defendants Demonstrate That *Ex Parte* Relief Is Justified.

Critically, the district court in *Mission Power* provided an informative example that directly addresses the present situation. There, the court stated that "merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify *ex parte* relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id*. Here, Defendants used the discovery period—and the extended month—to attempt to secure Plaintiff's deposition. Defendants' efforts included proposing dates numerous times, noticing a deposition on a date that Plaintiff suggested, reminding Plaintiff multiple times of the noticed deposition, and continuing to try to get Plaintiff to sit for a deposition after his nonappearance (Decl., ¶¶ 12–30.) Defendants' efforts to get Plaintiff to comply with discovery obligations were not limited to Plaintiff's deposition. Plaintiff's responses to Defendants' written discovery were similarly timely requested but not received until after the discovery deadline had passed. (Decl., ¶¶ 34, 36.) As a result,

*EX PARTE* MOTION TO AMEND
SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536474013v5

Defendants are forced to request the Court's intervention in this situation where there is temporal urgency due to upcoming deadlines, and would suffer immediate and irreparable harm by having to prepare for and proceed to trial without key information that should have been provided by Plaintiff during the discovery phase.

## II.    GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER.

A. <u>Legal Standard For The Court To Extend Existing Case Management And Trial Deadlines.</u>

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).[2] "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted). As a result, this Court has recognized that a moving party demonstrating diligence must show: "(1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of 'the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;' and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order." *Escalante v. County of Los Angeles*, CV 19-8695-JFW(JPRx), 2020 WL 13590031 at *2 (citing

_____

[2] Notably, the good cause standard is reflected in the July 13, 2022 Scheduling and Case Management Order. "The Court is very unlikely to grant continuances, even if stipulated to by the parties, unless the parties establish good cause through a concrete showing." *Id*.

*EX PARTE* MOTION TO AMEND
SCHEDULING ORDER
Case No. 2:21-cv-08876-JFW-RAO

NAI-1536474013v5

*Jackson*, 186 F.R.D. at 608).  For the reasons laid out below, the three prongs demonstrating diligence are satisfied here, and, thus, there is a concrete showing of good cause to extend all deadlines in the case in order to provide Defendants with sufficient time to obtain necessary discovery.

B.    Defendants Meet The Good Cause Standard Required For The Court To Extend Existing Case Management And Trial Deadlines.

Before addressing the three prongs laid out by the Court in *Escalante* and other decisions, Defendants must show that the noncompliance was not a result of carelessness.  Here, Defendants have made numerous attempts to secure Plaintiff's deposition and encouraged Plaintiff to participate in the discovery process.  Despite Defendants' repeated attempts, Plaintiff's lack of cooperation and bad faith has precluded Defendants from obtaining testimony and information to which it is entitled.  The fact that the parties previously sought and received an extension should not be held against Defendants.  Instead, it demonstrates that Defendants have been diligently pursuing discovery from Plaintiff for a significant amount of time without success. Indeed, Defendants could not reasonably foresee or anticipate at either the time of the original Rule 16 Scheduling Conference or when requesting the initial extension that, after Plaintiff represented that he would appear for his deposition within the additional month jointly requested in February 2023, that Plaintiff would subsequently refusal to appear for deposition, demand $250,000 payment in order to appear, or contest that Defendants lacked legitimate authority to depose or speak to him. *See Escalante*, 2020 WL 13590031 at *2.

Under the first prong, Defendants must show that they were "diligent in assisting the Court in creating a workable Rule 16 scheduling order." *Id*.  Here, there is no dispute that Defendants participated in preparation and submission of the Rule 26(f) Joint Report (Dkt. 14), which served as the basis for the Court's initial Scheduling Order.  In early 2023, when it became evident that additional time would be needed to complete discovery due to a medical leave taken by

NAI-1536474013v5

Defendants' counsel, Defendants worked with Plaintiff and the Court to secure a limited extension of the discovery deadline and dispositive motion deadline, which was granted for good cause shown.  (Dkt. 25 & 26.)  Defendants then diligently sought Plaintiff's deposition, as set forth above and in the Declaration of Hillary Green.

As for the second prong, Defendants are required to demonstrate that "its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of 'the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference.'"  *Id*.  Here, Defendants could not reasonably foresee Plaintiff's lack of cooperation and bad faith at the time of the Rule 16 scheduling conference, or when requesting the limited extension of the discovery cutoff.  Indeed, at the time of the February 23 Joint Request, Plaintiff had agreed to appear for his deposition.  (Decl., ¶ 12.)  Defendants reasonably expected Plaintiff to respect the discovery process, including the Federal Rules of Civil Procedure and deadlines established by the Court's Scheduling and Case Management Order, and to appear as agreed for his deposition.

The third prong requires that "[the party] was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order."  *Id*.  Defendants have taken every effort to avoid burdening the Court with a motion.  Defendants repeatedly contacted Plaintiff throughout the month of March requesting discovery—and specifically to depose Plaintiff.  Plaintiff delayed his responses to Defendants' correspondence multiple times, and then refused to appear unless Defendants paid him $250,000.  (Decl., ¶ 27.)  Even after taking Plaintiff's non-appearance on March 15, Defendants continued to reach out and diligently pursue Plaintiff's deposition.  (Decl., ¶¶ 29–30.)  However, Defendants are now forced to submit the Application after being left with no other option.

None of the parties will be prejudiced by extending the case deadlines; rather, Defendants—who at all times have diligently sought to complete discovery in compliance with the Court's Scheduling Order—would be severely prejudiced

NAI-1536474013v5

were the deadlines to remain unchanged as they would be unable to complete discovery and obtain evidence to support their defenses.[3]

Defendants have diligently pursued discovery while Plaintiff was unwilling to meaningfully participate in the process. Under the three-prong test and the Court's Scheduling and Case Management Order, Defendants respectfully request that the Court extend all remaining case deadlines as set forth above and in the proposed order, submitted concurrently herewith.

## CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court enter an order amending the Scheduling Order to extend all case management and trial deadlines in this action, including the dispositive motion and discovery deadlines.

Dated:  April 5, 2023                    JONES DAY

By: */s/ Hillary J. Green*
        Hillary J. Green

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC. AND CRAIG BOUNDY

---

[3] Experian has fully engaged in the discovery process having produced over 400 pages of documents in this action.