Kerry C. Fowler (State Bar No. 228982)
*kcfowler@jonesday.com*
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
*hgreen@jonesday.com*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG BOUNDY

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**DECLARATION OF TERESA IWANSKI IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently With Notice, Memorandum, Statement Of Uncontroverted Facts And Conclusions Of Law, Declaration of Hillary J. Green and [Proposed] Order]*<br><br>Date:         June 12, 2023<br>Time:         1:30 p.m.<br>Location:    Judge John Walter<br>Courtroom:  7A<br><br>Complaint filed:  March 23, 2022 |

I, Teresa Iwanski, under penalty of perjury depose and state as follows:

1.    My name is Teresa Iwanski.  I am over the age of eighteen (18), suffer no legal disability, and am otherwise competent to make this declaration.

2.    I am a Senior Litigation Analyst for Experian Information Solutions, Inc. ("Experian"), located in West Richland, Washington.  I have been so employed by Experian from 2003 – 2013 and from 2021 to the present.

3.    My responsibilities include processing, responding to, and examining consumer requests for reinvestigations, as well as litigation research and the evaluation of Experian's policies and procedures.  Based upon my experience at Experian, I am familiar with Experian's policies and procedures for the compilation, retention, reinvestigation, and disclosure of consumer credit information.  I am also familiar with Experian's policies and procedures as a consumer reporting agency ("CRA") operating under the Fair Credit Reporting Act ("FCRA").

4.    My duties at Experian include serving as custodian of records on behalf of Experian with respect to entries that appear on credit reports and credit files, as well as records of customer inquiries.  Based upon my experience with Experian, I am familiar with the manner and procedures by which the records, letters, and memoranda contained in Experian's files are prepared and maintained.  Those records, letters, and memoranda are prepared by agents or employees of Experian in performance of their regular business duties.  Those records, letters and memoranda are made either by persons with knowledge of the matters they record or from information supplied by persons with such knowledge.  It is Experian's regular business practice to maintain such records, letters or memoranda in the course of its business.

5.    I make this Declaration in support of Experian's Motion for Summary Judgment.

6.    Plaintiff is a "consumer" as defined by the federal Fair Credit

DECLARATION OF TERESA IWANSKI
Case No. 2:22-cv-04268-JFW-JPR

Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

7.     A "consumer report" is a disclosure of credit information to a credit grantor, insurer, or employer for the purpose of evaluating a consumer's credit. Experian generates consumer reports based on information that it receives from furnishers. Where a consumer seeks access to his or her credit information directly from a credit reporting agency, by contrast, the resulting document is called a "consumer disclosure" or "credit file disclosure."

8.     Experian is a "consumer reporting agency" as defined by the FCRA. 15 U.S.C. §1681(f). As a consumer reporting agency ("CRA"), Experian acts as a storehouse for credit information that is pertinent to prudent credit granting decisions, by storing, retrieving, and furnishing data as allowed by the FCRA. Creditors or "furnishers" of credit information report credit, loan or other account information to Experian, along with certain consumer identifying information such as full name, addresses, date of birth and social security number. Furnishers of information report credit information to Experian, called "trade lines," which consist of credit account information such as an account number, account status, and balance information. Furnishers also provide information when they conduct an inquiry into a consumer's file.

9.     Experian maintains a consumer credit file regarding Plaintiff which is assembled from information (*e.g.*, accounts, addresses, social security number) provided to Experian by creditors.

10.     Experian has expended significant time and resources in the research and development of reasonable procedures to ensure maximum possible accuracy in all aspects of its consumer credit reporting business. Experian has procedures to ensure that, to the degree possible, data received from its data furnishers (*e.g.*, creditors) is accurate. Prior to accepting data from a prospective data furnisher, Experian requires that the entity undergo a thorough vetting process. Once this vetting process is completed and the furnisher is approved, and all

contracts are executed, Experian begins receiving the furnisher's data.

11. After credit data is received by Experian and before it is added to a consumer's file, the data is subjected to rigorous manual and automated quality control and statutory compliance procedures to ensure that only accurate information is reported.

12. Experian also employs extensive procedures designed to assure the maximum possible accuracy of reported credit information. These procedures include (1) working with credit grantors to ensure that they supply the most complete and accurate data possible; (2) subjecting all incoming data to numerous systems and checks designed to prevent errors; (3) continually reviewing and refining Experian's computer systems in an ongoing effort to assure maximum possible accuracy of information in Experian reports; and (4) working with consumers to proactively prevent errors in consumer credit reports.

13. Experian maintains strict procedures designed to limit the furnishing of its consumer reports only to third-party subscribers who have a permissible purpose under the FCRA for obtaining consumer credit reports. First, Experian notifies potential subscribers that (a) they must have a permissible purpose under the FCRA to obtain a consumer report, and (b) they must certify to Experian the permissible purpose(s) for which the report is being obtained and that the report will not be used for any other purpose.

14. Second, potential subscribers, like furnishers, must undergo a thorough vetting process certifying the company's permissible purpose for using consumer reports. Each potential subscriber must provide a membership application certifying its permissible purpose to use consumer reports for a specific type of business.

15. Third, subscribers are required to sign a written subscriber agreement with Experian wherein the subscriber certifies again that it will only request and use credit information from Experian solely in connection with a

- 4 -

DECLARATION OF TERESA IWANSKI
Case No. 2:22-cv-04268-JFW-JPR

permissible purpose under the FCRA, and that it will comply with all applicable federal, state and local laws.

16.     Once approved, Experian provides each subscriber instructions on how to order consumer reports, and a confidential account number and password for secure access to Experian's system.  Each time a subscriber accesses the system to request a consumer report from Experian, the subscriber must indicate to Experian its reason for obtaining the consumer report.

17.     Experian has developed reinvestigation procedures not just to satisfy the requirements under the FCRA, but also to provide consumers with easy access to user friendly tools for all of their credit reporting needs.  Consumers who notify Experian that they question the accuracy of or challenge any item of information on an Experian credit report initiate the dispute process.

18.     Generally, after receiving a consumer's dispute, Experian promptly communicates with the furnisher(s) of the disputed information to request that the furnisher(s) perform an investigation.  The most common method used by Experian and other CRAs to communicate a consumer dispute to the furnisher is through an Automated Consumer Dispute Verification form ("ACDV"), which identifies the disputed information and the nature of a consumer's dispute.  If the consumer has provided any specific details of the dispute or any supporting documents, Experian sends that information or documentation to the furnisher with the ACDV.  The furnisher cannot process the ACDV without accessing the attached documentation.

19.     The ACDV triggers the furnisher's duty to conduct an investigation into the consumer's dispute.  Because the furnisher has a direct relationship with the consumer, the furnisher is in the best position to have the most reliable documentation and information about its relationship with the consumer, including the consumer's identifying information (*e.g.*, full name, address, social security number, date of birth), application for credit, and the current account payment history.  Experian does not have access to this level of information.

- 5 -

DECLARATION OF TERESA IWANSKI
Case No. 2:22-cv-04268-JFW-JPR

20.     Furnishers are required to review the ACDV and either verify or update the disputed reporting. When the furnisher responds to the ACDV, they specifically certify to Experian that they have verified the accuracy of the information contained in the response.  In order to respond to the ACDV, the furnisher must open and view any documents attached.

21.     When the furnisher completes its investigation, it typically returns the ACDV with the furnisher's findings and response. Upon receipt of the furnisher's response to the ACDV, Experian reviews the response in accordance with its policies and procedures.

22.     If the furnisher determines that disputed information is inaccurate, Experian deletes or updates that information as specified by the furnisher.  If the furnisher determines the disputed information is accurate, Experian verifies the information and generates an updated consumer disclosure confirming the reinvestigation results and provides it to the consumer.

23.     Once the reinvestigation process is complete, Experian sends the consumer dispute results summarizing the results of the reinvestigations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 15, 2023, in West Richland, Washington.

_____

Teresa Iwanski

DECLARATION OF TERESA IWANSKI
Case No. 2:22-cv-04268-JFW-JPR

**CERTIFICATE OF SERVICE**

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On May 16, 2023, I served a copy of DECLARATION OF TERESA IWANSKI IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

DECLARATION OF TERESA IWANSKI
Case No. 2:22-cv-04268-JFW-JPR

- 11 -