Kerry C. Fowler (State Bar No. 228982)
*kcfowler@jonesday.com*
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 553-7539

Hillary J. Green (State Bar No. 243221)
*hgreen@jonesday.com*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG BOUNDY

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>***[Filed Concurrently With Notice of Motion, Memorandum, Declaration of Hillary J. Green, Declaration Of Teresa Iwanski, and [Proposed] Order]***<br><br>Date:        June 12, 2023<br>Time:        1:30 p.m.<br>Location:   Judge John Walter<br>Courtroom: 7A<br><br>Complaint filed: March 23, 2022 |

Pursuant to Local Rule 56-1 Defendant Experian Information Solutions, Inc. ("Experian") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment.

### STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| **A.   THE FAIR CREDIT REPORTING ACT AND EXPERIAN'S ROLE AS A CONSUMER REPORTING AGENCY** | |
| 1.  Plaintiff is a "consumer" as defined by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). | Declaration of Teresa Iwanski in support of Experian's Motion for Summary Judgment ("Iwanski Decl.") ¶ 6; 15 U.S.C. §1681a |

| 2. | Experian is a "consumer reporting agency" as defined by the FCRA. | Iwanski Decl. ¶ 8; 15 U.S.C. §1681(f) |
|---|---|---|
| 3. | Experian essentially acts as a storehouse of credit information that is pertinent to prudent credit granting decisions, by storing, retrieving, and furnishing data as allowed by the FCRA. Furnishers of information report credit information to Experian, called "trade lines," which consist of credit account information such as an account number, account status, and balance information. Furnishers also provide information when they conduct an inquiry into a consumer's file. | Iwanski Decl., ¶8. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 4. | A "consumer report" is a disclosure of credit information to a credit grantor, insurer, or employer for the purpose of evaluating a consumer's credit. Experian generates consumer reports based on information that it receives from furnishers. Where a consumer seeks access to his or her credit information directly from a credit reporting agency, by contrast, the resulting document is called a "consumer disclosure" or "credit file disclosure." | Iwanski Decl., ¶ 7. |
|---|---|---|
| 5. | Experian maintains a consumer credit file regarding Plaintiff which is assembled from information (e.g., accounts, addresses, social security number) provided to Experian by creditors. | Iwanski Decl., ¶ 9. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| | | |
|---|---|---|
| 6. | Experian has expended significant time and resources in the research and development of reasonable procedures to ensure maximum possible accuracy in all aspects of its consumer credit reporting business.  Experian has procedures to ensure that, to the degree possible, data received from its data furnishers (e.g., creditors) is accurate. Prior to accepting data from a prospective data furnisher, Experian requires that the entity undergo a thorough vetting process.  Once this vetting process is completed and the furnisher is approved, and all contracts are executed, Experian begins receiving the furnisher's data. | Iwanski Decl., ¶ 10. |
| 7. | After credit data is received by Experian and before it is added to a consumer's file, the data is subjected to rigorous manual and automated quality control and statutory compliance procedures to ensure that only accurate information is reported. | Iwanski Decl., ¶ 11. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 8. | Experian also employs extensive procedures designed to assure the maximum possible accuracy of reported credit information. These procedures include (1) working with credit grantors to ensure that they supply the most complete and accurate data possible; (2) subjecting all incoming data to numerous systems and checks designed to prevent errors; (3) continually reviewing and refining Experian's computer systems in an ongoing effort to assure maximum possible accuracy of information in Experian reports; and (4) working with consumers to proactively prevent errors in consumer credit reports. | Iwanski Decl., ¶ 12. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 9. | Experian maintains strict procedures designed to limit the furnishing of its consumer reports only to third-party subscribers who have a permissible purpose under the FCRA for obtaining consumer credit reports. First, Experian notifies potential subscribers that (a) they must have a permissible purpose under the FCRA to obtain a consumer report, and (b) they must certify to Experian the permissible purpose(s) for which the report is being obtained and that the report will not be used for any other purpose. | Iwanski Decl., ¶ 13. |
|---|---|---|
| 10. | Second, potential subscribers, like furnishers, must undergo a thorough vetting process certifying the company's permissible purpose for using consumer reports. Each potential subscriber must provide a membership application certifying its permissible purpose to use consumer reports for a specific type of business. | Iwanski Decl., ¶ 14. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 11. | Third, subscribers are required to sign a written subscriber agreement with Experian wherein the subscriber certifies again that it will only request and use credit information from Experian solely in connection with a permissible purpose under the FCRA, and that it will comply with all applicable federal, state and local laws. | Iwanski Decl., ¶ 15. |
|---|---|---|
| 12. | Once approved, Experian provides each subscriber instructions on how to order consumer reports, and a confidential account number and password for secure access to Experian's system. Each time a subscriber accesses the system to request a consumer report from Experian, the subscriber must indicate to Experian its reason for obtaining the consumer report. | Iwanski Decl., ¶ 16. |

**C.   EXPERIAN'S REINVESTIGATION PROCEDURES**

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 13. | Experian has developed reinvestigation procedures not just to satisfy the requirements under the FCRA, but also to provide consumers with easy access to user friendly tools for all of their credit reporting needs. Consumers who notify Experian that they question the accuracy of or challenge any item of information on an Experian credit report initiate the dispute process. | Iwanski Decl., ¶ 17. |
| --- | --- | --- |
| 14. | When a consumer contacts Experian to dispute something in the consumer's credit report, Experian will conduct a reinvestigation. In many disputes, the nature of the dispute is such that Experian must contact the furnisher and ask them to verify the accuracy of the disputed information. | Iwanski Decl., ¶ 18. |
| 15. | Experian contacts furnishers by sending an Automated Consumer Dispute Verification form ("ACDV") form to the furnisher, through an online platform called e-Oscar. | Iwanski Decl., ¶ 18. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 16. | If the consumer has provided relevant information in the form of documents, those documents are attached to the ACDV and forwarded to the furnisher. The furnisher cannot process the ACDV without accessing the attached documentation. | Iwanski Decl., ¶ 18. |
|---|---|---|
| 17. | The ACDV triggers the furnisher's duty to conduct an investigation into the consumer's dispute. Because the furnisher has a direct relationship with the consumer, the furnisher is in the best position to have the most reliable documentation and information about its relationship with the consumer, including the consumer's identifying information (e.g., full name, address, social security number, date of birth), application for credit, and the current account payment history. Experian does not have access to this level of information. | Iwanski Decl., ¶ 19. |

- 10 -

| 18. | Furnishers are required to review the ACDV and either verify or update the disputed reporting. When the furnisher responds to the ACDV, they specifically certify to Experian that they have verified the accuracy of the information contained in the response. In order to respond to the ACDV, the furnisher must open and view any documents attached. | Iwanski Decl., ¶ 20. |
|---|---|---|
| 19. | Upon receipt of the furnisher's response to the ACDV, Experian reviews the response in accordance with its policies and procedures. | Iwanski Decl., ¶ 21. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| | |
|---|---|
| 20. If the furnisher determines that disputed information is inaccurate, Experian deletes or updates that information as specified by the furnisher. If the furnisher determines the disputed information is accurate, Experian verifies the information by looking for discrepancies in the information returned by the furnisher. For example, where a consumer has disputed ownership of an account (e.g., "not mine") and has not specified an exact inaccuracy, Experian will check if the information returned from the furnisher matches to existing information on the consumer's file. If the information matches, then Experian will accept the furnisher's response. If the information does not match, then Experian will delete the account whether or not the furnisher has requested deletion. Experian then generates an updated consumer disclosure confirming the reinvestigation results and provides it to the consumer. | Iwanski Decl., ¶ 22. |

| 21. | Once the reinvestigation process is complete, Experian sends the consumer dispute results summarizing the results of the reinvestigations. | Iwanski Decl., ¶ 23. |
|---|---|---|
| **A.** | **PROCEDURAL HISTORY** | |
| 22. | On March 23, 2022, Plaintiff filed his Complaint in Los Angeles Superior Court. | Green Decl. 2:9–14, ¶ 2; [(Dkt. 1, Ex. A., p.7.) hereinafter, "Plaintiff's Complaint" or "Compl."] |
| 23. | The entirety of Plaintiff's cause of action states: The Holy presence of the Lord Jesus Christ is here. Plaintiff Samuel Love brings this action against Defendants Craig Boundy and Experian for defamation of character for being guilty of turning millions of dollars away from him and his business. Craig Boundy and Experian are knowingly and willingly entering false records and information publicly to harm and injure Plaintiff. The lifetime financial value of the loss incurred by Plaintiff because of the false and injurious statements published by Craig Boundy and Experian to the Small Business Administration is $5,250,000." | Green Decl. 2:15–23, ¶ 3; Plaintiff's Complaint, Dkt. 1. |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 24. | Plaintiff's only cause of action is a single claim for defamation. | Green Decl. 2:9–14, ¶ 2; Dkt. 1 |
|---|---|---|
| 25. | Plaintiff's Complaint does not identify the alleged false statement. | Green Decl. 2:9–14, ¶ 2; Dkt. 1 |
| 26. | On May 9, 2022, Defendants answered Plaintiff's Complaint. | Green Decl. 2:24, ¶ 4; [see (Dkt. 1, Ex. A, p. 17 hereinafter, "Defendants' Answer"] |
| 27. | On June 9, 2022, Plaintiff filed an additional pleading, self-styled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and Documentary Evidence." In that document, Plaintiff provided additional allegations regarding the nature of his defamation claim—and specifically alleged that his claim arose under the FCRA and sought lost business damages. | Green Decl. 2:25–3:1, ¶ 5; [see (Dkt. 1, Ex. A, p. 32.) hereinafter, "Plaintiff's Reply"] |
| 28. | On June 22, 2022, in reliance on the additional information learned regarding the nature of Plaintiff's claim from Plaintiff's Reply, Defendants removed this action to federal court. | Green Decl. 3:2–4, ¶ 6; Plaintiff's Complaint, Dkt. 1 |
| 29. | On May 31, 2022, Plaintiff's right to amend his pleading without written consent or leave of court expired. | Fed. R. Civ. P. 15(a)(1)(B) & (a)(2); Green Decl. 3:5–6, ¶ 7 |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 30. | On July 25, 2022, without consent or leave of Court, Plaintiff filed an inoperative "Amended Complaint," that still failed to allege any defamatory affirmative statements by Experian that would support Plaintiff's claim. | Green Decl. 3:7–9, ¶ 8; [see (Dkt. 1, Ex. A, p. 32.) hereinafter, "Amended Complaint"] |
|-----|-----|-----|
| 31. | On February 24, 2023, this Court granted the Parties' Joint Request to Extend Discovery and Motion Deadlines | Green Decl. 4:16–20, ¶ 21; Dkt. 26 |
| **B** | **PLAINTIFF'S FAILURE TO PARTICIPATE IN DISCOVERY** | |
| 32. | Both prior to the original discovery cut off and even after this Court agreed to extend discovery and motion deadlines, and despite numerous attempts to accommodate Plaintiff's schedule and coordinate his availability, Plaintiff has refused to be deposed. | Green Decl. 5:25–6:5, 9:13–28, ¶ 32, Exhibit C;  ¶¶ 52–53, Exhibit G |
| 33. | On March 8, 2023, Plaintiff was served with a Notice of Deposition for Wednesday, March 15, 2023. | Green Decl. 5:18–21, ¶ 30; Exhibit B |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 34. | Plaintiff did not respond to the Notice of Deposition until seven days later on March 14, 2023, and only after Defendants' counsel reminded him and requested he confirm his appearance. In an email attachment, signed "Lethal Fire," Plaintiff responded to his deposition notice: Defendants and their counsel are illegitimate authority who lack the power to depose, question, or speak to Mr. Love, therefore the request for Deposition is DENIED! | Green Decl. 5:25–6:5, ¶ 32; Exhibit C |
|---|---|---|
| 35. | Defendants immediately offered to reschedule Plaintiff's deposition. Plaintiff reiterated that Defendants are "illegitimate authority who lack the power to depose, question, or speak to Mr. Love" and that "Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment. | Green Decl. 6:6–14; ¶ 33 |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 36. | On March 15, 2023, Experian proceeded with Plaintiff's properly noticed deposition and recorded Plaintiff's non-appearance. Subsequently, several more emails were exchanged between the Parties wherein Plaintiff refused to make himself available for deposition. | Green Decl. 6:15–7:6; ¶¶ 34–35 |
|---|---|---|
| 37. | On April 6, 2023, this Court granted Experian's Ex Parte Application to Amend Scheduling Order and Amended Scheduling Order | Green Decl. 8:21–22, ¶ 48; Dkt. 35. |
| 38. | On April 24, 2023, Experian served Plaintiff with a Second Notice of Deposition for May 10, 2023. Plaintiff again refused to be deposed | Green Decl. 8:23–25, ¶ 49; Exhibit F |

| 39. | Counsel for Experian urged Plaintiff to reconsider his position regarding the deposition. Counsel explained to Plaintiff that per FRCP, Rule 30(a)(1), Experian is entitled to take Plaintiff's deposition and obtain information necessary for its defense. Counsel also notified Plaintiff that if he continued to refuse to sit for deposition, Experian would move to strike any declaration and/or testimony offered in response to Experian's motion for summary judgment and, if necessary, at trial. | Green Decl. 9:2–12; ¶ 51; Exhibit G |
|---|---|---|
| 40. | In the April 24, 2023 email wherein Experian's Counsel urged Plaintiff to reconsider his position regarding deposition, Plaintiff responded that "Experian and its Counsel will never again obtain information from Mr. Love without severe repercussions and/or financial compensation" and "whosoever makes such attempts shall be immediately destroyed by the Destroyer of the LORD. IT IS SO ORDERED." (emphasis in original). | Green Decl. 9:13–26; ¶ 52, Exhibit G |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 41. | As a result of Plaintiff's refusal to sit for his deposition, which would have sought information directly relevant to Plaintiff's allegations, Experian has been prevented from knowing exactly what facts support Plaintiff's claim. | Green Decl. 10:1–2, ¶ 54 |
|---|---|---|
| 42. | On March 31, 2023, Plaintiff served untimely objections to Experian's previously served Interrogatories, Requests for Admissions ("RFAs"), and Requests for Production of Documents ("RFPs".) | Green Decl. 7:26–28, ¶ 43 |
| 43. | Two unauthenticated documents purporting to be "therapy" receipts for $750 were attached to Plaintiff' Responses to Interrogatories. | Green Decl. 9:26–28, ¶ 55, Exhibit E, p. 20 |
| 44. | Almost all of Plaintiff's responses objected that the discovery was "oppressive" and "invasive" and failed to provide an actual response. | Green Decl. 7:26–28, 10:1–2, ¶ 43, 56 |
| 45. | Plaintiff waived any objections to the Interrogatories by not raising them in his responses. | Green Decl. 10:3–4, ¶ 57, Fed. R. Civ. P. 33(b)(4) |
| 46. | Plaintiff's responses to Experian's RFAs were untimely. | Green Decl. 10:5, ¶ 58 |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 47. | Failure to timely respond to RFAs results in automatic admission of the matters requested and no motion to compel is necessary. | Green Decl. 10:6–7, ¶ 59; Fed. R. Civ. P. 36(a)(3)) |
|---|---|---|
| 48. | Plaintiff's failure to respond by the due date were excused, Plaintiff denied every single RFA except for two, where he admitted his belief that "Experian's records have made [him] a modern-day slave," and that "all debts are alleged, therefore they cannot be lawfully added by Defendants to consumer reports, files or any other report." | Green Decl. 10:8–12, ¶ 60 |
| 49. | Plaintiff also refused to provide any documents in response to RFPs. | Green Decl. 10:13, ¶ 61 |
| 50. | In his preamble to the Responses to RFPs, and presumably to avoid properly responding, Plaintiff states that Defendants "are guilty of Information Control" and "their business practices are Unconstitutional." | Green Decl. 10:14–17, ¶ 62 |
| 51. | Plaintiff objected to all RFPs as being "oppressive and invasive." | Green Decl. 10:18–19, ¶ 63 |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 52. | Plaintiff thus not only failed to comply with his discovery obligations under the FRCP, but also failed to produce any competent evidence that would allow him to prove his claim against Experian. | Green Decl. 10:19–21, ¶ 64 |
|---|---|---|
| 53. | As a result of Plaintiff's blanket objections to all discovery, Experian has been unable to obtain information needed to defend itself in this case. | Green Decl., ¶ 65 |

| **E.** | **PLAINTIFF'S DEFAMATION CLAIM** | |
|---|---|---|
| 54. | In a subsequent attempt to explain the nature of his claim, Plaintiff filed his self-styled document titled "Reply to Defendants' Fraudulent Answer and Request for Proof and Documentary Evidence" in which he alleges "Defendants entered false and injurious records in their systems, without Mr. Love's written consent, permission or authorization, that they then published publicly to the Small Business Administration (SBA), resulting in severe harm and injuries to Mr. Love because he was denied for a loan he urgently needed for this business operations." | Green Decl., ¶ 66 |

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

| 55. | Plaintiff applied for, and was denied, a Small Business Loan. | Green Decl., ¶ 67; Plaintiff's Reply, Dkt.1. |
|---|---|---|
| 56. | In other words, Plainitff's Complaint appears to allege Experian published a consumer report about which Plaintiff now complains was "false and injurious" because he was denied a business loan.  Plaintiff's Reply again does not identify the "false and injurious" statement, or otherwise explain why it was false. | Green Decl., ¶ 68; Plaintiff's Reply, Dkt.1. |
| 57. | Plaintiff appears to make clear his only objection in this lawsuit is that he does not believe Experian had "power, authority or lawful permission to report, furnish or publish any information about Mr. Love." | Green Decl, ¶ 68; Plaintiff's Reply, Dkt. 1. |

## CONCLUSIONS OF LAW

1.     A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  A "material" fact is one that may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine" issue exists where there is sufficient evidence that a reasonable jury could return a verdict for either party. *See id*.  Mere arguments or allegations are insufficient to defeat a properly supported motion for summary judgment; the nonmovant must present more than a scintilla of evidence and must advance specific

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

facts to create a genuine issue of material fact for trial. *Id*. at 248-51; Fed. R. Civ. P. 56(e).

2.     Even if Plaintiff could establish that Experian's investigation was not reasonable – which he cannot - Plaintiff has admitted that he suffered no damages. Therefore he cannot establish that he suffered any actual damages, much less actual damages caused by Experian, as required for negligence, and cannot show that Experian's conduct was willful, his claims cannot survive summary judgment under either theory of liability.  See *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Banga v. Experian Info. Sols., Inc.*, No. 09-cv-04867, 2013 WL 5539690, at *6 (N.D. Cal. Sept. 30, 2013); *Abernathy v. Cont'l Serv. Grp., Inc.*, No. 2:17-cv-00636-APG-NJK, 2018 WL 3370524, at *4 (D. Nev. July 9, 2018).

3.     Plaintiff likewise cannot establish that Experian "willfully" violated the FCRA.  A CRA violates the FCRA willfully only where its acts are established as unlawful by either "pellucid" statutory text or "guidance from the courts of appeal or the [FTC] . . . that might have warned it away from the view it took." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

4.     Experian followed reasonable procedures courts routinely hold to be reasonable.  Plaintiff cannot demonstrate that Experian "ran a risk of violating the law substantially greater than the risk associated with a reading [of the Act] that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)

Dated:  May 16, 2023          Respectfully submitted,

JONES DAY
By: */s/ Hillary J. Green*
    Hillary J. Green

Counsel for Defendants
EXPERIAN INFORMATION SOLUTIONS,
INC. AND CRAIG BOUNDY

## CERTIFICATE OF SERVICE

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408.  On May 16, 2023, I served a copy of STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT  by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

EXPERIAN'S STATEMENT OF
UNCONTROVERTED FACTS ISO MSJ
Case No. 2:22-cv-04268-JFW-JPR

- 24 -