Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG BOUNDY

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**DECLARATION OF HILLARY J. GREEN IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently With Notice of Motion, Memorandum, Statement Of Uncontroverted Facts And Conclusions Of Law, Declaration Of Teresa Iwanski And [Proposed] Order]*<br><br>Date:        June 12, 2023<br>Time:        1:30 p.m.<br>Location:    Judge John Walter<br>Courtroom:   7A<br><br>Complaint filed:  March 23, 2022 |

I, Hillary J. Green, state and declare as follows:

1.     I am an attorney at Jones Day and am counsel for Defendants Experian Information Solutions, Inc. ("Experian") and Craig Boundy in the above-captioned action.  I make this declaration in support of Experian's Motion for Summary Judgment.  The facts stated herein are based upon my personal knowledge or upon review of the records and files maintained by Jones Day in the regular course of its representation of Defendants.  If called and sworn as a witness, I could and would testify competently thereto.

2.     On March 23, 2022, Plaintiff filed his one-paragraph Complaint against Defendants Experian and Mr. Craig Boundy, Chief Operating Officer for Experian's parent company, Experian PLC, in the Superior Court of the State of California for the County of Los Angeles. Plaintiff's only cause of action is a single claim for defamation. Plaintiff's Complaint does not identify the alleged false statement." [*see* (Dkt. 1, Ex. A., p.7.) hereinafter, "Plaintiff's Complaint" or "Compl."].

3.     The entirety of Plaintiff's cause of action states: "The Holy presence of the Lord Jesus Christ is here. Plaintiff Samuel Love brings this action against Defendants Craig Boundy and Experian for defamation of character for being guilty of turning millions of dollars away from him and his business. Craig Boundy and Experian are knowingly and willingly entering false records and information publicly to harm and injure Plaintiff.  The lifetime financial value of the loss incurred by Plaintiff because of the false and injurious statements published by Craig Boundy and Experian to the Small Business Administration is $5,250,000." *See* Plaintiff's Complaint, Dkt. 1.

4.     On  May 9, 2022, Defendants answered Plaintiff's Complaint.   [see (Dkt. 1, Ex. A, p. 17 hereinafter, "Defendants' Answer"]

5.     On June 9, 2022, Plaintiff filed an additional pleading, self-styled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

Documentary Evidence."  In that document, Plaintiff provided additional allegations regarding the nature of his defamation claim—and specifically alleged that his claim arose under the FCRA and sought lost business damages. [see (Dkt. 1, Ex. A, p.32.) hereinafter, "Plaintiff's Reply"]

6.    On June 22, 2022, in reliance on the additional information learned regarding the nature of Plaintiff's claim from Plaintiff's Reply, Defendants removed this action to federal court.

7.    On May 31, 2022, Plaintiff's right to amend his pleading without written consent or leave of court expired.

8.    On July 25, 2022, without consent or leave of Court, Plaintiff filed an inoperative "Amended Complaint," that still failed to allege any defamatory affirmative statements by Experian that would support Plaintiff's claim.

9.    Defendants prepared and submitted a Rule 26(f) Joint Report on July 11, 2022 (*see* Dkt. 14.)

10.    The Court issued the Scheduling and Case Management Order on July 13, 2022, which set pretrial and trial deadlines.

11.    The fact discovery deadline in the above-captioned matter was set for, and is still currently, March 31, 2023. [*see* Dkt. 26., "Order Granting Joint Request to Extend Discovery and Motion Deadlines"]

12.    The dispositive motion deadline in the above-captioned matter is currently set for April 26, 2023. (Dkt. 26.).

13.    The last day to submit the Pre-Trial Conference Order is April 20, 2023.  [*see* Dkt. 16., "Pre-Trial Conference Order"].

14.    The Pre-Trial Conference is currently set for May 5, 2023. (Dkt. 16).

15.    Trial is set for May 16, 2023. (Dkt. 16.)

16.    Defendants' prior lead counsel had to take a medical leave during the first week of February 2023.  At that point, the Parties still had to propound and receive discovery.

- 3 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

17.    On February 23, 2023, I spoke to Plaintiff by telephone to discuss the Parties' jointly requesting an extension of the then-current discovery and motion deadlines. During this telephone conversation I explained to Plaintiff that without an order extending the then-current deadlines, the Parties were obligated to comply with the deadlines set in this Court's July 13, 2022 Scheduling and Case Management Order. (Dkt. 16.)

18.    I further explained to Plaintiff that without an extension, and with trial preparation imminent, Experian needed to notice Plaintiff's deposition right away to comply with the then-current deadlines.  I requested Plaintiff's availability for an in-person deposition, to take place in at Experian's counsel's office in Irvine, California.

19.    I offered Plaintiff that in the event the Parties' request to extend deadlines was granted, I would cancel the deposition so the Parties would have time to continue settlement negotiations. Plaintiff agreed to be deposed, but requested the deposition be conducted remotely.

20.    On February 23, 2023, and shortly after the phone call with Plaintiff ended, Experian accommodated Plaintiff's request and noticed Plaintiff for a March 1, 2023 remote deposition.

21.    On Friday evening, February 24, 2023 the Parties received notice their Joint Request to Extend Discovery and Motion Deadlines was granted for good cause shown. (Dkt. 26)  The new, and current, discovery deadline was set for March 31, 2023 and the new, and current, dispositive motion deadline was set for April 26, 2023.

22.    On Monday morning, February 27, 2023, and per the previous agreement I made with Plaintiff, I emailed him and cancelled the original March 1, 2023 remote deposition.

23.    Thereafter, the Parties exchanged discovery.

24.    On February 27, 2023 Plaintiff served a Request for Production of

- 4 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

Documents to Experian, a Request for Interrogatories to Defendant Craig Boundy, and a Request for Admissions (collectively "Plaintiff's Written Discovery") to Mike Rogers – who is not a party to this case.

25. On February 28, 2023, Experian served Plaintiff with Written Discovery. Experian served a Request for Production of Documents to Plaintiff, Request for Interrogatories, and Request for Admissions (collectively "Experian's Written Discovery"). Attached hereto as Exhibit "A" is a true and correct copy of Experian's written discovery to Plaintiff dated February 28, 2023.

26. On March 3, 2023, after speaking with Plaintiff by telephone to meet and confer about Experian's intent to file a motion for judgment on the pleadings, I emailed Plaintiff to reschedule the previously scheduled March 1, 2023 deposition.

27. In my March 3, 2023 email, I asked for Plaintiff's deposition availability for either Wednesday, March 8th; Thursday, March 9th; or Friday, March 10th, 2023. Plaintiff responded that he was "unavailable for Deposition next week."

28. That same day, I again emailed Plaintiff and asked that if he was not available for a deposition the following week, that he please provide alternative dates for his deposition. Plaintiff did not respond to my request for his deposition availability for another six (6) days.

29. On March 8, 2023, six (6) days after requesting his deposition availability, Plaintiff finally responded to my March 3rd email and stated "Mr. Love will be available starting March 13, 2023."

30. On March 8, 2023, and since Plaintiff stated he was available for a deposition starting on March 13, 2023, I served Plaintiff with a notice of deposition for Wednesday, March 15, 2023. Attached hereto as Exhibit "B" is a true and correct copy of Experian's First Notice of Deposition.

31. By Monday, March 13, 2023, and because Plaintiff did not respond or otherwise communicate with me about the noticed deposition, I emailed Plaintiff

- 5 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

again to remind him of his deposition and asked him to confirm his appearance.

32.    Plaintiff did not respond until the next day, Tuesday March 14, 2023. In an email attachment, signed "Lethal Fire," Plaintiff responded to his deposition notice:

> Defendants and their counsel are illegitimate authority who lack the power to depose, question, or speak to Mr. Love, therefore the request for Deposition is DENIED!

A copy of "Plaintiff's Response to Respondents Notice of Deposition" is attached hereto as Exhibit "C".

33.    Since Plaintiff's response did not include any lawfully legitimate reasons for refusing to appear for his deposition – a deposition set in response to dates on which Plaintiff previously told me he was available, I immediately responded to Plaintiff's email and offered to reschedule the deposition for either Thursday, March 16th or Friday, March 17th, 2023. Plaintiff responded by referring me to his previous email wherein Plaintiff stated that Defendants are "illegitimate authority who lack the power to depose, question, or speak to Mr. Love."

34.    Shortly thereafter I again emailed Plaintiff and told him that Experian would proceed to take his deposition the following day, Wednesday, March 15, 2023. I explained to Plaintiff that if he did not appear, Experian would notice his non-appearance and reserved its right to seek its costs and fees associated with the non-appearance.

Plaintiff responded:

> For the records, the below is proof of Defendants and their counsel's coercion and intimidation tactics against Mr. Love.
> Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment.
> Mr. Love will not appear--any "costs and fees associated with the non-appearance" are denied.

35.    On March 15, 2023 at 9:00 a.m., Defendant Experian proceeded with

- 6 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

Plaintiff's properly noticed deposition. At 9:30 a.m., I went on record to state Plaintiff's non-appearance.

36.     On March 17, 2023, I emailed Plaintiff to inform him of Experian's intent to move to compel his deposition for non-appearance. In this email, I expressed Experian's desire to resolve Plaintiff's non-appearance informally before proceeding with the motion, and again asked Plaintiff to provide any dates on which he would be willing to make himself available.

37.     On Friday, March 24, 2023, having received no response to my March 17th email, I sent Plaintiff two more separate emails. My first email again attempted to meet and confer with Plaintiff in advance of Experian filing its motion to compel his deposition. I received no response to my March 24th email to Plaintiff regarding his non-appearance.

38.     The second email I sent on March 24, 2024 reminded Plaintiff of our obligations to meet in person for trial preparation per L.R. 16-2. Attached hereto as Exhibit "D" is a true and correct copy of this email exchange.

39.     On Monday, March 27, 2023, Plaintiff responded to my second March 24th email regarding trial preparation only.

40.     On March 29, 2023, Experian and Craig Boundy responded to Plaintiff's Written Discovery, including by producing over 400 pages of documents to Plaintiff.

41.     Plaintiff's Written Discovery responses were due March 30, 2023. Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's responses to Defendants' written discovery dated March 30, 2023.

42.     On March 30, 2023, I telephoned Plaintiff to again attempt to informally resolve Plaintiff's non-appearance before filing Defendants' motion to compel and amend deadlines and to again explore settlement. Plaintiff reiterated that he would not be deposed.

43.      On March 31, 2023, after Plaintiff's deadline to respond to written

discovery had passed, Defendants received Plaintiff's late discovery responses. Plaintiff objected to responding on the grounds the requests are "oppressive" and "invasive."

44.    On March 31, 2023, I telephoned Plaintiff to give notice of Defendants' intent to apply *ex parte* for its motion to amend scheduling order, compel deposition of Plaintiff and responses to written discovery, and for sanctions. I explained to Plaintiff the *ex parte* process and asked whether he would agree to stipulate to Defendants' *ex parte* application. Despite the fact that Defendants' need to seek *ex parte* relief from this Court is due, in part, on Plaintiff's refusal to appear for his deposition, Plaintiff declined to stipulate to Defendants' *ex parte* application.

45.    Defendants filed a motion to amend scheduling order, compel deposition of Plaintiff and responses to written discovery, and for sanctions as well as an ex parte application on March 31, 2022.

46.    On April 4, 2023, Defendants were made aware that the motion filed on March 31, 2022 was stricken.

47.    On April 4, 2023, Defendants again contacted Plaintiff to give notice of Defendants' intent to apply ex parte for its Motion To Amend The Scheduling Order. Defendants asked whether he would agree to stipulate to the ex parte application. Again, Plaintiff declined to stipulate to Defendants' ex parte application.

48.    On April 6, 2023, the Court granted Defendants' Ex Parte Application to Amend Scheduling Order.  [*see* (Dkt. 35), "Amended Scheduling Order"].

49.    On April 24, 2023, Plaintiff was served with a second notice of deposition, set for Wednesday, May 10, 2023. Attached hereto as Exhibit "F" is a true and correct copy of Experian's Second Notice of Deposition.

50.    On April 24, 2023, Plaintiff responded via email that he would not be deposed: "Defendants' Notice of Deposition is duly DENIED." A redacted copy of

- 8 -

Plaintiff's April 24, 2023 email denying to appear for his deposition is attached hereto as Exhibit "G".

51.    Experian's counsel, my colleague Kerry Fowler, responded to Plaintiff's April 24, 2023 email chain, of which I had been included and cc'd, and urged him to reconsider his position regarding the deposition. Ms. Fowler explained to Plaintiff that per FRCP, Rule 30(a)(1) Experian is entitled to take Plaintiff's deposition and obtain information necessary for its defense. Ms. Fowler also specifically notified Plaintiff that Experian would move to strike any declaration and/or testimony Plaintiff might offer in response to Experian's motion for summary judgment and, if necessary, at the trial. The settlement portions of this email chain have been redacted per FRE 408. *See* Exhibit "G"

52.    Plaintiff again responded to counsel for Experian by reiterating Experian would never obtain information from Mr. Love: "Experian and its Counsel will never again obtain information from Mr. Love without severe repercussions and/or financial compensation; whosoever makes such attempts shall be immediately destroyed by the Destroyer of the LORD. IT IS SO ORDERED." (emphasis in original).  *See* Exhibit "G"

53.    Plaintiff did not appear for his second-noticed deposition on May 10, 2023.

54.    As a result of Plaintiff's refusal to be deposed, Experian has been prevented from knowing exactly what facts support Plaintiff's claim.

55.    Other than two unauthenticated documents purporting to be "therapy" receipts for $750 that were attached to Plaintiff' Responses to Interrogatories. [*See* Exhibit "E", p. 20 ]

56.    Almost all of Plaintiff's responses objected that the discovery was "oppressive" and "invasive" and failed to provide an actual response.

57.    Plaintiff waived any objections to the Interrogatories by not raising them in his responses.

- 9 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

58.    Plaintiff's responses to Experian's RFAs were untimely.

59.    Failure to timely respond to RFAs results in automatic admission of the matters requested and no motion to compel is necessary.

60.    Plaintiff's failure to respond by the due date were excused, Plaintiff denied every single RFA except for two, where he admitted his belief that "Experian's records have made [him] a modern-day slave," and that "all debts are alleged, therefore they cannot be lawfully added by Defendants to consumer reports, files or any other report."

61.    Plaintiff also refused to provide any documents in response to RFPs.

62.    In his preamble to the Responses to RFPs, and presumably to avoid properly responding, Plaintiff states that Defendants "are guilty of Information Control" and "their business practices are Unconstitutional."

63.    Plaintiff objects to all requests as being "oppressive and invasive."

64.    Plaintiff thus not only failed to comply with his discovery obligations under the FRCP, but also failed to produce any competent evidence that would allow him to prove his claim against Experian.

65.    As a result of Plaintiff's blanket objections to all discovery, Experian has been unable to obtain information needed to defend itself in this case.

66.    In a subsequent attempt to explain the nature of his claim, Plaintiff's Reply alleges "Defendants entered false and injurious records in their systems, without Mr. Love's written consent, permission or authorization, that they then published publicly to the Small Business Administration (SBA), resulting in severe harm and injuries to Mr. Love because he was denied for a loan he urgently needed for this business operations."

67.    Plaintiff applied for, and was denied, a Small Business Loan.

68.    In other words, Experian allegedly published a consumer report about which Plaintiff now complains was "false and injurious" because he was denied a business loan.  Plaintiff's Reply again does not identify the "false and injurious"

statement, or otherwise explain why it was false.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that declaration was executed on May 15, 2023, in Irvine, California.

_____*s/ Hillary J. Green*_____
Hillary J. Green

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)

**CERTIFICATE OF SERVICE**

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408.  On May 16, 2023, I served a copy of DECLARATION OF HILLARY J. GREEN IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT  by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

- 12 -

DECLARATION OF HILLARY J. GREEN
Case No. 2:22-cv-04268-JFW (JPRx)