Samuel Love
139 S Beverly Drive #320
Beverly Hills, California 90212
(626) 618-4880
itssamuellove@proton.me

SAMUEL LOVE, IN PRO PER

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

SAMUEL LOVE,

          Plaintiff,

     vs.

CRAIG BOUNDY and EXPERIAN

INFORMATION SOLUTIONS, INC.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:2:22-cv-04268 JFW (JPRx)

**PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**Hearing Date:** June 12, 2023
**Time:** 1:30 p.m.
**Judge:** John F. Walter
**Courtroom:** Courtroom 7A

    **BEHOLD. Mr. Love is the exclusive property of the LORD JESUS CHRIST.**

    Pursuant to Local Rule 56-1 Plaintiff ("Mr. Love") hereby submits the following Response to Experian's Statement of Uncontroverted Facts and Conclusions of Law in Support of their Motion for Summary Judgment.

- 1 -
PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

*First*, Declarations of Teresa Iwanski and Hillary J. Green cannot be used as Supporting Evidence because their Declarations are plainly fantastical and delusional (*i.e.,* counsel is acting as if Mr. Love is their client's property and they have to keep defending the Defendant when Mr. Love already has the Victory). Teresa Iwanski and Hillary J. Green do not qualify to speak against Mr. Love in an effort to prevent him from the financial compensation he is legally entitled to for Experian's the use of his information during twenty (20) years and for the actual damages and violations committed against him.

*Second*, Declarations of Teresa Iwanski and Hillary J. Green cannot be used by the Court to influence any decision that will negatively impact Mr. Love in any way.

*Third*, Teresa Iwanski and Hillary J. Green are now guilty and liable for using information (*i.e.,* information control) against Mr. Love, as such, they shall be fined, fired by their respective employers and their attorney licenses shall be IMMEDIATELY terminated.

*Fourth*, Experian failed to include all their alleged Uncontroverted Facts inclusive of all Eight (8) Causes of Action in the Amended Pleading, which alone is sufficient reason for the Court to DENY their Motion for Summary Judgment.

Notwithstanding the above statements, Mr. Love responds to the following "Uncontroverted Facts" by Experian:

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

1.  Mr. Love disputes ¶ 23. See Exhibit A; Statements of Causes of Action, *Amended Pleading*, Dkt. 17.

2.  Mr. Love disputes ¶ 24. See Exhibit A; All Causes of Action, *Amended Pleading*, Dkt. 17.

3.  Mr. Love disputes ¶ 25. See Section "D. Plaintiff's Defamation Claim", pages 6-8, *Plaintiff's Opposition to Experian's Memorandum of Points and Authorities in Support of Motion for Summary Judgment* (filed concurrently, herein) for defamation false statement.

4.  Mr. Love disputes ¶ 29. Mr. Love amended pleading per Defendants Counsel's request. See Exhibit A.

5.  Mr. Love disputes ¶ 30. Mr. Love amended pleading per Defendants Counsel's request. See Exhibit A.

## **STATEMENTS OF MATERIAL FACTS IN DISPUTE**

Mr. Love identifies the following determinative facts and factual disputes that demonstrate a dispute of fact precluding summary judgment in favor of Experian.

## A. INFORMATION CONTROL

1. The U.S. Constitution, including (and especially) the First Amendment thereto should apply to these proceedings and should govern the Judge's and Jury's decision in this case.

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

2. Who owns Mr. Love's information?

3. How did Mr. Love's intellectual property end up on Experian's documents (*e.i.* consumer reports and databases) without Mr. Love's consent?

4. Why hasn't Experian and its leadership compensated Mr. Love for the use of this data for the last twenty (20) years?

5. Why isn't Experian's employees calling Mr. Love to confirm information before it's published on Experian's consumer reports?

6. Why is Defendant and its Counsel using third-parties, "Authorized Verifier(s)" (In Experian's Responses to Written Discovery) instead of asking Mr. Love directly about alleged debts and accounts? Why is Experian bypassing Mr. Love, leaving him voiceless and without freedom of speech in regards to credit matters that have a direct impact in Mr. Love's life?

7. Proof of all historical revenue and financial gains from the use of Mr. Love's data.

8. All geographic locations where Plaintiff's information is collected and stored.

9. Confirmation that Experian's business practices are in alignment with President Trump's Free Speech Policy Initiative. President Trump stated, "The rotten system of information control will be ripped out of the system at large. There won't be anything left. By restoring free speech, we will save our Nation."

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

10. Experian is a financial institution. The Federal Reserve Board's regulation characterizes credit reporting agency services as "so closely related to banking or managing or controlling banks as to be a proper incident thereto," therefore the Federal Trade Commission ("FTC") permissibly determined that Experian, which provides such services, comes within the Gramm-Leach-Bliley Act's (GLBA) definition of a "financial institution." Bank Holding Companies and Change in Bank Control (Regulation Y), 62 Fed.Reg. 9290, 9329 (1997) (codified at 12 C.F.R. § 225.28(b)(2)(v)); *Trans Union LLC v. Federal Trade Commission*, 295 F.3d 42 (D.C. Cir. 2002).

## B. FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. § 1681 et seq.

11. Experian's entire business operations are an assumption.

12. Experian failed to respect Mr. Love's right to privacy.

13. Experian has no permissible purpose or written instructions from Mr. Love to furnish consumer reports on his behalf.

## C. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 et seq.

14. Experian is a debt collector because they use "instrumentalities of interstate commerce."

## D. AGGRAVATED KIDNAPPING

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

15. Experian seized, confined, and kidnapped Mr. Love through information control.

**E. FOURTH AMENDMENT RIGHTS—FALSE IMPRISONMENT/ARREST**

16. Experian used deceptive methods to search and seize Mr. Love through his information with the intent to falsely imprison Mr. Love and arrest the free movement GOD placed in him.

**F. FOURTH AMENDMENT RIGHTS— EXCESSIVE FORCE**

17. Defendants have been using excessive force against Mr. Love, depriving him of his constitutional rights and causing him to suffer grievous harm and physical, mental, and emotional injuries since he was a teenager.

**G. FIFTH AMENDMENT RIGHTS**

18. Defendants are liable for and guilty of depriving Mr. Love of life, liberty and property.

**H. DEFAMATION**

19. Experian defamed Mr. Love's character and reputation.

20. The actions by Defendant show ill will, evil motive, intent, willful and negligent noncompliance to harm, injure and defame Mr. Love's character and reputation. The false representations made by Experian were not privileged and were not consented to by Mr. Love.

## I. THE WORD OF GOD

21. *John 6:63* "It is the spirit that quickeneth; the flesh profiteth nothing: the words that I speak unto you, they are spirit, and they are life." Experian took away Mr. Love's words and information, thereby taking away the Spirit and life GOD gave him.

22. Mr. Love did not choose to be born. GOD brought him to earth to serve a specific purpose, therefore by Experian damaging, injuring and controlling Mr. Love, it is GOD whom Experian is coming against. The lethal vengeance of GOD shall be unleashed against Experian and its Counsel!

## CONCLUSIONS OF LAW

1. A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000). Plaintiff established genuine disputes herein, therefore Experian failed to meet the requirements for the Judge to grant Motion for Summary Judgment in Defendant's favor.

2. Plaintiff established that Experian "willfully" violated the FCRA. A CRA violates the FCRA willfully only where its acts are established as unlawful by either "pellucid" statutory text or "guidance from the courts of appeal or the

[FTC] . . . that might have warned it away from the view it took." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007). Experian violated the FCRA willfully where its acts are established as unlawful by "pellucid" statutory text, including, but not limited to the following:

    a.  15 U.S. Code § 1681(a)(3) (Experian's entire business is an assumption);

    b.  15 U.S. Code § 1681b(a)(2) (Experian lacks permissible purpose and written instructions from Mr. Love to furnish consumer reports with information Mr. Love has not approved); and

    c.  15 U.S. Code § 1681(a)(4) (Experian failed to respect Mr. Love's privacy).

DATED: MAY 22, 2023 A.D.            Lethal Fire,

                                    SAMUEL LOVE
                                    In Pro Per

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

# CERTIFICATE OF SERVICE

I, Samuel Love, declare:

On May 22, 2023, I served a copy of **PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kerry C. Fowler, Defendant's Counsel
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor Los Angeles, CA 90071
Telephone: (213) 489-3939

Hillary J. Green, Defendant's Counsel
Email: hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800 Irvine, CA 92612
Telephone: (949) 851-3939

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 22, 2023, at Beverly Hills, California.

Lethal Fire,

_____

SAMUEL LOVE

*In Pro Per*

PLAINTIFF'S RESPONSE TO EXPERIAN'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW