Kerry C. Fowler (State Bar No. 228982)
*kcfowler@jonesday.com*
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
*hgreen@jonesday.com*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG BOUNDY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE, | Case No. 2:22-cv-04268-JFW-JPR |
| Plaintiff, | Hon. John F. Walter |
| v. | **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | |
| Defendants. | ***[Filed concurrently with Combined Statement of Facts, Declaration of Kelly C. Albright, and Evidentiary Objections.]*** |
| | Date: June 12, 2023 |
| | Time:        1:30 p.m.<br>Location:    Judge John Walter<br>Courtroom:  7A |
| | Complaint filed:  March 23, 2022<br>Pre-trial Conference Date: Aug. 4, 2023<br>Trial Date: Aug. 15, 2023 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

I.    ADDITIONAL FACTUAL BACKGROUND REGARDING THE INOPERATIVE "AMENDED PLEADING." ............................ 3

II.    ARGUMENT .................................................................................... 5

    A.    PLAINTIFF'S DEFAMATION CLAIM IS PREEMPTED AND THERE ARE NO FACTS OR EVIDENCE SUPPORTING MALICE OR WILLFULNESS .......................................................................... 5

    B.    THE CLAIMS IN THE AMENDED PLEADING FAIL FOR LACK OF EVIDENCE AND AS A MATTER OF LAW .......................................................................................... 7

        1.    Amended Pleading Count I—Violation of FCRA ........... 7

        2.    Amended Pleading Count II—Violations of the Fair Debt Collection Practices Act ................................ 10

        3.    Counts III Through VI—Alleged Criminal Acts and Constitutional Violations ........................................ 11

        4.    Count VII—Defamation .................................................. 12

        5.    Count VIII—Violations of the Word of God ................. 12

CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Buraye v. Equifax*,
625 F. Supp. 2d 894 (C.D. Cal. 2008)...............................................................................5

Christensen v. Beebe, 91 P 133, 32 Utah 406 ......................................................................9

**STATUTES**

15 U.S.C.
§ 1681(a)(1) & (4) ...........................................................................................................7
§ 1681h(e)...................................................................................................................5, 6
§ 1692a(6)........................................................................................................................10
§ 1692e ............................................................................................................................10
§ 1692k ............................................................................................................................10

1913 Fiat Act ....................................................................................................................9

1917 Trading with Enemy Act ..........................................................................................9

1933 Bankruptcy Act .........................................................................................................9

1935 Social Security Act ...................................................................................................9

C.C.A., 42 Fd2d 158..........................................................................................................9

Fair Credit Reporting Act, 15 U.S.C.
§ 1681, *et seq.*..............................................................................................................2

Fair Debt Collection Practices Act ....................................................................................10

Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ...................................10

FCRA..........................................................................................................................passim

FDCPA.............................................................................................................................10

U.S. Code
   § 1 ...............................................................................................................2, 5, 6
   § 1602(l) ...........................................................................................................9
   § 1681(a)(3) ......................................................................................................6
   § 1681e ..............................................................................................................8
   § 1692a(5) .........................................................................................................9

**OTHER AUTHORITIES**

Fifth Amendment...............................................................................................11

Fed. R. Civ. P. 7..................................................................................................2

Fed. R. Civ. P. 15(a)(1) & (2)..............................................................................5

Fed. R. Civ. P. 15(a)(2).......................................................................................4

Local Rule 7-3 ....................................................................................................4

Merriam-Webster.com Dictionary, https://www.merriam-
   webster.com/dictionary/assume. (Last Accessed 5/25/2023) ..............................7

Rule 11(b)(3)......................................................................................................12

REPLY ISO MOTION
FOR SUMMARY JUDGMENT
Case No. 2:22-cv-04268-JFW-JPR

**INTRODUCTION**

Plaintiff's Opposition to Defendant Experian Information Solutions, Inc.'s Motion For Summary Judgment ("Plaintiff's Opposition") recites the same conclusory allegations made in the pleadings and other previous filings submitted by Plaintiff.  However, as with Plaintiff's other filings, the Opposition provides no *facts* or *evidence* that would create a viable claim against Defendant Experian Information Solutions, Inc. ("Experian") or raise a factual dispute that would otherwise defeat Experian's Motion for Summary Judgement ("Experian's Motion").  The Court should grant Summary Judgment.

As Plaintiff's Opposition expressly acknowledges, "the main claim by Mr. Love is that Experian is guilty and liable of *information control* to damage, injure, harass and control Mr. Love, with willfulness and negligence." [(Plaintiff's Opposition at 2:11-13*; See also, Id*. at 9:1-5 ("[]the core issue of Mr. Love's claim is *Information Control*…."), *Id*. at 20-23 ("Experian failed to show the court that there is no genuine issue of material fact for the court to decide as it relates to Plaintiff's claims, primarily the *core issue of Information Control*.") (*emphasis supplied*)]  As best Experian understands Plaintiff's claim of "Information Control," Plaintiff contends that Experian has harmed him because it collects and maintains a consumer credit file regarding Plaintiff and because Experian has issued credit reports about Plaintiff during the past 20 years.  While Plaintiff has sometimes referenced particular credit reports—*e.g.*, an apparent credit report issued to the Small Business Administration—and complains they were "inaccurate," Plaintiff fails to identify anything actually inaccurate in the content of the reports, and generally concedes that he applied for credit in connection with the alleged report, thereby suggesting a permissible purpose for its issuance.  Thus, the crux of Plaintiff's objection to these credit reports seems to be that Plaintiff does not want Experian to have or report his credit information, and therefore Experian commits "Information Control" when it issues credit reports.  But the law does not

recognize a claim for "Information Control," and Experian's business of collecting, assembling, and providing consumer credit information to potential creditors is lawful and ratified by the statutory scheme of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* [(*See also,* Experian's Statement of Undisputed Facts and Contentions of Law *(*"SUF") ¶¶1-5.)]  As such, absent any facts or evidence indicating that Experian has violated a particular provision of the FCRA, or otherwise run afoul of some other legally recognized common-law right that is not preempted by the FCRA, Plaintiff's claims fail as a matter of law.

Plaintiff's Opposition attempts to muddy the waters regarding the claims at issue in this litigation by suggesting that there is a dispute regarding the operative complaint—referencing this in several documents filed. [See, the original Complaint ("ECF No. 1"), the Amended Pleading ("ECF No. 17"), and a document entitled, "Plaintiff's List of Specific FCRA and Other Violations by Defendants" submitted as, ("ECF No. 38-2") and ("ECF No. 47-6"), hereinafter described as, ("Violations List")].  To be sure, Plaintiff's claims are a moving target.  However, as explained further below (Section I), the Amended Pleading was never operative, and Plaintiff's purported Violations List is an informal document requested by Experian in an attempt to facilitate settlement discussions.  That Plaintiff chose to file his Violations List as an exhibit to Plaintiff's Opposition to Experian's Motion does not put the purported "Violations" at issue.  *See* Fed. R. Civ. P. 7. (articulating the only pleadings allowed).  More importantly, while neither the Amended Pleading, nor the Violations List is procedurally proper and the allegations levied therein do not change the outcome of Experian's Motion.

This case has been pending for over a year and, by the time of the hearing on Experian's Motion, discovery will be closed (for the second time).  Nevertheless, Plaintiff still cannot articulate a legally cognizable claim, nor point to any evidence that would create a triable issue of fact that requires resolution.  Experian's Motion should be granted.

## I.    ADDITIONAL FACTUAL BACKGROUND REGARDING THE INOPERATIVE "AMENDED PLEADING."

Plaintiff filed this action in state court on March 23, 2022, and served Experian on April 7, 2022.  [(*See* Notice of Removal, Ex. A, Attachment No. 1 (ECF No. 1)]

On May 10, 2022, Experian served its Answer to the Complaint (ECF No. 1-1), pp. 17-29) and, on June 22, 2022, removed this action to federal court.  (ECF No. 1.)

On July 25, 2022, over 21 days after service of the responsive pleading and without consent or leave of Court, Plaintiff filed an inoperative Amended Complaint (ECF No. 17); *See also,*( SUF ¶¶ 29, 30).

In support of Plaintiff's Opposition to Experian's Motion, Plaintiff, out of context, provides as an exhibit an excerpt from an email exchange between himself and Experian's counsel suggesting that Experian consented to his filing of Amended Pleading (ECF No. 17). [*See* "Plaintiff's Response to Experian's Statement of Uncontroverted Facts and Issues of Law" ("Plaintiff's Response to SUF"), Exhibit A].  However, this email was, at best, part of the meet and confer discussions wherein Experian agreed that it would not bring its then-contemplated Motion For Judgment on the Pleadings if Plaintiff would be willing to amend his complaint to drop Defendant Craig Boundy and modify his claim because his claim for defamation was preempted under the FCRA.

In Experian's counsel's response to Plaintiff on July 14, 2022, counsel specifically requested information regarding what Plaintiff was agreeing to do: "Regarding the substance, will you be dropping Defendant Craig Boundy from the complaint? Or will you be dropping your claim for defamation?" (*See* Plaintiff's Response to SUF, Exhibit A)  Counsel did not consent to *any* amendment– but was continuing the parties' obligation under Local Rule 7-3 to discuss allowing Plaintiff to amend his complaint *with the limited purpose of avoiding motions practice,* as

the Court requires. [(*See e.g.,* Standing Order ("ECF No. 7") at pp. 8-9 "…in most instances, moving party should agree to any amendment that would cure a curable defect.")]

Despite multiple requests by Experian's counsel for information regarding the nature of Plaintiff's potential amendment, Plaintiff provided no answer regarding what his proposed Amended Pleading would address, let alone confirm he would cure the deficiencies Experian requested.  Instead, Plaintiff ignored Experian's multiple requests and filed the Amended Pleading without any further discussion as to its contents. [*See* Declaration of Kelly C. Albright in support of Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment ("Albright Decl.") ¶13.]  Experian's counsel's participation in the meet and confer process in accordance with Local Rule 7-3 does not give Plaintiff *carte blanche* "written consent" as is required by Fed. R. Civ. P. 15(a)(2) to amend a complaint *without addressing any of the discussed and requested changes which would avoid motions practice*.

Experian's counsel's agreement not to file a motion for judgment on the pleadings was clearly conditioned upon allowing Plaintiff to rectify the discussed deficiencies.  However, Plaintiff's amendment did not attempt to do either.  Indeed, the inoperative Amended Pleading still purports to name Mr. Boundy as a defendant and retains the common-law claim of defamation.  Moreover, Plaintiff did not inform Defendants he was seeking to add parties or causes of action. Defendants did not consent to these amendments and would have informed Plaintiff to seek leave of Court to file the Amended Pleading  had Plaintiff responded to the emails wherein Experian's Counsel requested further information about the contents of Plaintiff's proposed amended pleading.

At bottom, the Amended Pleading is not a pleading to which Experian gave written consent, and because Plaintiff did not seek leave of Court to file it more than 21 days after service of the answer, it is not an operative pleading. *See* Fed. R.

Civ. P. 15(a)(1) & (2).

## II.   ARGUMENT

For the reasons explained in Section I, above, the original Complaint, filed in the Superior Court for the County of Los Angeles on March 23, 2022 and removed to this Court on June 22, 2022, is the operative pleading in this action. Nevertheless, out of an abundance of caution, and in light of the arguments made in Plaintiff's Opposition, Experian will address both the defamation claim asserted in the operative original Complaint and the eight causes of action purportedly raised in the inoperative Amended Pleading, as neither present a material question of fact preventing the granting of Experian's Motion.

### A.   PLAINTIFF'S DEFAMATION CLAIM IS PREEMPTED AND THERE ARE NO FACTS OR EVIDENCE SUPPORTING MALICE OR WILLFULNESS.

The FCRA preempts state law in the field of credit reporting and, specifically, causes of action against consumer reporting agencies for defamation. 15 U.S.C. § 1681h(e)); *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897-98 (C.D. Cal. 2008), ("this provision [§1681h(e)] 'only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure.'" [internal citation omitted]).  Plaintiff's Opposition does not challenge this basic proposition.  Instead, Plaintiff argues that his defamation claim is not preempted because "there is willfulness and malice by Experian."  (Plaintiff's Opposition at 10:1-2.).

While there is an exception to FCRA preemption in cases where there is evidence of "false information furnished with malice or willful intent to injure such consumer," (*See*, 15 U.S.C. § 1681h(e)); Here Plaintiff offers no such evidence to create a disputed issue.  Instead, Plaintiff appears to argue that there is willfulness and malice by Experian stating, (1)"Experian and their Counsel are idiots, pursuant

to 1 U.S. Code § 1"; (2) Experian's entire consumer reporting business is based on an "assumption" [citing] 15 U.S. Code § 1681(a)(3)—presumably meaning that Experian and its leadership act wrongfully simply by functioning as a credit reporting agency; (3) Plaintiff offers "Spiritual Revelation" stating, he did not take anything from Experian, but Experian has taken information from him… "thus Experian took away Mr. Love's Spirit, Life, Freedom of Speech and power, therefore Mr. Love does not, by the Law of GOD, need to provide any documentary evidence to prove his claims." and, (4) Plaintiff suggests that he is in possession of a credit report that proves Experian stole his identity.  The credit report is not specifically identified (*e.g.*, by date), nor offered as evidence in opposition to Experian's Motion.  (*See* Plaintiff's Opposition at pp. 10-11.).

While argumentative and inflammatory, it is unnecessary to specifically address the validity of Plaintiff's proffer as to "willfulness and malice" as Plaintiff has provided no evidence of any kind to support these conclusory accusations. Moreover, Plaintiff's contention that Experian's existence is based on an "assumption," is premised on a fundamental misunderstanding of the language found in the Congressional Findings and Statement of Purpose of the FCRA. Specifically, Section 1681(a)(3) provides:

> Consumer reporting agencies have *assumed* a vital role in assembling and evaluating consumer credit and other information on consumers.(emphasis supplied).

The use of the term "assumed" in this provision does not mean credit reporting agencies are operating on an assumption, and is not meant to undermine or otherwise call into question the validity of credit reporting agencies.  Instead, a plain reading of the statute uses the term "*assumed*" to mean the credit reporting agencies have taken on the important task and responsibility of credit reporting. *See* "Assume," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/assume. (Last Accessed 5/25/2023) (offering two

definitions of the word, "Assume", "a: to take to or upon oneself: UNDERTAKE" as in assume responsibility, and "b: to place oneself in" as in to assume a position.").

Accordingly, because Plaintiff offers no facts or evidence from which it could be argued that Experian defamed Plaintiff willfully or with the intent to injure, Plaintiff's common-law claim for defamation is preempted.

### B.    THE CLAIMS IN THE AMENDED PLEADING FAIL FOR LACK OF EVIDENCE AND AS A MATTER OF LAW.

#### 1.    Amended Pleading Count I—Violation of FCRA

Count I of Plaintiff's inoperative Amended Pleading purports to allege violation of numerous provisions of the FCRA, including 15 U.S.C. § 1681(a)(1) & (4) ("Congressional findings and statement of purpose"), § 1681b(a)(2) ("Permissible purposes of consumer reports"), § 1681e(b) (Reasonable procedures to assure maximum possible accuracy), § 1681i (Reasonable reinvestigations), § 1681q (Obtaining information under false pretenses), and § 1681s-2(b) (Responsibilities of furnishers of information to consumer reporting agencies). However, while Plaintiff recites many legal elements of the provisions of the FCRA and vaguely references "inaccurate" information in his consumer file in conclusory fashion, Plaintiff fails to identify a single, specific inaccuracy. Moreover, many of Plaintiff's allegations are non-sensical in that they attempt to impose liability on Experian for responsibilities and obligations assigned to furnishers and other non-credit reporting entities under the FCRA—e.g., Section 1681q (prohibiting obtaining information *from a credit reporting agency* under false pretenses) and Section 1681s-2(b) (setting forth the responsibilities of *furnishers to credit reporting agencies*).

Out of an abundance of caution, and particularly because Plaintiff had filed multiple documents (outside of the operative pleading) referencing FCRA violations, Experian served discovery to learn the basis for any potential FCRA

claim, as well as for its continuing settlement efforts.  Specifically, Experian requested that Plaintiff "[s]tate the basis for [his] allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated."  [ *See* Compendium of Declarations and Exhibits in support of Motion for Summary Judgment ("Defendant's Compendium"), Interrogatory 13, p. 86]  Plaintiff declined to provide a substantive response to the interrogatory and instead referred Experian to the conclusory and non-sensical allegations in paragraphs 80-91 (Count I) of the inoperative Amended Pleading. (*See* Defendant's Compendium, Response to Interrogatory 13, p. 86) Experian had hoped to gain clarity regarding the basis for any purported FCRA claim through Plaintiff's deposition, but Plaintiff refused to appear for deposition despite Experian twice serving a proper notice. (*See* SUF ¶¶ 32, 33, 36, 38)

Experian also asked Plaintiff to "[s]tate the basis for Plaintiff's allegation that Experian did not maintain reasonable procedures designed to assure the maximum possible accuracy of the information." (*See* Defendant's Compendium, Response to Interrogatory 14, p. 87)   Again, Plaintiff declined to provide a substantive response and instead responded, "Refer to 15 U.S. Code § 1681e. See paragraphs 34 and 49." (*Id.*)

Likewise, Experian asked Plaintiff to "List every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete; and for each such entry, state with specificity the reasons why the entry is inaccurate and/or incomplete, and identify all documents which support or evidence that the entry is inaccurate and/or incomplete."  Plaintiff did not identify any inaccuracy in response, but instead stated:

THE TRUTH: The Credit Report does not belong to plaintiff because he didn't create it or consent to it; the Credit Report was fraudulently manufactured by Defendants and misapplied to Plaintiff.

1.     All entries on the Consumer Report that Defendants misapplied

to Plaintiff are fraud and are inaccurate because:

    a.    Every consumer credit transaction was already paid for by Plaintiff's social security card, that's why the debt is alleged (15 U.S. Code § 1692a(5));

    b.    Plaintiff's social security number is the credit card (15 U.S. Code § 1602(l)) that paid for the consumer credit transactions;

    c.    Banks cannot collect debts (see 1913 Fiat Act; 1917 Trading with Enemy Act; 1933 Bankruptcy Act; and 1935 Social Security Act); and

    d.    There's no legitimate money to make payments because the Federal Reserve notes have no value:

    i.    "A promise to pay cannot, by argument, however ingenious, be made the equivalent of actual payment." See Christensen v. Beebe, 91 P 133, 32 Utah 406;

    ii.    The "giving a (federal reserve) note does not constitute payment." See Echart v. Commissioners C.C.A., 42 Fd2d 158;

    iii.    The use of a (federal reserve) 'Note' is only a promise to pay. See Fidelity Savings v. Grimes, 131 P2d 894; and

    iv.    Legal Tender (federal reserve) Notes are not good and lawful money of the United States. See Rains v. State, 226 S.W. 189. (*See* Defendant's Compendium, Response to Interrogatory 17, pp. 87 and 88)

Again, Experian was denied the ability to seek clarification from Plaintiff due to his refusal to sit for a deposition.

Plaintiff has had multiple opportunities to present facts and/or evidence in support of any potential FCRA claim against Experian. Plaintiff has not and cannot do so. On this factual record, Plaintiff cannot assert a claim for violations of the FCRA, and there is no factual dispute to be resolved.

    **2.    Amended Pleading Count II—Violations of the Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* was designed

to eliminate abusive, deceptive, and unfair debt collection practices, and provides that a debt collector who violates the law may be civilly liable to an injured person for various monetary damages. *See* 15 U.S.C. § 1692k. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.

Critical to the analysis here, the FDCPA applies to conduct by "debt collectors." Under FDCPA, a "debt collector" is defined as any person who regularly collects, or attempts to collect, consumer debts for another person or institution or uses some name other than its own when collecting its own consumer debts. 15 U.S.C. § 1692a(6). Experian is not a debt collector within the meaning of this statutory scheme and there is no evidence to the contrary. In actuality, Experian is a consumer reporting agency, which acts as a storehouse for credit information that is pertinent to prudent credit granting decisions, by storing, retrieving, and furnishing data as allowed by the FCRA. (*See* SUF ¶3.) Accordingly, there is no factual dispute or triable issue with respect to Count II.

### 3. Counts III Through VI—Alleged Criminal Acts and Constitutional Violations

In Counts III through VI of the inoperative Amended Pleading, Plaintiff attempts to allege various crimes and constitutional violations purportedly committed by Experian, including aggravated kidnapping (ECF No. 17, ¶¶ 102-108); false imprisonment/arrest, unlawful search and seizure, and crimes against humanity (*Id*., ¶¶ 109-126), use of excessive force (*Id*., ¶¶ 127-130); buying, receiving or collecting stolen property and forcing Plaintiff to serve as a witness against himself in violation of his Fifth Amendment rights, copyright infringement and theft of intellectual property (*Id*., ¶¶ 131-140). However, none of the facts alleged in the Amended Pleading actually supports such drastic claims for relief.

Even a cursory review of the allegations in Counts III through VI of the

Amended Pleading reveals that Plaintiff merely recites some of the elements of assorted crimes and, using bombastic metaphor and extreme hyperbole, attempts to characterize Experian's lawful collection of consumer credit information and issuance of credit reports as somehow being akin to this extreme criminal conduct. There is simply no legal or factual basis for any of these claims.

For example, in support of Count III for "Aggravated Kidnapping," Plaintiff alleges:

> "Defendants *seized*, *confined*, and *kidnapped* Mr. Love, through *coercion* and *fraudulent communications*, with *intent* to hold and detain him to *commit extortion* and to obtain money and profits *through the sale and trading of his data and information*. Defendants *forcibly moved Mr. Love a substantial distance away from credit, financial opportunities, blessings, and his unlimited potential* through their *deceptive acts* and *aggravated kidnapping* using *force* and *fear* to do so for the purpose of severely harming Mr. Love and for personal, individual and corporate gain."(ECF No. 17, ¶¶ 103-104 (emphasis supplied)

*See also*, *e.g.*, ECF No. 17, ¶ 113 ("Defendants caused Mr. Love to be wrongfully confined and incarcerated (through their false information) without lawful process or legal justification."), ¶ 125 ("False imprisonment is a crime against humanity. Defendants (Leadership named herein) are guilty of knowingly and willingly participating, engaging in orchestrating and conducting criminal acts against Mr. Love (and millions of other people) through Experian's deceptive business operations, therefore are subject to the death penalty or to imprisonment for life. No deals. No mercy. Quick trials then executed!")  Try as he might, Plaintiff's attempt to equate the collection and "trading" of consumer credit information with physical detainment, forcible kidnapping and "crimes against humanity" does not somehow turn lawful credit reporting into felonious criminal

conduct and Experian questions how such allegations are consistent with Plaintiff's Rule 11(b)(3) obligations.

### 4.    Count VII—Defamation

In the inoperative Amended Pleading, Plaintiff once again alleges a claim for defamation. This claim fails for all the reasons set forth in response to Plaintiff's initial Complaint for defamation. *See* Section II. A above.

### 5.    Count VIII—Violations of the Word of God

While Experian acknowledges and respects Plaintiff's religious beliefs, there is simply no legally cognizable claim or basis for imposing civil liability against Experian for alleged "violations of the Word of God," as alleged in Count VIII of the inoperative Amended Pleading. (ECF No. 17. ¶¶ 153-172.)

### CONCLUSION

Plaintiff's case is frivolous, and is unsupported by facts, evidence or law. Experian respectfully requests this Court grant Experian's Motion for Summary Judgment and dismiss any and all of Plaintiff's claims against it with prejudice.

Dated:  May 26, 2023

Respectfully submitted,

JONES DAY

By: */s/ Hillary J. Green*
Hillary J. Green
Counsel for Defendants
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG
BOUNDY

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1</u>

The undersigned, counsel of record for Defendant Experian Information Services, Inc., certifies that this brief contains 3953 words, (exclusive of the cover page, table of contents, table of authorities, table of abbreviations, representative claims, pictures, figures, illustrations, and signature block) in Times New Roman 14-point font, counted using Microsoft Word's word count feature. which complies with the word limit of L.R. 11-6.1.

_/s/ Hillary J. Green_
Hillary J. Green

## CERTIFICATE OF SERVICE

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408.  On May 26, 2023, I served a copy of

EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 26, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

- 14 -