Kerry C. Fowler (State Bar No. 228982)
*kcfowler@jonesday.com*
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 553-7539

Hillary J. Green (State Bar No. 243221)
*hgreen@jonesday.com*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Counsel for Defendants
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG BOUNDY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**COMBINED STATEMENT OF FACTS IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT**<br><br>***[Filed concurrently with Memorandum, Declaration of Kelly C. Albright, and Evidentiary Objections. ]***<br><br>Date:          June 12, 2023<br>Time:          1:30 p.m.<br>Location:    Judge John Walter<br>Courtroom:  7A<br><br>Complaint filed:  March 23, 2022<br>Pre-trial Conference Date: Aug. 4, 2023<br>Trial Date: Aug. 15, 2023 |

COMBINED  STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION

Pursuant to Local Rule 56-1 Defendant Experian Information Solutions, Inc. ("Experian") hereby submits the following Combined Statement of Uncontroverted Facts and Conclusions of Law ("CSUF") in Support of its Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff did not submit a Statement of Genuine Disputes of Material Fact or otherwise utilize the Statement of Undisputed Facts ("SUF") table provided as part of Experian's Motion. As such, Experian has attempted, in good faith, to provide this Court with what may be considered Plaintiff's disputed facts as best as it can ascertain from Plaintiff's Opposition papers. Statement numbers specifically identified in Plaintiff's "Response to Experian's Statement of Uncontroverted Facts and Conclusions of Law" were given preference.

## STATEMENT OF UNCONTROVERTED FACTS

## ISSUE 1

**THE FAIR CREDIT REPORTING ACT AND EXPERIAN'S ROLE AS A CONSUMER REPORTING AGENCY.**

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 1. Plaintiff is a "consumer" as defined by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). | Experian's Supporting Evidence: Declaration of Teresa Iwanski in support of Experian's Motion for Summary Judgment ("Iwanski Decl.") ¶ 6; 15 U.S.C. §1681a<br><br>Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
|  | "Mr. Love is in agreement with paragraphs 6-9." (Plaintiff's Response to Declaration of Teresa Iwanski in support of Experian's Motion for Summary Judgment ("Plaintiff's Response to Iwanski Decl.") p. 2, ¶ 4.) |
| 2. Experian is a "consumer reporting agency" as defined by the FCRA. | Experian's Supporting Evidence: Iwanski Decl. ¶8; 15 U.S.C. §1681(f)<br><br>Plaintiff's Response: **UNDISPUTED**<br><br>"Mr. Love is in agreement with paragraphs 6-9." (Plaintiff's Response to Iwanski Decl., p. 2 ¶4.) |
| 3. Experian essentially acts as a storehouse of credit information that is pertinent to prudent credit granting decisions, by storing, retrieving, and furnishing data as allowed by the FCRA. Furnishers of information report credit information to Experian, called "trade lines," which consist of credit account information such as an account number, account status, and | Experian's Supporting Evidence: Iwanski Decl., ¶8<br><br>Plaintiff's Response: **UNDISPUTED**<br><br>"Mr. Love is in agreement with paragraphs 6-9." (Plaintiff's Response to Iwanski Decl., p. 2 ¶4.) |

COMBINED  STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| balance information.  Furnishers also provide information when they conduct an inquiry into a consumer's file. | |
| 4. A "consumer report" is a disclosure of credit information to a credit grantor, insurer, or employer for the purpose of evaluating a consumer's credit.  Experian generates consumer reports based on information that it receives from furnishers.  Where a consumer seeks access to his or her credit information directly from a credit reporting agency, by contrast, the resulting document is called a "consumer disclosure" or "credit file disclosure." | Experian's Supporting Evidence: Iwanski Decl., ¶7  Plaintiff's Response: **UNDISPUTED** "Mr. Love is in agreement with paragraphs 6-9." (Plaintiff's Response to Iwanski Decl., p. 2 ¶4.) |
| 5. Experian maintains a consumer credit file regarding Plaintiff which is assembled from information (e.g., accounts, addresses, social security number) provided to Experian by creditors. | Experian's Supporting Evidence: Iwanski Decl., ¶9  Plaintiff's Response: **UNDISPUTED** "Mr. Love is in agreement with |

- 4 -

COMBINED  STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| | paragraphs 6-9." (Plaintiff's Response to Iwanski Decl., p. 2 ¶4.) |
| 6. Experian has expended significant time and resources in the research and development of reasonable procedures to ensure maximum possible accuracy in all aspects of its consumer credit reporting business.  Experian has procedures to ensure that, to the degree possible, data received from its data furnishers (e.g., creditors) is accurate.  Prior to accepting data from a prospective data furnisher, Experian requires that the entity undergo a thorough vetting process. Once this vetting process is completed and the furnisher is approved, and all contracts are executed, Experian begins receiving the furnisher's data. | Experian's Supporting Evidence: Iwanski Decl., ¶10 Plaintiff's Response: **DISPUTED** "Declarations of Teresa Iwanski and Hillary J. Green cannot be used as Supporting Evidence because their Declarations are plainly fantastical and delusional … [ …] Declarations of Teresa Iwanski and Hillary J. Green cannot be used by the Court to influence any decision that will negatively impact Mr. Love in any way. [ …] Teresa Iwanski and Hillary J. Green are now guilty and liable for using information (i.e., information control) [ …]" (Plaintiff's Response to Experian's Statement of Uncontroverted Facts and Conclusions of Law ("Plaintiff's Response to SUF"), p. 2 ¶¶1-19.) |
| 7. After credit data is received by Experian and before it is added to a | Experian's Supporting Evidence: Iwanski Decl., ¶11 |

- 5 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| consumer's file, the data is subjected to rigorous manual and automated quality control and statutory compliance procedures to ensure that only accurate information is reported. | Plaintiff's Response: **UNDISPUTED** |
| 8. Experian also employs extensive procedures designed to assure the maximum possible accuracy of reported credit information.  These procedures include (1) working with credit grantors to ensure that they supply the most complete and accurate data possible; (2) subjecting all incoming data to numerous systems and checks designed to prevent errors; (3) continually reviewing and refining Experian's computer systems in an ongoing effort to assure maximum possible accuracy of information in Experian reports; and (4) working with consumers to proactively prevent errors in | Experian's Supporting Evidence: Iwanski Decl., ¶12 Plaintiff's Response: **UNDISPUTED** |

NAI-1537008784v2

- 6 -

COMBINED  STATEMENT OF FACTS ISO REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| consumer credit reports. | |
| 9. Experian maintains strict procedures designed to limit the furnishing of its consumer reports only to third-party subscribers who have a permissible purpose under the FCRA for obtaining consumer credit reports.  First, Experian notifies potential subscribers that (a) they must have a permissible purpose under the FCRA to obtain a consumer report, and (b) they must certify to Experian the permissible purpose(s) for which the report is being obtained and that the report will not be used for any other purpose. | Experian's Supporting Evidence: Iwanski Decl., ¶13  Plaintiff's Response: **DISPUTED**  "Experian has no permissible purpose or written instructions from Mr. Love to furnish consumer reports on his behalf." (Plaintiff's Response to SUF, p. 5, ¶ 11.) |
| 10. Second, potential subscribers, like furnishers, must undergo a thorough vetting process certifying the company's permissible purpose for using consumer reports.  Each potential subscriber must provide a membership application certifying | Experian's Supporting Evidence: Iwanski Decl., ¶14  Plaintiff's Response: **DISPUTED**  "Experian lacks permissible purpose or written instructions from Mr. Love to |

- 7 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| its permissible purpose to use consumer reports for a specific type of business. | furnish consumer reports with information Mr. Love has not approved. See 15 U.S. Code § 1681b(a)(2)." (Plaintiff's Opposition to Experian's Motion for Summary Judgment ("Plaintiff's Opposition"), p. 5, ¶ 3(c), ¶¶ 10-13) |
| 11. Third, subscribers are required to sign a written subscriber agreement with Experian wherein the subscriber certifies again that it will only request and use credit information from Experian solely in connection with a permissible purpose under the FCRA, and that it will comply with all applicable federal, state and local laws. | Experian's Supporting Evidence: Iwanski Decl., ¶15  Plaintiff's Response: **DISPUTED** "Experian has no permissible purpose or written instructions from Mr. Love to furnish consumer reports on his behalf." (Plaintiff's Response to SUF, p. 5, ¶11.) |
| 12. Once approved, Experian provides each subscriber instructions on how to order consumer reports, and a confidential account number and password for secure access to Experian's system.  Each time a subscriber accesses the system to | Experian's Supporting Evidence: Iwanski Decl., ¶16  Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| request a consumer report from Experian, the subscriber must indicate to Experian its reason for obtaining the consumer report. | |

## ISSUE 2

## EXPERIAN'S REINVESTIGATION PROCEDURES

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 13. Experian has developed reinvestigation procedures not just to satisfy the requirements under the FCRA, but also to provide consumers with easy access to user friendly tools for all of their credit reporting needs.  Consumers who notify Experian that they question the accuracy of or challenge any item of information on an Experian credit report initiate the dispute process. | Experian's Supporting Evidence: Iwanski Decl., ¶17  Plaintiff's Response: **UNDISPUTED** |
| 14. When a consumer contacts Experian to dispute something in the consumer's credit report, | Experian's Supporting Evidence: Iwanski Decl., ¶18 |

COMBINED  STATEMENT OF FACTS ISO REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| Experian will conduct a reinvestigation. In many disputes, the nature of the dispute is such that Experian must contact the furnisher and ask them to verify the accuracy of the disputed information. | Plaintiff's Response: **UNDISPUTED** |
| 15. Experian contacts furnishers by sending an Automated Consumer Dispute Verification form ("ACDV") form to the furnisher, through an online platform called e-Oscar. | Experian's Supporting Evidence: Iwanski Decl., ¶18  Plaintiff's Response: **UNDISPUTED** |
| 16. If the consumer has provided relevant information in the form of documents, those documents are attached to the ACDV and forwarded to the furnisher.  The furnisher cannot process the ACDV without accessing the attached documentation. | Experian's Supporting Evidence: Iwanski Decl., ¶18  Plaintiff's Response: **UNDISPUTED** |
| 17. The ACDV triggers the furnisher's duty to conduct an investigation into the consumer's dispute. Because the furnisher has a direct | Experian's Supporting Evidence: Iwanski Decl., ¶19  Plaintiff's Response: **UNDISPUTED** |

- 10 -

COMBINED  STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| relationship with the consumer, the furnisher is in the best position to have the most reliable documentation and information about its relationship with the consumer, including the consumer's identifying information (e.g., full name, address, social security number, date of birth), application for credit, and the current account payment history. Experian does not have access to this level of information. | |
| 18. Furnishers are required to review the ACDV and either verify or update the disputed reporting. When the furnisher responds to the ACDV, they specifically certify to Experian that they have verified the accuracy of the information contained in the response. In order to respond to the ACDV, the furnisher must open and view any documents attached. | Experian's Supporting Evidence: Iwanski Decl., ¶20 Plaintiff's Response: **UNDISPUTED** |
| 19. Upon receipt of the furnisher's | Experian's Supporting Evidence: |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| response to the ACDV, Experian reviews the response in accordance with its policies and procedures. | Iwanski Decl., ¶21<br><br>Plaintiff's Response: **UNDISPUTED** |
| 20. If the furnisher determines that disputed information is inaccurate, Experian deletes or updates that information as specified by the furnisher.  If the furnisher determines the disputed information is accurate, Experian verifies the information by looking for discrepancies in the information returned by the furnisher.  For example, where a consumer has disputed ownership of an account (e.g., "not mine") and has not specified an exact inaccuracy, Experian will check if the information returned from the furnisher matches to existing information on the consumer's file.  If the information matches, then Experian will accept the furnisher's response.  If the information does not match, then Experian will delete the account whether or not | Experian's Supporting Evidence:<br><br>Iwanski Decl., ¶22<br><br>Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| the furnisher has requested deletion.  Experian then generates an updated consumer disclosure confirming the reinvestigation results and provides it to the consumer. | |
| 21. Once the reinvestigation process is complete, Experian sends the consumer dispute results summarizing the results of the reinvestigations. | Experian's Supporting Evidence: Iwanski Decl., ¶23 Plaintiff's Response: **UNDISPUTED** |

## ISSUE 3

## PROCEDURAL HISTORY

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 22. On March 23, 2022, Plaintiff filed his Complaint in Los Angeles Superior Court. | Experian's Supporting Evidence: Green Decl. 2:9–14, ¶ 2; [see (ECF No. 1, Exhibit A, p. 7) hereinafter, "Plaintiff's Complaint"] Plaintiff's Response: **UNDISPUTED** |
| 23. The entirety of Plaintiff's cause of action states: The Holy presence of the Lord Jesus Christ is here. Plaintiff Samuel Love | Experian's Supporting Evidence: Green Decl. 2:15–23, ¶ 3; (ECF No. 1) |

NAI-1537008784v2

- 13 -

COMBINED  STATEMENT OF FACTS ISO REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| brings this action against Defendants Craig Boundy and Experian for defamation of character for being guilty of turning millions of dollars away from him and his business. Craig Boundy and Experian are knowingly and willingly entering false records and information publicly to harm and injure Plaintiff.  The lifetime financial value of the loss incurred by Plaintiff because of the false and injurious statements published by Craig Boundy and Experian to the Small Business Administration is $5,250,000." | Plaintiff's Response: **DISPUTED**<br><br>"Mr. Love disputes ¶ 23. See Exhibit A; Statements of Causes of Action, Amended Pleading, Dkt. 17." (Plaintiff's Response to SUF, p. 3, ¶ 1.) |
| 24. Plaintiff's only cause of action is a single claim for defamation. | Experian's Supporting Evidence:<br>Green Decl. 2:9–14, ¶ 2; (ECF No. 1)<br><br>Plaintiff's Response: **DISPUTED**<br><br>"Mr. Love disputes ¶ 24. See Exhibit A; All Causes of Action, Amended Pleading, Dkt. 17." (Plaintiff's Response to SUF, p. 3, ¶ 2.) |
| 25. Plaintiff's Complaint does not identify the alleged false statement. | Experian's Supporting Evidence:<br>Green Decl. 2:9–14, ¶ 2; (ECF No. 1) |

- 14 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
|  | Plaintiff's Response: **DISPUTED**<br><br>Mr. Love disputes ¶ 25. See Section "D. Plaintiff's Defamation Claim", pages 6-8, Plaintiff's Opposition to Experian's Memorandum of Points and Authorities in Support of Motion for Summary Judgment (filed concurrently, herein) for defamation false statement." (Plaintiff's Response to SUF, p. 3, ¶ 3.) |
| 26. On May 9, 2022, Defendants answered Plaintiff's Complaint. | Experian's Supporting Evidence:<br><br>Green Decl. 2:24, ¶ 4; [see (ECF No. 1, Ex. A, p. 17) hereinafter, "Defendant's Answer"]<br><br>Plaintiff's Response: **UNDISPUTED** |
| 27. On June 9, 2022, Plaintiff filed an additional pleading, self-styled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and Documentary Evidence."  In that document, Plaintiff provided additional allegations regarding the nature of his defamation claim—and | Experian's Supporting Evidence:<br><br>Green Decl. 2:25–3:1, ¶ 5; [see (ECF No. 1, Ex. A, p. 32) hereinafter, "Plaintiff's Reply"]<br><br>Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
| --- | --- |
| specifically alleged that his claim arose under the FCRA and sought lost business damages. | |
| 28. On June 22, 2022, in reliance on the additional information learned regarding the nature of Plaintiff's claim from Plaintiff's Reply, Defendants removed this action to federal court. | Experian's Supporting Evidence: Green Decl. 3:2-4, ¶ 6; [see Plaintiff's Complaint] Plaintiff's Response: **UNDISPUTED** |
| 29. On May 31, 2022, Plaintiff's right to amend his pleading without written consent or leave of court expired. | Experian's Supporting Evidence: Fed. R. Civ. P. 15(a)(1)(B) & (a)(2); Green Decl. 3:5–6, 7¶ Plaintiff's Response: **DISPUTED** "Mr. Love disputes ¶ 29. Mr. Love amended pleading per Defendants Counsel's request. See Exhibit A." (Plaintiff's Response to SUF, p. 3, ¶4.) |
| 30. On July 25, 2022, without consent or leave of Court, Plaintiff filed an inoperative "Amended Complaint," that still failed to allege any defamatory affirmative statements by Experian that would support | Experian's Supporting Evidence: Green Decl. 3:7–9, ¶ 8; [see (ECF No. 1, Ex. A, p. 32.) hereinafter, "Amended Pleading"] Plaintiff's Response: **DISPUTED** |

- 16 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| Plaintiff's claim. | "Mr. Love disputes ¶ 30. Mr. Love amended pleading per Defendants Counsel's request. See Exhibit A." (Plaintiff's Response to SUF, p. 3, ¶5.) |
| 31. On February 24, 2023, this Court granted the Parties' Joint Request to Extend Discovery and Motion Deadlines | Experian's Supporting Evidence: Green Decl. 4:16–20, ¶ 21; (ECF No. 26) Plaintiff's Response: **UNDISPUTED** |

## ISSUE 4

## PLAINTIFF'S FAILURE TO PARTICIPATE IN DISCOVERY

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 32. Both prior to the original discovery cut off and even after this Court agreed to extend discovery and motion deadlines, and despite numerous attempts to accommodate Plaintiff's schedule and coordinate his availability, Plaintiff has refused to be deposed. | Experian's Supporting Evidence: Green Decl. 5:25–6:5, 9:13–28, ¶ 32, Exhibit C;  ¶¶  52–53, Exhibit G Plaintiff's Response: **DISPUTED** "Mr. Love is the exclusive property of the LORD Jesus Christ, therefore Mr. Love shall not participate in Experian's fraudulent, corrupt and Unconstitutional business practices by agreeing to participate in Deposition where Experian's Counsel will gather information to later |

- 17 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| | use it against Mr. Love." (Plaintiff's Opposition, p. 3, ¶¶ 1, 2; 24-26.) |
| 33. On March 8, 2023, Plaintiff was served with a Notice of Deposition for Wednesday, March 15, 2023. | Experian's Supporting Evidence: Green Decl. 5:18–21, ¶ 30; Exhibit B Plaintiff's Response: **UNDISPUTED** |
| 34. Plaintiff did not respond to the Notice of Deposition until seven days later on March 14, 2023, and only after Defendants' counsel reminded him and requested he confirm his appearance. In an email attachment, signed "Lethal Fire," Plaintiff responded to his deposition notice:  Defendants and their counsel are illegitimate authority who lack the power to depose, question, or speak to Mr. Love, therefore the request for Deposition is DENIED! | Experian's Supporting Evidence: Green Decl. 5:25–6:5, ¶ 32; Exhibit C Plaintiff's Response: **UNDISPUTED** |
| 35. Defendants immediately offered to reschedule Plaintiff's deposition. Plaintiff reiterated that Defendants | Experian's Supporting Evidence: Green Decl. 6:6–14; ¶ 33 |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| are "illegitimate authority who lack the power to depose, question, or speak to Mr. Love" and that "Mr. Love's fee to be Deposed starts at $250,000 and Defendants have not made the payment. | Plaintiff's Response: **UNDISPUTED** |
| 36. On March 15, 2023, Experian proceeded with Plaintiff's properly noticed deposition and recorded Plaintiff's non-appearance. Subsequently, several more emails were exchanged between the Parties wherein Plaintiff refused to make himself available for deposition. | Experian's Supporting Evidence: Green Decl. 6:15–7:6; ¶¶ 34–35  Plaintiff's Response: **UNDISPUTED** |
| 37. On April 6, 2023, this Court granted Experian's Ex Parte Application to Amend Scheduling Order and Amended Scheduling Order. | Experian's Supporting Evidence: Green Decl. 8:21–22, ¶ 48; (ECF No. 35.)  Plaintiff's Response: **UNDISPUTED** |
| 38. On April 24, 2023, Experian served Plaintiff with a Second Notice of Deposition for May 10, 2023. Plaintiff again refused to be | Experian's Supporting Evidence: Green Decl. 8:23–25, ¶ 49; Exhibit F  Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| deposed. | |
| 39. Counsel for Experian urged Plaintiff to reconsider his position regarding the deposition. Counsel explained to Plaintiff that per FRCP, Rule 30(a)(1), Experian is entitled to take Plaintiff's deposition and obtain information necessary for its defense. Counsel also notified Plaintiff that if he continued to refuse to sit for deposition, Experian would move to strike any declaration and/or testimony offered in response to Experian's motion for summary judgment and, if necessary, at trial. | Experian's Supporting Evidence: Green Decl. 9:2–12; ¶ 51; Exhibit G Plaintiff's Response: **UNDISPUTED** |
| 40. In the April 24, 2023 email wherein Experian's Counsel urged Plaintiff to reconsider his position regarding deposition,  Plaintiff responded that "Experian and its Counsel will never again obtain information from Mr. Love without severe repercussions and/or financial compensation" | Experian's Supporting Evidence: Green Decl. 9:13–26; ¶ 52, Exhibit G Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| and "whosoever makes such attempts shall be immediately destroyed by the Destroyer of the LORD. IT IS SO ORDERED." (emphasis in original). | |
| 41. As a result of Plaintiff's refusal to sit for his deposition, which would have sought information directly relevant to Plaintiff's allegations, Experian has been prevented from knowing exactly what facts support Plaintiff's claim. | Experian's Supporting Evidence: Green Decl. 10:1–2, ¶ 54  Plaintiff's Response: **DISPUTED** "There is no information available that will help Experian "defend itself in this case" because Experian has been guilty and liable of all Claims brought forth by Mr. Love since the moment Experian's leadership and employees stole Mr. Love's information and added to Experian's consumer reports making Mr. Love and creditors believe is Mr. Love's consumer report when it is not because Mr. Love never agreed or consented to it." (Plaintiff's Opposition, p. 4, ¶¶ 12-19) |
| 42. On March 31, 2023, Plaintiff served untimely objections to Experian's previously served | Experian's Supporting Evidence: Green Decl. 7:26–28, ¶ 43 |

- 21 -

COMBINED  STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| Interrogatories, Requests for Admissions ("RFAs"), and Requests for Production of Documents ("RFPs".). | Plaintiff's Response: **DISPUTED**<br><br>"Such statement is false because Mr. Love provided timely and proper objections to all Discovery." (Plaintiff's Opposition, p. 4, ¶¶ 3-7.) |
| 43. Two unauthenticated documents purporting to be "therapy" receipts for $750 were attached to Plaintiff' Responses to Interrogatories. | Experian's Supporting Evidence:<br><br>Green Decl. 9:26–28, ¶ 55, Exhibit E, p. 20<br><br>Plaintiff's Response: **UNDISPUTED** |
| 44. Almost all of Plaintiff's responses objected that the discovery was "oppressive" and "invasive" and failed to provide an actual response. | Experian's Supporting Evidence:<br><br>Green Decl. 7:26–28, 10:1–2, ¶ 43, 56<br><br>Plaintiff's Response: **DISPUTED**<br><br>"Defendant provided blanket objections to all discovery, therefore Mr. Love decided to do the same." (Plaintiff's Opposition, p. 4, ¶¶ 11-12.) |
| 45. Plaintiff waived any objections to the Interrogatories by not raising them in his responses. | Experian's Supporting Evidence:<br><br>Green Decl. 10:3–4, ¶ 57, Fed. R. Civ. P. 33(b)(4)<br><br>Plaintiff's Response: **UNDISPUTED** |
| 46. Plaintiff's responses to Experian's RFAs were untimely. | Experian's Supporting Evidence:<br><br>Green Decl. 10:5, ¶ 58 |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| | Plaintiff's Response: **DISPUTED** "Such statement is false because Mr. Love provided timely and proper objections to all Discovery." (Plaintiff's Opposition, p. 4, ¶¶ 9-11.) |
| 47. Failure to timely respond to RFAs results in automatic admission of the matters requested and no motion to compel is necessary. | Experian's Supporting Evidence: Green Decl., 10:6–7, ¶ 59;  Fed. R. Civ. P. 36(a)(3)) Plaintiff's Response: **UNDISPUTED** |
| 48. Plaintiff's failure to respond by the due date were excused, Plaintiff denied every single RFA except for two, where he admitted his belief that "Experian's records have made [him] a modern-day slave," and that "all debts are alleged, therefore they cannot be lawfully added by Defendants to consumer reports, files or any other report." | Experian's Supporting Evidence: Green Decl., 10:8–12, ¶ 60 Plaintiff's Response: **UNDISPUTED** |
| 49. Plaintiff also refused to provide any documents in response to RFPs. | Experian's Supporting Evidence: Green Decl., 10:13, ¶ 61 Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 50. In his preamble to the Responses to RFPs, and presumably to avoid properly responding, Plaintiff states that Defendants "are guilty of Information Control" and "their business practices are Unconstitutional." | Experian's Supporting Evidence: Green Decl., 10:14–17, ¶ 62 Plaintiff's Response: **UNDISPUTED** |
| 51. Plaintiff objected to all RFPs as being "oppressive and invasive." | Experian's Supporting Evidence: Green Decl., 10:18–19, ¶ 63 Plaintiff's Response: **DISPUTED** "Mr. Love duly changed most of his Discovery responses to be "oppressive" and "invasive." (Plaintiff's Opposition, p. 3, ¶¶ 9-15.) |
| 52. Plaintiff thus not only failed to comply with his discovery obligations under the FRCP, but also failed to produce any competent evidence that would allow him to prove his claim against Experian. | Experian's Supporting Evidence: Green Decl., 10:19–21, ¶ 64 Plaintiff's Response: **DISPUTED** "Mr. Love did participate in Discovery, having responded to Experian's Production, Admission and Interrogatories." (Plaintiff's Opposition, p. 3, ¶¶ 8-9.) |

NAI-1537008784v2

- 24 -

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 53. As a result of Plaintiff's blanket objections to all discovery, Experian has been unable to obtain information needed to defend itself in this case. | Experian's Supporting Evidence:<br><br>Green Decl., ¶ 65<br><br>Plaintiff's Response: **DISPUTED**<br><br>"All the information clearly explaining Mr. Love's claims has been communicated to Experian's Counsel through various methods, including through Mediation and via zoom and phone calls, especially with Counsel Hillary J. Green."<br><br>(Plaintiff's Opposition, p. 4, ¶¶ 3-7.) |

### ISSUE 5

### PLAINTIFF'S DEFAMATION CLAIM

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| 54. In a subsequent attempt to explain the nature of his claim, plaintiff filed his self-styled document titled "reply to defendants' fraudulent answer and request for proof and documentary evidence" in which he alleges "defendants entered false and injurious records in their systems, without mr. Love's written consent, permission or authorization, that | Experian's Supporting Evidence:<br><br>Green Decl., ¶ 66<br><br>Plaintiff's Response: **UNDISPUTED** |

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
|---|---|
| they then published publicly to the small business administration (sba), resulting in severe harm and injuries to mr. Love because he was denied for a loan he urgently needed for this business operations." | |
| 55. Plaintiff applied for, and was denied, a Small Business Loan. | Experian's Supporting Evidence: Green Decl., ¶ 67; Plaintiff's Reply, (ECF No. 1) <br><br> Plaintiff's Response: **UNDISPUTED** |
| 56. In other words, Plainitff's Complaint appears to allege Experian published a consumer report about which Plaintiff now complains was "false and injurious" because he was denied a business loan.  Plaintiff's Reply again does not identify the "false and injurious" statement, or otherwise explain why it was false. | Experian's Supporting Evidence: Green Decl., ¶ 68; Plaintiff's Reply, (ECF No. 1) <br> Plaintiff's Response: **DISPUTED** <br><br> "The actions by Defendant show ill will, evil motive, intent, willful and negligent noncompliance to harm, injure and defame Mr. Love's character and reputation. The false representations made by Experian were not privileged and were not consented to by Mr. Love." <br> (Plaintiff's Response to SUF, p. 6, ¶20) |

COMBINED  STATEMENT OF FACTS ISO REPLY TO PLAINTIFF'S OPPOSITION

| EXPERIAN'S UNCONTROVERTED FACTS | MOVING PARTY'S EVIDENCE AND OPPOSING PARTY'S RESPONSE |
| --- | --- |
| 57. Plaintiff appears to make clear his only objection in this lawsuit is that he does not believe Experian had "power, authority or lawful permission to report, furnish or publish any information about Mr. Love." | Experian's Supporting Evidence:<br><br>Green Decl, ¶ 68; Plaintiff's Reply.<br><br>Plaintiff's Response: **UNDISPUTED** |

Dated: May 26, 2023      Respectfully submitted,

JONES DAY
By: */s/ Hillary J. Green*
   Hillary J. Green

Counsel for Defendants
EXPERIAN INFORMATION SOLUTIONS, INC. AND CRAIG BOUNDY

## CERTIFICATE OF SERVICE

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On May 26, 2023, I served a copy of COMBINED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 26, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

NAI-1537008784v2

- 28 -

COMBINED STATEMENT OF FACTS ISO
REPLY TO PLAINTIFF'S OPPOSITION