Samuel Love
139 S Beverly Drive #320
Beverly Hills, California 90212
(626) 618-4880
itssamuellove@proton.me

SAMUEL LOVE, IN PRO PER

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG BOUNDY and EXPERIAN<br><br>INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.:2:22-cv-04268 JFW (JPRx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** June 26, 2023<br>**Time:** 1:30 p.m.<br>**Judge:** John F. Walter<br>**Courtroom:** Courtroom 7A |

Pursuant to Local Rule 56-1 Plaintiff ("Mr. Love") hereby submits the following

Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for

Summary Judgment.

- 1 -
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | | SUPPORTING EVIDENCE |
|---|---|---|
| **A. INFORMATION CONTROL** | | |
| 1. | Mr. Love is the exclusive property of the LORD GOD. | Declaration of Samuel Love in Support of Plaintiff's Motion for Summary Judgment ("Love Decl.") ¶ 3; Jeremiah 1:5 |
| 2. | Mr. Love is the exclusive owner of his information. | Love Decl., ¶ 4. |
| 3. | Defendants stole Mr. Love's intellectual property through fraud, coercion and force (without Mr. Love's consent or agreement). | Love Decl., ¶¶ 5, 15, and 49. |
| 4. | Defendants have never paid Mr. Love for the use of his intellectual property (*e.g.,* name, address and all other data related to him) for the last twenty (20) years. | Love Decl., ¶ 16. |
| 5. | Defendants have never contacted Mr. Love to confirm information about him before it's published on Experian's consumer reports. | Love Decl., ¶ 17. |
| 6. | Defendants are engaged in information control to manipulate, control and take away Mr. Love's freedom of speech. | Love Decl., ¶¶ 21-23, 25. |
| 7. | The President of the United States launched a Freedom of Speech Initiative to stop information control against me by Corporations, including Experian. | President Donald J. Trump — Free Speech Policy Initiative (Exhibit D); Love Decl., ¶ 22. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 8. | The American Military disclosed that Corporations are engaged in controlling information to control Mr. Love. | Love Decl., ¶ 21; Exhibit C. |
|----|----|----|

**B. THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, *et seq*. (FCRA)**

| 9. | Plaintiff is a federally protected "consumer." | 15 U.S.C. §1681a |
|----|----|----|
| 10. | Experian is a "consumer reporting agency." | 15 U.S.C. §1681(f) |
| 11. | The FCRA defined Experian as a "person." | 15 U.S. Code § 1681a(b) |
| 12. | The FCRA defined Craig Boundy as a "person." | 15 U.S. Code § 1681a(b) |
| 13. | Experian's entire business operations and consumer reporting is an assumption. | 15 U.S. Code § 1681(a)(3); Love Decl., ¶¶ 14, 24c, 34, 35, and 36. |
| 14. | Experian failed to respect Mr. Love's right to privacy. | 15 U.S. Code § 1681(a)(4); Love Decl., ¶ 37. |
| 15. | Experian has no permissible purpose or written instructions from Mr. Love to furnish consumer reports or publish information on his behalf. | 15 U.S. Code § 1681b(a)(2); Love Decl., ¶¶ 24d and 38. |
| 16. | Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Love. | 15 U.S.C. § 1681e(b); Love Decl., ¶¶ 25 and 39. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 17. | Defendants failed to provide fair and accurate credit reporting about Mr. Love, which directly impaired the efficiency of the banking system and undermined the public confidence which is essential to the continued functioning of the banking system. | 15 U.S. Code § 1681(a)(1); Love Decl., ¶¶ 25, 29 and 39. |
|---|---|---|
| 18. | Experian willfully failed to comply with the FCRA. | 15 U.S. Code § 1681n; Love Decl., ¶¶ 20 and 40. |
| 19. | Experian is civilly liable for negligent noncompliance. | 15 U.S. Code § 1681o; Love Decl., ¶¶ 20 and 41; Exhibit H, ¶¶ 11, 29 and 44. |
| 20. | Defendants obtained Mr. Love's information under false pretenses. | 15 U.S. Code § 1681q; Love Decl., ¶¶ 5, 14, 15 and 24. |
| 21. | Craig Boundy is responsible for all FCRA operations and is guilty and liable for all violations because he is the 'guiding spirit' behind the wrongful conduct. | Love Decl., ¶¶ 18, 43-46 and 50. |

**C. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 et seq.**

| 22. | Mr. Love is a "consumer" as defined in the FDCPA. | 15 U.S. Code § 1692c(d) |
|---|---|---|
| 23. | Experian is a debt collector because they use "instrumentalities of interstate commerce" to carry out commerce. | 29 CFR § 776.29; 15 U.S. Code § 1692a(6); 15 USC § 1681a(f); *Amended Pleading*, ¶18; Love Decl., ¶ 42. |
| 24. | Experian is a debt collector without a debt collectors license to operate in the State of California. | 29 CFR § 776.29; 15 U.S. Code § 1692a(6); *Amended Pleading*, ¶18; Love Decl., ¶ 42. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 25. | Experian used abusive, deceptive, and unfair debt collection practices. | 15 U.S. Code § 1692(a); Love Decl., ¶ 43. |
|---|---|---|
| 26. | Experian communicated with Mr. Love in connection with the collection of debt. | 15 U.S. Code § 1692c(a); Love Decl., ¶ 43. |
| 27. | Experian used false and misleading representations. | 15 U.S. Code § 1692e(7)-(10), (13) and (14); Love Decl., ¶¶ 19, 24, 25 and 29. |
| 28. | Experian used unfair or unconscionable means to collect or attempt to collect debt. | 15 U.S. Code § 1692f; Love Decl., ¶¶ 35 and 42-44. |
| 29. | Experian furnished certain deceptive forms (*e.g.,* consumer reports) about Mr. Love. | 15 U.S. Code § 1692j; Love Decl., ¶¶ 5, 43; Exhibit F, pgs. 15-27, 29-51; Exhibit H, pgs. 20-35. |
| 30. | Experian failed to comply with the FDCPA. | 15 U.S. Code § 1692k(a)(1), (2)(A) and (3); Love Decl., ¶ 35. |

**D. AGGRAVATED KIDNAPPING (California Code, Penal Code - PEN § 209(a)**

| 31. | Defendants seized, confined, and kidnapped Mr. Love through information control. | Love Decl., ¶ 45; Statement of Uncontroverted Facts ("SUF"), ¶¶ 1, 2 and 13. |
|---|---|---|
| 32. | Defendants are guilty of a felony for carrying Mr. Love away from his freedom with intent to hold and detain him to commit extortion and to extract money from him through the sale of his data and information. | Love Decl., ¶¶ 7, 16, 25 and 45; SUF ¶¶ 1, 2 and 13. |

**E. FOURTH AMENDMENT RIGHTS—FALSE IMPRISONMENT/ARREST (42 U.S.C. § 1983 and California Code, Penal Code - PEN § 236)**

| 33. | Defendants used deceptive methods to search and seize Mr. Love through collection and reporting of his information. | Love Decl., ¶ 5 and 43; SUF ¶¶ 1, 2 and 13. |
|---|---|---|

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 34. | Defendants violated Mr. Love's Fourth Amendment rights by unlawfully arresting him (without probable cause) through the publishing of false information in consumer reports, which limited and stopped his free movement and freedom of speech. | Love Decl., ¶¶ 25; SUF ¶¶ 1, 2 and 13. |
| 35. | Defendants do not have the power or authority to score Mr. Love or attach a FICO score to his name and then use that score to arrest, control, harm, injure and falsely imprison him. Mr. Love has never consented to nor did he ever sign a contract or agreement with Defendants to be scored or reported on. Mr. Love is not the property of Defendants for them to deprive him of his personal liberty through false imprisonment. | Love Decl., ¶ 46; SUF ¶¶ 1, 2 and 13. |
| 36. | Defendants acted specifically with the intent to deprive Mr. Love of his constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures. | Love Decl., ¶¶ 5, 15, 33; SUF ¶¶ 1, 2 and 13. |
| 37. | Defendants committed violations under 42 U.S.C. § 1983, the Fourth Amendment and California Code PEN § 236 that were willful, negligent, wanton, malicious and oppressive justifying the awards for statutory, actual, punitive and treble damages with attorney fees and court costs. | Love Decl., ¶¶ 19, 20, 40; SUF ¶¶ 1 and 2. |

**F. FOURTH AMENDMENT RIGHTS—EXCESSIVE FORCE (42 U.S.C. § 1983)**

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 38. | Defendants have been using excessive force against Mr. Love, depriving him of his constitutional rights and causing him to suffer grievous harm and physical, mental, and emotional injuries for the last twenty (20) years. | Love Decl., ¶¶ 20, 25, 33; SUF ¶¶ 1 and 2. |
|---|---|---|

**G. FIFTH AMENDMENT RIGHTS (and California Code, Penal Code - PEN § 496)**

| 39. | Defendants are in violation of California Code PEN § 496 by knowingly and willingly buying, receiving or collecting stolen property (*i.e.,* Mr. Love's information), which has been obtained through theft or extortion. This felony provides for Defendant Craig Boundy to be punished to three (3) years in jail. | Love Decl., ¶ 5, 15, 47; *Amended Pleading*, ¶18; SUF ¶¶ 1, 2 and 13. |
|---|---|---|
| 40. | Defendants are guilty of aiding in concealing, selling or withholding the property (*e.i.,* data) from the True owner, Mr. Love, knowing the property to be stolen from Mr. Love. | Love Decl., ¶¶ 3, 4, 5, 15; SUF ¶ 13. |
| 41. | Defendants are guilty of violating the Fifth Amendment by compelling Mr. Love to be a witness against himself and to self-incrimination through Experian's deceptive business practices; by the fraudulent credit reports assembled by Experian; by asking Mr. Love to identify himself when calling Experian on the phone; and by requiring Mr. Love to be "verified | Love Decl., ¶¶ 5, 15, 24, 35 and 49; *Amended Pleading*, ¶¶ 60-63. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | and authenticated." | |
| 42. | Defendants are liable for and guilty of depriving Mr. Love of life, liberty and property. | Love Decl., ¶ 26-30, 37 and 47. |
| 43. | Defendants are guilty of copyright infringement by stealing, managing and controlling Mr. Love's intellectual property without lawful consent and for enjoying gains during twenty years, a violation of 17 U.S. Code § 501. | Love Decl., ¶ 3-5, 15. |
| 44. | Maximum remedy required for infringement under 17 U.S.C. § 504(c)(2). | Love Decl., ¶¶ 3, 4 and 48. |
| 45. | Defendants acted recklessly, with deliberate indifference to Mr. Love's constitutional rights. Defendants committed violations under the Fifth Amendment and California Code PEN § 496 that were willful, negligent, wanton, malicious and oppressive justifying the awards for copyright infringement, statutory, actual, punitive and treble damages with attorney fees and court costs. | Love Decl., ¶ 3, 4, and 19. |
| **G. DEFAMATION CLAIM** | | |
| 46. | Defendants libeled Mr. Love by publishing false reports "with reckless disregard of whether [they] were] false or not. | Love Decl., ¶ 3, 4, 26-30 and 34. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 47. | The false representations made by Experian were injurious to Mr. Love's reputation and creditworthiness in the community and in commerce and also caused humiliation and mental distress. | Love Decl., ¶¶ 15, 19, 24, 25, 33; Exhibit I, J and K; *Amended Pleading*, ¶¶ 144 and 147. |
| 48. | The ongoing defamation by Defendants against Mr. Love resulted in depression, frustration, anxiety and excessive mental distress over repeated failed attempts to have Experian correct the reporting errors. | Love Decl., ¶ 20, 33 and 34; Exhibit F. |

## H. VIOLATIONS OF THE WORD OF GOD

| 49. | "Before I formed Mr. Love in the belly I knew him; and before he camest forth out of the womb I sanctified him, and I ordained him a prophet unto the nations." | Jeremiah 1:5 |
| 50. | "But thanks be to God, which giveth Mr. Love the victory through our Lord Jesus Christ." | 1 Corinthians 15:57 |
| 51. | "In the beginning was the Word, and the Word was with God, and the Word was Mr. Love." | John 1:1 |
| 52. | "And Mr. Love called on the God of Israel, saying, Oh that thou wouldest bless me indeed, and enlarge my coast, and that thine hand might be with me, and that thou wouldest keep me from evil, that it may not grieve me! And God granted Mr. Love that which he requested." | 1 Chronicles 4:10 |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| 53. | "Thou shalt not suffer Craig Boundy and Experian to live." | Exodus 22:18 |
| --- | --- | --- |
| 54. | "It is the spirit that quickeneth; the flesh profiteth nothing: the words that I speak unto you, they are spirit, and they are life." | John 6:63 |
| 55. | "For God is not the author of confusion, but of peace." | 1 Corinthians 14:33 |

## CONCLUSIONS OF LAW

1. A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000). Mr. Love established no genuine dispute as to any material fact, therefore Mr. Love is entitled to judgment, in his favor, as a matter of law.

2. Mr. Love established that Defendants are engaged in information control to limit, seize, constraint, and hinder Mr. Love from enjoying the fruit of his labor, pursuing happiness and Living in the Glory GOD created for Mr. Love's enjoyment. See *1 Chronicles 29:11.*

3. Mr. Love established that "Experian is an Unconstitutional corporation for violating Mr. Love's freedom of speech through information control by taking over Mr. Love's duty and responsibility of managing, collecting, controlling,

overseeing, publishing and profiting from his own information." (Soon-to-be, *Love v. Experian Information Solutions, Inc.*).

4. Mr. Love established that Experian "willfully" violated the FCRA. A CRA violates the FCRA willfully where its acts are established as unlawful by "pellucid" statutory text. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

5. Mr. Love established that Craig Boundy is guilty and liable for Experian's deceptive consumer reporting operations and all violations, herein, for being the 'guiding spirit' and 'central figure' behind the wrongful conduct…" See, *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 532 n.10 (9th Cir. 1989) (quoting *Escude Cruz v. Ortho Pharm. Corp.,* 619 F.2d 902, 907 (1st Cir. 1980).

DATED: MAY 26, 2023 A.D.                    Lethal Fire,

SAMUEL LOVE
In Pro Per

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE

I, Samuel Love, declare:

On May 26, 2023, I served a copy of **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kerry C. Fowler, Defendants' Counsel
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor Los Angeles, CA 90071
Telephone: (213) 489-3939

Hillary J. Green, Defendants' Counsel
Email: hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800 Irvine, CA 92612

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Telephone: (949) 851-3939

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 26, 2023, at Beverly Hills, California.

Lethal Fire,

_____

SAMUEL LOVE

*In Pro Per*

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT