Samuel Love
139 S Beverly Drive #320
Beverly Hills, California 90212
(626) 618-4880
itssamuellove@proton.me

SAMUEL LOVE, IN PRO PER

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CRAIG BOUNDY and EXPERIAN<br><br>INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | Case No.:2:22-cv-04268 JFW (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** June 26, 2023<br>**Time:** 1:30 p.m.<br>**Judge:** John F. Walter<br>**Courtroom:** Courtroom 7A |

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Love ("Plaintiff" or "Mr. Love") submits the following Memorandum of

Points and Authorities in support of his Motion for Summary Judgment, pursuant to

Federal Rule of Civil Procedure 56.

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I.  **<u>INTRODUCTION</u>**

Mr. Loves brings eight (8) Causes of Action against Defendants Craig Boundy ("Mr. Boundy") and Experian Information Solutions, Inc. ("Experian"):

1. COUNT ONE: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. § 1681 et seq., *Amended Pleading* ¶¶ 80-91;

2. COUNT TWO: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 et seq., *Amended Pleading* ¶¶ 92-101;

3. COUNT THREE: AGGRAVATED KIDNAPPING (California Code, Penal Code - PEN § 209(a) and 18 U.S. Code § 1201), *Amended Pleading* ¶¶ 102-108;

4. COUNT FOUR: VIOLATION OF FOURTH AMENDMENT RIGHTS—FALSE IMPRISONMENT/ARREST (42 U.S.C. § 1983 and California Code, Penal Code - PEN § 236), *Amended Pleading* ¶¶ 109-126;

5. COUNT FIVE: VIOLATIONS OF FOURTH AMENDMENT RIGHTS—EXCESSIVE FORCE (42 U.S.C. § 1983), *Amended Pleading* ¶¶ 127-130;

6. COUNT SIX: VIOLATIONS OF FIFTH AMENDMENT RIGHTS (and California Code, Penal Code - PEN § 496), *Amended Pleading* ¶¶ 131-140;

7.  COUNT SEVEN: DEFAMATION, *Defamation Claim*, Dkt.1, Exhibit A, pgs. 7-8; *Amended Pleading* ¶¶ 141-152; and

8.  COUNT EIGHT: VIOLATIONS OF THE WORD OF GOD, *Amended Pleading* ¶¶ 153-172.

Mr. Love has established irrefutable documentary evidence to prove all Causes of Action throughout all court filings. Importantly, Mr. Love clearly established there is no genuine issue of material facts via his Motion for Summary Judgement. Dkt. 55 and 56. As such, Mr. Love is entitled to Summary Judgment as a matter of law.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing there is no genuine issue of material fact. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of the elements that are essential to the moving party's case and for which that party will bear the burden of proof at trial. See id.; *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989). The Court may grant summary judgment if the motion and supporting materials, including the

facts considered undisputed, show the movant is entitled to summary judgment and if the responding party fails to properly address the moving party's assertion of fact as required by Rule 56(c). See Fed. R. Civ. P. 56(e).

The responding party cannot point to mere allegations or denials contained in the pleadings. It is not enough for the non-moving party to produce a mere "scintilla" of evidence. *Celotex Corp.,* at 252. Instead, the responding party must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial. See *KRL v. Moore*, 384 F. 3d 1105, 1110 (9th Cir. 2004). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment should be entered in the movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

### III.   ARGUMENT

There are no arguments left to discuss because Mr. Love's claims are fully established as a matter of law. See Statement of Uncontroverted Facts ("SUF"), Dkt. 56, ¶¶ 1-55.

Mr. Love is the exclusive property of the LORD GOD. SUF, ¶ 1.

Mr. Love is the exclusive owner of his information. SUF, ¶ 2.

Craig Boundy is guilty and liable for Experian's deceptive consumer reporting

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

operations and all other violations against Mr. Love for being the 'guiding spirit' and 'central figure' behind the wrongful conduct…" See, *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 532 n.10 (9th Cir. 1989) (quoting *Escude Cruz v. Ortho Pharm. Corp.,* 619 F.2d 902, 907 (1st Cir. 1980). SUF, ¶ 21.

The Federal Reserve Board's regulation characterizes credit reporting agency services as "so closely related to banking or managing or controlling banks as to be a proper incident thereto," therefore the Federal Trade Commission ("FTC") permissibly determined that Experian, which provides such services, comes within the Gramm-Leach-Bliley Act's (GLBA) definition of a "financial institution," (which Defendants failed to disclose to Mr. Love). Bank Holding Companies and Change in Bank Control (Regulation Y), 62 Fed. Reg. 9290, 9329 (1997) (codified at 12 C.F.R. § 225.28(b)(2)(v)); *Trans Union LLC v. Federal Trade Commission*, 295 F.3d 42 (D.C. Cir. 2002). The transactions conducted through a financial institution might become part of the business records of the financial institution (*e.i.,* of Experian, in this case), as the Supreme Court recognized in *United States v. Miller,* 425 U.S. 435 (1976). But the financial institution's interest in these records does not mean it has absolute control to do what it wants with this information, as the Gramm-Leach-Bliley financial privacy law makes explicit. Whenever Defendants did anything they wanted with Mr. Love's information (*e.g.,* stealing his data and publishing it on consumer reports without his

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

consent), they became liable and guilty of information control for overpowering Mr. Love's rights and freedom. Mr. Love is in Christ Jesus: he is the only party who has all the power and authority to oversee, manage, own and control his information.

The FCRA explicitly states that Experian's business operations are an assumption, an act Experian voluntarily engaged in to take over Mr. Love's duty and responsibility to manage, own and control his information. Since Defendants 1) had knowledge of this and 2) voluntarily chose to collect and report Mr. Love's information, in opposition to the FCRA's statues, proves willfulness and malice, with intent to damage and injure Mr. Love. SUF, ¶ 13. It is impossible for Defendants to provide proof or substantiating evidence to properly address Plaintiff's lawsuit because the Victory already belongs to Mr. Love.

Actual damages for FCRA violations may include out-of-pocket losses, damages for injury to reputation and creditworthiness and for humiliation or mental distress. See *Cousin v. Trans Union Corp.,* 246 F.3d 359, 376 (5th) Cir. 2001).

Defendants are guilty and liable of fraud. There is no statute of limitations on fraud. SUF, ¶ 3.

The U.S. Constitution, including (and especially) the First Amendment thereto should apply to these proceedings and should govern the Judge's and Court's decision in this case.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## IV.   <u>CONCLUSION</u>

Mr. Love makes history for bringing proven claims of information control, weaponization of the FCRA and Constitutional violations against Defendants. As such, Plaintiff requests the Court to award Mr. Love a significant financial award as part of the Judgment for his contribution to humanity and for restoring the public confidence, which is essential to the continued functioning of the banking system.

For the foregoing reasons, Mr. Love requests this Court to grant the Motion for Summary Judgment.


DATED: MAY 27, 2023 A.D.                    Lethal Fire,



                                            SAMUEL LOVE
                                            In Pro Per

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE

I, Samuel Love, declare:

On May 27, 2023, I served a copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kerry C. Fowler, Defendants' Counsel
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor Los Angeles, CA 90071
Telephone: (213) 489-3939

Hillary J. Green, Defendants' Counsel
Email: hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800 Irvine, CA 92612
Telephone: (949) 851-3939

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 27, 2023, at Beverly Hills, California.

Lethal Fire,

_____
SAMUEL LOVE
*In Pro Per*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT