UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>          PLAINTIFF,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.<br><br>          DEFENDANTS. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT EXPERIAN**<br><br>Date: June 12, 2023<br><br>Time: 1:30 p.m.<br><br>Place: First Street Courthouse 350 W.<br><br>First Street<br><br>Courtroom 7A<br><br>Los Angeles, CA  90012<br><br>Complaint filed:  March 23, 2023<br><br>Pre-trial Conference: Aug. 4, 2023<br><br>Trial Date:  August 15, 2023 |

## STATEMENT OF DECISION

This matter is before the Court on the Defendants' Motion for Summary Judgment as to Defendant Experian Information Solutions, Inc. ("Experian") pursuant to Federal Rule of Civil Procedure 56.

In this action, Plaintiff filed several documents purportedly setting forth the basis of his claims against Experian.  Specifically, Plaintiff relies on: (1) the initial Complaint, filed March 23, 2022, styled "Defamation Claim For Injury and Damages"; (2) a self-styled, additional pleading, entitled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and Documentary Evidence" (hereinafter "Plaintiff's Reply Pleading"); (3) an "Amended Pleading," (ECF No. 17), which was filed more than 21 days after service of the complaint without consent or leave of Court; and (4) a document entitled "Plaintiff's List of Specific FCRA and Other Violations by Defendants," which was submitted as an exhibit to various filings (*see* ECF No. 38-2 and ECF No. 47-6) [hereinafter "Violations List"]).  While the Court finds that only the initial Complaint is operative for purposes of this Motion, none of the documents relied upon by Plaintiff state cognizable claims for which Plaintiff has offered any evidence.

As Plaintiff's Opposition to the Motion expressly acknowledges, the crux of Plaintiff's complaint against Experian is "that Experian is guilty and liable of *information control* to damage, injure, harass and control Mr. Love, with willfulness and negligence." (Plaintiff's Opposition at 2:11-13; *see also id*. at 9:1-5 ("[]the core issue of Mr. Love's claim is *Information Control*…."); *id*. at 20-23 ("Experian failed to show the court that there is no genuine issue of material fact for the court to decide as it relates to Plaintiff's claims, primarily the core issue of *Information Control*.") (emphasis supplied).)  Plaintiff contends that Experian has harmed him because it collects and maintains a consumer credit file regarding Plaintiff and because Experian has issued credit reports about Plaintiff during the past 20 years.  Plaintiff does not want Experian to have or report his credit

information, and therefore Plaintiff contends that Experian commits "Information Control" when it issues credit reports. However, the law does not recognize a claim for "Information Control," and Experian's business of collecting, assembling, and providing consumer credit information to potential creditors is lawful and ratified by the statutory scheme of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (Experian's Statement of Undisputed Facts and Contentions of Law ("SUF") ¶¶ 1-5.) Absent facts or evidence indicating that Experian has violated a particular provision of the FCRA, or otherwise run afoul of some other legally recognized common-law right that is not preempted by the FCRA, Plaintiff's claims fail as a matter of law. Here, Plaintiff's claim for defamation in the operative Complaint is pre-empted by the FCRA (15 U.S.C. § 1681h(e)), and Plaintiff offers no facts or evidence of willfulness or malice that would bring his claim within the exception under that statutory provision. That fact alone resolves Experian's Motion, and there is no need for further analysis. Experian is entitled to summary judgment.

Nevertheless, even if the Court were to consider the other theories of liability suggested by Plaintiff, there are no facts or evidence presented from which Plaintiff could state a cognizable claim. As such, Defendants' motion is **GRANTED**. The Court hereby **ORDERS** that Plaintiff's claims against Defendant Experian are dismissed with prejudice.

## BACKGROUND

On March 23, 2022, Plaintiff filed his Complaint against Defendants Experian and Mr. Craig Boundy, Chief Operating Officer for Experian's parent company, Experian PLC, in the Superior Court of the State of California for the County of Los Angeles. (*See* Stmt. of Uncontroverted Facts in Supp. Mtn. for Summ. J. ("SUF") ¶ 22.) That Complaint, in its entirety, alleged as follows:

"The Holy presence of the Lord Jesus Christ is here.

Plaintiff Samuel Love brings this action against

Defendants Craig Boundy and Experian for defamation of

character for being guilty of turning millions of dollars away from him and his business. Craig Boundy and Experian are knowingly and willingly entering false records and information publicly to harm and injure Plaintiff. The lifetime financial value of the loss incurred by Plaintiff because of the false and injurious statements published by Craig Boundy and Experian to the Small Business Administration is $5,250,000."

(SUF ¶ 22, 23.)

On May 9, 2022, Defendants answered Plaintiff's Complaint. (SUF ¶ 26.)

On June 9, 2022, Plaintiff filed an additional pleading, self-styled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and Documentary Evidence" ("Plaintiff's Reply Pleading"). In that document, Plaintiff provided additional allegations regarding the nature of his defamation claim, and specifically alleged that his claim arose under the FCRA and sought lost business damages. (SUF ¶ 23, 27.)

On June 22, 2022, in reliance on the additional information learned regarding the nature of Plaintiff's claim from Plaintiff's Reply, Defendants removed this action to federal court. (SUF ¶ 29.)

On May 31, 2022, Plaintiff's right to amend his pleading without written consent or leave of court expired. Fed. R. Civ. P. 15(a)(1)(B) & (a)(2). (SUF ¶ 29.)

On July 25, 2022, without consent or leave of Court, Plaintiff filed the inoperative "Amended Complaint." (SUF ¶ 30.)

On March 8, 2023, Defendants served Plaintiff with a notice of deposition for Wednesday, March 15, 2023. (SUF ¶33.) Plaintiff refused to sit for the noticed deposition. (SUF ¶34-35.)

On March 15, 2023, Experian proceeded with Plaintiff's properly noticed deposition and recorded Plaintiff's non-appearance. Several more emails were

[PROPOSED] STATEMENT OF DECISION GRANTING MSJ
Case No. 2:22-cv-04268-JFW-JPR

exchanged between the Parties wherein Plaintiff refused to make himself available for deposition. (SUF ¶36.)

On April 6, 2023, this Court granted Experian's *Ex Parte* Application to Amend Scheduling Order and Amended Scheduling Order. (SUF ¶37.)

On April 24, 2023, Experian served Plaintiff with a Second Notice of Deposition for May 10, 2023. Plaintiff again refused to be deposed. (SUF ¶ 38.) Counsel for Experian urged Plaintiff to reconsider his position regarding the deposition. (SUF ¶ 39.)

On March 31, 2023, Plaintiff served untimely objections to Experian's previously served Interrogatories, Requests for Admissions ("RFAs"), and Requests for Production of Documents ("RFPs"). (SUF ¶ 42.)  Other than two unauthenticated documents purporting to be "therapy" receipts for $750 that were attached to Plaintiff' Responses to Interrogatories (SUF ¶ 43.), Plaintiff's mostly objected that the discovery was "oppressive" and "invasive" and declined to provide a substantive response. (SUF ¶ 44.)

Plaintiff's responses to Experian's RFAs were untimely. (SUF ¶ 46.) Failure to timely respond to RFAs results in automatic admission of the matters requested and no motion to compel is necessary. (SUF ¶ 47.)

Plaintiff also declined to provide any documents in response to RFPs. (SUF ¶ 49.)  In his preamble to the Responses to RFPs, and presumably to avoid responding, Plaintiff states that Defendants "are guilty of Information Control" and "their business practices are Unconstitutional." (SUF ¶ 50.)  Thereafter, Plaintiff objected to all requests as being "oppressive and invasive." (SUF ¶ 51.)

Plaintiff thus not only failed to comply with his discovery obligations under the FRCP, but also failed to produce any competent evidence that would allow him to prove his claim against Experian. (SUF ¶ 52.)

Experian filed its Motion For Summary Judgment on May 15, 2023, which is now before the Court. (*See* Dkt. 43.)

[PROPOSED] STATEMENT OF DECISION GRANTING MSJ
Case No. 2:22-cv-04268-JFW-JPR

**LEGAL STANDARD**

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). A "material" fact is one that may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" issue exists where there is sufficient evidence that a reasonable jury could return a verdict for either party. *See id.* Mere arguments or allegations are insufficient to defeat a properly supported motion for summary judgment; the nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248-51. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment should be entered in the movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**DISCUSSION**

**I.      Plaintiff's Defamation Claim Is Preempted and There Is No Evidence Demonstrating the Requisite Willfulness or Malice.**

Plaintiff's March 23, 2023 Complaint purports to state one claim for "Defamation Claim For Injury and Damages" against Experian. Plaintiff's claim is preempted by the FCRA, and there is no genuine dispute of material fact regarding willfulness or malice to Plaintiff's claim within the statutory exception provided by the FCRA.

The FCRA preempts state law in the field of credit reporting and, specifically, causes of action against consumer reporting agencies for defamation. 15 U.S.C. § 1681h(e)); *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897-98 (C.D. Cal. 2008), ("this provision [§1681h(e)] 'only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on

the disclosure of certain types of information and are not based on malice or willful intent to injure.'" [internal citation omitted]).  However, there is an exception to FCRA preemption in cases where there is evidence of "false information furnished with malice or willful intent to injure such consumer." (*See*, 15 U.S.C. § 1681h(e).) Here, Plaintiff argues there is willfulness and malice by Experian because, (1)"Experian and their Counsel are idiots, pursuant to 1 U.S. Code § 1"; (2) Experian's entire consumer reporting business is based on an "assumption" [citing] 15 U.S. Code § 1681(a)(3)—presumably meaning that Experian and its leadership acted wrongfully simply by functioning as a credit reporting agency; (3) Plaintiff offers a "Spiritual Revelation" that he did not take anything from Experian, but instead Experian has taken information from him… "thus Experian took away Mr. Love's Spirit, Life, Freedom of Speech and power, therefore Mr. Love does not, by the Law of GOD, need to provide any documentary evidence to prove his claims."; and (4) Plaintiff suggests that he is in possession of a credit report that proves Experian stole his identity.  The credit report is not specifically identified nor offered as evidence in opposition to Experian's Motion.  (*See* Plf's Opp. at pp. 10-11.).  Nor does Plaintiff offer any other evidence that would support a finding of willfulness or malice.  Accordingly, there is no genuine issue of material fact as to Plaintiff's defamation claim. Plaintiff's common-law claim for defamation is preempted by the FCRA.

**II.      The Claims In The Amended Pleading Fail For Lack of Evidence and As A Matter Of Law.**

While not necessary to resolve the Motion, the Court further concludes that there are no claims presented in the inoperative Amended Pleading upon which Plaintiff would be entitled to relief:

**1.      Amended Pleading Count I—Violation of FCRA**

Count I of Plaintiff's inoperative Amended Pleading purports to allege violation of numerous provisions of the FCRA, including 15 U.S.C. § 1681(a)(1) &

(4) ("Congressional findings and statement of purpose"), § 1681b(a)(2) ("Permissible purposes of consumer reports"), § 1681e(b) (Reasonable procedures to assure maximum possible accuracy), § 1681i (Reasonable reinvestigations), § 1681q (Obtaining information under false pretenses), and § 1681s-2(b) (Responsibilities of furnishers of information to consumer reporting agencies). While Plaintiff recites many legal elements of the provisions of the FCRA and vaguely references "inaccurate" information in his consumer file in conclusory fashion, Plaintiff fails to identify a single, specific inaccuracy. Further, many of Plaintiff's allegations are non-sensical in that they attempt to impose liability on Experian for responsibilities and obligations assigned to furnishers and other non-credit reporting entities under the FCRA—e.g., Section 1681q (prohibiting obtaining information *from a credit reporting agency* under false pretenses) and Section 1681s-2(b) (setting forth the responsibilities of *furnishers to credit reporting agencies*).

During discovery, Experian requested that Plaintiff "[s]tate the basis for [his] allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated." (*See* Compendium of Declarations and Exhibits in support of Motion for Summary Judgment ("Defendant's Compendium"), Interrogatory 13, p. 86.) Plaintiff declined to provide a substantive response to the interrogatory and instead referred Experian to the conclusory allegations in paragraphs 80-91 (Count I) of the inoperative Amended Pleading. (*See* Defendant's Compendium, Response to Interrogatory 13, p. 86.) Experian also asked Plaintiff to "[s]tate the basis for Plaintiff's allegation that Experian did not maintain reasonable procedures designed to assure the maximum possible accuracy of the information." (*See* Defendant's Compendium, Response to Interrogatory 14, p. 87) Again, Plaintiff declined to provide a substantive response and instead responded, "Refer to 15 U.S. Code § 1681e. See paragraphs 34 and 49." (*Id.*)

Likewise, Experian asked Plaintiff to "List every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete; and for each such entry, state with specificity the reasons why the entry is inaccurate and/or incomplete, and identify all documents which support or evidence that the entry is inaccurate and/or incomplete."  Plaintiff did not identify any inaccuracy in response, but instead stated:

> THE TRUTH: The Credit Report does not belong to plaintiff because he didn't create it or consent to it; the Credit Report was fraudulently manufactured by Defendants and misapplied to Plaintiff.
>
> 1.    All entries on the Consumer Report that Defendants misapplied to Plaintiff are fraud and are inaccurate because:
>
> a.    Every consumer credit transaction was already paid for by Plaintiff's social security card, that's why the debt is alleged (15 U.S. Code § 1692a(5));
>
> b.    Plaintiff's social security number is the credit card (15 U.S. Code § 1602(l)) that paid for the consumer credit transactions;
>
> c.    Banks cannot collect debts (see 1913 Fiat Act; 1917 Trading with Enemy Act; 1933 Bankruptcy Act; and 1935 Social Security Act); and
>
> d.    There's no legitimate money to make payments because the Federal Reserve notes have no value:
>
> i.    "A promise to pay cannot, by argument, however ingenious, be made the equivalent of actual payment." See Christensen v. Beebe, 91 P 133, 32 Utah 406;
>
> ii.    The "giving a (federal reserve) note does not constitute payment." See Echart v. Commissioners C.C.A., 42 Fd2d 158;
>
> iii.    The use of a (federal reserve) 'Note' is only a promise to pay. See Fidelity Savings v. Grimes, 131 P2d 894; and
>
> iv.    Legal Tender (federal reserve) Notes are not good and lawful money of the United States. See Rains v. State, 226 S.W. 189.

(Defendant's Compendium, Response to Interrogatory 17, pp. 87 and 88)

Experian was denied the ability to seek clarification from Plaintiff regarding these responses due to his refusal to sit for a deposition.

Plaintiff has had multiple opportunities to present facts and/or evidence in support of any potential FCRA claim against Experian. Plaintiff has not done so. On this factual record, Plaintiff cannot assert a claim for violations of the FCRA, and there is no factual dispute to be resolved.

**2. Amended Pleading Count II—Violations of the Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* was designed to eliminate abusive, deceptive, and unfair debt collection practices, and provides that a debt collector who violates the law may be civilly liable to an injured person for various monetary damages. *See* 15 U.S.C. § 1692k. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.

The FDCPA applies to conduct by "debt collectors." Under FDCPA, a "debt collector" is defined as any person who regularly collects, or attempts to collect, consumer debts for another person or institution or uses some name other than its own when collecting its own consumer debts. 15 U.S.C. § 1692a(6). Experian is not a debt collector within the meaning of this statutory scheme and there is no evidence to the contrary. Instead, Experian is a consumer reporting agency, which acts as a storehouse for credit information that is pertinent to prudent credit granting decisions, by storing, retrieving, and furnishing data as allowed by the FCRA. (*See* SUF ¶3.) Accordingly, there is no factual dispute or triable issue with respect to Count II.

### 3.    Counts III Through VI—Alleged Criminal Acts and Constitutional Violations

In Counts III through VI of the inoperative Amended Pleading, Plaintiff attempts to allege various crimes and constitutional violations purportedly committed by Experian, including aggravated kidnapping (ECF No. 17, ¶¶ 102-108); false imprisonment/arrest, unlawful search and seizure, and crimes against humanity (*Id.*, ¶¶ 109-126), use of excessive force (*Id.*, ¶¶ 127-130); buying, receiving or collecting stolen property and forcing Plaintiff to serve as a witness against himself in violation of his Fifth Amendment rights, copyright infringement and theft of intellectual property (*Id.*, ¶¶ 131-140).  However, none of the facts alleged in the Amended Pleading supports such claims for relief.

A cursory review of the allegations in Counts III through VI of the Amended Pleading reveals that Plaintiff merely recites some of the elements of the crimes and then attempts to characterize Experian's lawful collection of consumer credit information and issuance of credit reports as somehow being akin to this extreme criminal conduct.  There is simply no legal or factual basis for any of these claims.

For  example, in support of Count III for "Aggravated Kidnapping," Plaintiff alleges:

> "Defendants *seized*, *confined*, and *kidnapped* Mr. Love, through *coercion* and *fraudulent communications*, with *intent* to hold and detain him to *commit extortion* and to obtain money and profits *through the sale and trading of his data and information*. Defendants *forcibly moved Mr. Love a substantial distance away from credit, financial opportunities, blessings, and his unlimited potential* through their *deceptive acts* and *aggravated kidnapping* using *force* and *fear* to do so for the purpose of severely harming Mr. Love and for personal, individual and corporate gain."(ECF No. 17, ¶¶ 103-104 (emphasis supplied)

[PROPOSED] STATEMENT OF DECISION
GRANTING MSJ
Case No. 2:22-cv-04268-JFW-JPR

*See also*, *e.g.*, ECF No. 17, ¶ 113 ("Defendants caused Mr. Love to be wrongfully confined and incarcerated (through their false information) without lawful process or legal justification."), ¶ 125 ("False imprisonment is a crime against humanity. Defendants (Leadership named herein) are guilty of knowingly and willingly participating, engaging in orchestrating and conducting criminal acts against Mr. Love (and millions of other people) through Experian's deceptive business operations, therefore are subject to the death penalty or to imprisonment for life. No deals. No mercy. Quick trials then executed!")  Plaintiff's attempt to equate the collection and "trading" of consumer credit information with physical detainment, forcible kidnapping and "crimes against humanity" does not state a claim upon which relief may be granted, and there is certainly no evidence before the Court that would support such claims.

### 4.    Count VII—Defamation

In the inoperative Amended Pleading, Plaintiff once again alleges a claim for defamation.  This claim fails for all the reasons set forth in Section I above.

### 5.    Count VIII—Violations of the Word of God

There is no legally cognizable claim or basis for imposing civil liability against Experian for "violations of the Word of God," as alleged in Count VIII of the inoperative Amended Pleading.  (ECF No. 17. ¶¶ 153-172.)

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment.  Plaintiff's claims against Experian are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this _____ day of June 2023.

Dated:_____         _____

Hon. John F. Walter
United States District Judge

[PROPOSED] STATEMENT OF DECISION
GRANTING MSJ
Case No. 2:22-cv-04268-JFW-JPR

## PROOF OF SERVICE

I, Hillary J. Green, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612-4408. On May 29, 2023, I served a copy of **[PROPOSED] STATEMENT OF DECISION GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT EXPERIAN** by electronic submission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love

139 South Beverly Drive No. 320

Beverly Hills, CA 90212

626-618-4880

Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 29, 2023, at Irvine, California.

/s/Hillary J. Green
Hillary J. Green

[PROPOSED] STATEMENT OF DECISION
GRANTING MSJ
Case No. 2:22-cv-04268-JFW-JPR

NAI-1537053392v1