Samuel Love
139 S Beverly Drive #320
Beverly Hills, California 90212
(626) 618-4880
itssamuellove@proton.me

SAMUEL LOVE, IN PRO PER

UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

SAMUEL LOVE,

   Plaintiff,

 vs.

CRAIG BOUNDY and EXPERIAN

INFORMATION SOLUTIONS, INC.

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:2:22-cv-04268 JFW (JPRx)

**PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT**

**Hearing Date:** June 12, 2023
**Time:** 1:30 p.m.
**Judge:** John F. Walter
**Courtroom:** Courtroom 7A

## STATEMENT OF DECISION

This matter is before the Court on the Defendant Experian's Motion For

Judgment, pursuant to Federal Rule of Civil Procedure 12(c). For good cause shown,

Defendant Experian's Motion is DENIED.

## BACKGROUND

Plaintiff Samuel Love ("Plaintiff" or "Mr. Love") filed a complaint on March 23, 202 against Defendants Experian and Mr. Craig Boundy, Chief Operating Officer for Experian's parent company, Experian PLC, in the Superior Court of the State of California for the County of Los Angeles. (ECF No. 1-1).

On May 9, 2022, Defendants answered Plaintiff's Complaint. (*See* ECF No. 1-1, pp. 17-29.)

On June 9, 2022, Mr. Love filed an additional pleading, self-styled "Plaintiff's Reply to Defendant's Fraudulent Answer and Request For Proof and Documentary Evidence." (*See* ECF No. 1-1, pp 30-36.)

On June 22, 2022, in reliance on the further allegations in Plaintiff's Reply Pleading, Defendants removed this action to federal court. (*See* ECF No. 1.)

On July 25, 2022, Mr. Love agreed to file an "Amended Pleading" (*See* ECF No. 17) based on Defendants Counsel's request. (*See* ECF No. 47, Exhibit A.) Experian's assertion that Plaintiff filed the "Amended Pleading" "without consent or leave of Court" has no standing. Even if that was the true, Experian asserted for the very first time that the "Amended Pleading" was inoperative on May 15, 2023, when the Amended Pleading was filed almost ten (10) months prior, giving them sufficient time to make the assertion, nonetheless they failed to make such assertion.

PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF
DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT

On May 15, 2023, Defendant Experian filed a Motion for Summary Judgment. (ECF No. 43.)

On May 22, 2023, Mr. Love filed an Opposition to Experian's Motion for Summary Judgment. (ECF No. 47, 48.)

On May 26, 2023, Experian filed Reply in Support of Motion, Statement of Facts, Evidentiary Objections, Joint Set of Exhibits and Joint Set of Declarations regarding its Motion for Summary Judgment.

## **DISCUSSION**

Two key questions for the Judge to ask:

1.  To touch Mr. Love's information is to touch Mr. Love physically. For example, when Experian reported a collection Verizon account (ECF No. 55, Exhibit F, pg. 51) that did not belong to Mr. Love, his credit score decreased, he became embarrassed and stressed, and Mr. Love's character was framed and presented in a negative way to potential employers and creditors through the consumer reports that Experian published. Does Defendant Experian have the power to touch Mr. Love's information and do whatever they want with his information? The answer is "NO." **Experian shall never again touch Mr. Love's information.**

PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF
DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT

2.  To collect, manage and report Mr. Love's information is to control Mr. Love's information. To control Mr. Love's information means to have control of Mr. Love. Does Experian have the power and authority to control Mr. Love? The answer is "NO." **Experian shall never again control Mr. Love.**

What matters the most in this lawsuit is that Experian lacks the legitimate authority to touch Mr. Love's information and control Mr. Love, therefore Mr. Love is the one who already won. All of Experian counsel's legalese nonsense is useless, a waste of time to the Court and Mr. Love; it also proves Experian counsel's lack of competence. For example, Mr. Love finds it of no further use to have to engage with Experian and their counsel's deceptive communications, such as having to "dispute" or "undispute" uncontroverted facts. Just because Mr. Love did not "dispute" a fact does not mean it is "undisputed."

If Experian's in-house and out-of-house counsel (Jones Day attorneys) were competent, they would have conceded to Mr. Love's claims many months ago. The more they try to "defend" themselves the lower they shall fall.

No amount of case law, assertions, explanations of their "reporting procedures" or any other legalese can save Experian from being held liable, guilty and responsible for the violations they knowingly and willingly committed against Mr.

PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF
DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT

Love. Experian's counsel must thoroughly examine Mr. Love's Motion for Summary Judgment (ECF No. 55-57.)

The Truth already defeated Experian.

The Court is Ordered to DENY Experian's Motion for Summary Judgment (ECF No. 43) and GRANT Mr. Love's Motion for Summary Judgment.

### **CONCLUSION**

For the reasons stated above, Experian's Motion is hereby **DENIED.**

**IT IS SO ORDERED**, this ___ day of June 2023.

DATED: _____          _____

Hon. John F. Walter
United States District Judge

# **PROOF OF SERVICE**

I, Samuel Love, I served a copy of:

**PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT**

by electronic submission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kerry C. Fowler, Defendant's Counsel
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor Los Angeles, CA 90071
Telephone: (213) 489-3939

Hillary J. Green, Defendant's Counsel
Email: hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800 Irvine, CA 92612
Telephone: (949) 851-3939

I declare under penalty of perjury under the laws of the State of California

that the above is true and correct.

Executed on May 30, 2023, at Beverly Hills, California.

Lethal Fire,

SAMUEL LOVE
*In Pro Per*

PLAINTIFF'S RESPONSE TO [PROPOSED] STATEMENT OF
DECISION GRANTING EXPERIAN'S MOTION FOR SUMMARY JUDGMENT