Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG
BOUNDY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[*Evidentiary Objections, Statement Of Disputed Facts, Declaration and Proposed Order filed concurrently*]<br><br>Hearing Date: June 26, 2023<br>Time: 1:30 p.m.<br>Judge: John F. Walter<br>Courtroom: Courtroom 7A<br><br>Complaint filed:  March 23, 2022<br>Pre-trial Conference Date: Aug. 4, 2023<br>Trial Date: Aug. 15, 2023 |

Although styled as a "Motion for Summary Judgment," Plaintiff's Motion falls woefully short of satisfying the requirements set forth in Federal Rule of Civil Procedure 56, and is procedurally deficient as well. First, Plaintiff's Motion is untimely, as it is noticed outside the Court's deadline for hearing motions. Second, as the movant for a motion for summary judgment, it is Plaintiff's burden to demonstrate that Plaintiff is entitled to judgment and there is no genuine dispute as to a material fact. Here, however, Plaintiff misses the mark. The Motion fails to articulate a legally cognizable claim upon relief might be granted and, further, fails to engage in any analysis or mention of material facts. For these reasons, the Court should deny Plaintiff's Motion in its entirety.

## I. Plaintiff's Motion For Summary Judgment Should Not Be Considered Because It Is Untimely.

The Court's Amended Scheduling Order set the deadline for hearing motions for June 25, 2023. (ECF No. 35.) Plaintiff filed his Notice of Motion and Motion on May 26, 2023, with the minimum notice allowed under Local Rule 6-1 of twenty-eight days, and set a hearing on June 26, 2023—after the motion hearing cutoff. Further complicating things, Plaintiff did not file his memorandum in support of the Motion For Summary Judgment until the day after he filed his Notice, Saturday, May 27, 2023 (27 days prior to the hearing). Due to the late submission of Plaintiff's brief and the Memorial Day holiday, Defendants must now respond to the arguments therein on a short timeline, and for a hearing that is outside the motion hearing cutoff. The Court should decline to consider Plaintiff's Motion.

Pursuant to Local Rule 7-12, the "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the . . . denial of the motion . . .." U.S. District Court For The Central District of California, L.R. 7-12. Indeed, Plaintiff's

untimely filing is subject to sanction pursuant to Local Rule 7-13.

## II.     Plaintiff's Motion Fails To Satisfy Rule 56.

Under Federal Rule of Procedure 56, a movant for summary judgment must show that "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Although the introduction to Plaintiff's memorandum in support of his Motion For Summary Judgment lists the same eight purported "causes of action" identified in his inoperative "Amended Pleading," nowhere in the brief does Plaintiff set forth a single reason why any of the evidence he has submitted in support of his Motion satisfies the elements necessary to prove those eight causes of action—let alone how the evidence conclusively proves those elements such that there are no material questions of fact to be resolved.  *See* Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (moving party bears the initial burden of establishing there is no genuine issue of material fact).  Plaintiff's Motion makes the conclusory statement that "[i]t is impossible for Defendants to provide proof or substantiating evidence to properly address Plaintiff's lawsuit because the Victory already belongs to Mr. Love." (ECF No. 57 at 6:12-15.)  But here, Plaintiff's misunderstands his burden.  It is incumbent upon *Plaintiff* to demonstrate that he has a cognizable claim(s) and to come forward with evidence to establish (and on summary judgment, conclusively establish) those claims.  Rather than explain why Plaintiff is entitled to judgment as a matter of law, Plaintiff simply declares himself the victor and demands damages.

Plaintiff's Motion should be denied.

### A.     <u>Plaintiff Fails To Articulate A Legally Cognizable Claim.</u>

Instead of analyzing how the elements of the eight purported claims in the inoperative Amended Pleading are satisfied, Plaintiff's Motion (as in prior filings) again argues that Defendants are "liable and guilty of *information control* for overpowering Mr. Love's rights and freedom," and asserts that Defendants committed such acts with willfulness and malice because Experian's lawful

business of collecting consumer credit information and disseminating credit reports is based on a purported "assumption" of the FCRA.  (Plf's Mot. at 6.)   None of those unsupported allegations state a claim, or somehow prove the non-existent claim of "information control" as a matter of law.

As Plaintiff's Motion expressly acknowledges, Plaintiff is attempting to bring "claims of *information control*, *weaponization* of the FCRA and Constitutional violations against Defendants."  (Plf's Mot. at 7.)  As best Experian understands Plaintiff's claim(s) of "Information Control" and/or FCRA "weaponization," Plaintiff contends that Experian has harmed him because it collects and maintains a consumer credit file regarding Plaintiff and because Experian has issued credit reports about Plaintiff during the past 20 years.  While Plaintiff has sometimes referenced particular credit reports—*e.g.*, an apparent credit report issued to the Small Business Administration—and complains they were "inaccurate," Plaintiff entirely fails to identify anything inaccurate in the content of any report, and generally concedes that he applied for credit in connection with the alleged report, thereby suggesting a permissible purpose for its issuance.  Thus, the crux of Plaintiff's objection seems to be that Plaintiff does not want Experian to have or report his credit information, and therefore Experian commits "Information Control" when it issues credit reports.  But the law does not recognize a claim for "Information Control," and Experian's business of collecting, assembling, and providing consumer credit information to potential creditors is lawful and ratified by the statutory scheme of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. 15 U.S.C. § 1681b.  As such, absent any facts or evidence indicating that Experian has violated a particular provision of the FCRA, or otherwise run afoul of some other legally recognized common-law right that is not preempted by the FCRA, Plaintiff's claims for "information control" and "weaponization of the FCRA" fail as a matter of law.

Likewise, Plaintiff's contention that Experian's existence is based on an

OPPOSITION TO PLF'S MOTION FOR
SUMMARY JUDGMENT
Case No. 2:22-cv-04268-JFW-JPR

"assumption," is premised on a fundamental misunderstanding of the language found in the Congressional Findings and Statement of Purpose of the FCRA. Specifically, Section 1681(a)(3) provides:

> Consumer reporting agencies have *assumed* a vital role in assembling and evaluating consumer credit and other information on consumers.

(emphasis supplied).  The use of the term "assumed" in this provision does not mean credit reporting agencies are operating on an assumption, and is not meant to undermine or otherwise call into question the validity of credit reporting agencies. Instead, a plain reading of the statute uses the term "*assumed*" to mean the credit reporting agencies have taken on the important task and responsibility of credit reporting. *See* "Assume," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/assume. (Last Accessed 5/25/2023) (offering two definitions of the word, "Assume", "a: to take to or upon oneself: UNDERTAKE" as in assume responsibility, and "b: to place oneself in" as in to assume a position."). There is simply no rational basis for Plaintiff's suggestion that Experian's business is based on "an assumption."

All told, the conduct and the "violations" of which Plaintiff is complaining do not amount to cognizable claims.  Plaintiff's Motion should be denied.

**B.      Plaintiff Fails To Demonstrate That There Is No Genuine Dispute As To A Material Fact.**

Pursuant to Fed. R. Civ. P. 56, a movant for summary judgment must "show[] that there is no genuine dispute as to any material fact."  Plaintiff's Motion fails to set forth any actual facts that support his request for summary judgment,. Without any discussion of the facts at issue in the case, it is impossible for Plaintiff to show that there is no genuine dispute.  Thus, Plaintiff's Motion ought to be denied.

OPPOSITION TO PLF'S MOTION FOR
SUMMARY JUDGMENT
Case No. 2:22-cv-04268-JFW-JPR

### 1. **Plaintiff's "Uncontroverted Facts" Are Conclusory, Legal Arguments And/Or Irrelevant To Any Potential Claim At Issue.**

Plaintiff's Motion for Summary Judgment fails to establish that there are no genuine issues of material fact, as it is devoid of any facts that would support a reasonable inference of liability.  Plaintiff's "Statement of Uncontroverted Facts," offers 55 statements that exclusively fall into one or both of two categories— conclusory, legal argument or irrelevant:

| Conclusory, Legal Argument | Irrelevant |
| --- | --- |
| 2, 3, 6, 9-12, 14, 16-23, 25-48 | 1, 4, 5, 7, 8, 13, 15, 24, 41, 49-55 |

Overwhelmingly, Plaintiff attempts to advance his individual interpretation of various statutory, constitutional, and criminal requirements as undisputed facts, citing only to materials that cannot be fairly characterized as a factual record of his claims against Experian.  (*See*, *e.g.,* Plf's Statement of Uncontroverted Facts" [SUF], No. 7 (stating "The President of the United States launched a Freedom of Speech Initiative to stop information control against me by Corporations, including Experian." and citing https://truthsocial.com/@realDonaldTrump/posts/109527129543949548.)  Indeed, the vast majority of Plaintiff's "Uncontroverted Factual Assertions" are supported solely by Plaintiff's own self-serving declaration in which he "declares" to otherwise unsupported conclusions of law.  None of these purported "facts" conclusively establish Plaintiff's right to relief.

### 2.  **Experian Disputes Plaintiff's "Undisputed Facts."**

Even if Plaintiff's legal arguments could be construed as "facts," there is no merit to Plaintiff's repeated assertions that such facts are "undisputed."  For example, Plaintiff declares that it has "Mr. Love has established irrefutable documentary evidence to prove all Causes of Action throughout all court filings. Importantly, Mr. Love clearly established there is no genuine issue of material facts

OPPOSITION TO PLF'S MOTION FOR
SUMMARY JUDGMENT
Case No. 2:22-cv-04268-JFW-JPR

via his Motion for Summary Judgement," and "There are no arguments left to discuss because Mr. Love's claims are fully established as a matter of law." (Plf's Opp. at 3 & 4.) However, as set forth in detail in Experian's Statement of Disputed Facts, Experian does not concede the conclusions of Plaintiff's "facts." For example, with respect to a large number of Plaintiff's allegedly "undisputed" facts, Plaintiff merely recites some of the elements of assorted crimes and constitutional violations, then using bombastic metaphor and extreme hyperbole, attempts to characterize Experian's lawful collection of consumer credit information and issuance of credit reports as somehow being akin to this extreme criminal conduct. However, there is simply no basis for Plaintiff to assert that he was kidnapped, subject to excessive force or that Defendants committed theft and those purported "undisputed facts" are very much disputed. (Defendants' Statement of Genuine Disputes, Nos. 3, 22-30, 31-32, 38.) Likewise, Plaintiff's regurgitation of legal conclusions in the form of "undisputed statements of fact" are very much disputed by Experian.

On this record, summary judgment in favor of Plaintiff is inappropriate.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment.

Dated: June 5, 2023

Respectfully submitted,

JONES DAY

By: */s/ Kerry C. Fowler*
Kerry C. Fowler

Counsel for Defendants
EXPERIAN INFORMATION
SOLUTIONS, INC. AND CRAIG
BOUNDY

OPPOSITION TO PLF'S MOTION FOR
SUMMARY JUDGMENT
Case No. 2:22-cv-04268-JFW-JPR

**CERTIFICATE OF SERVICE**

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On June 5, 2023, I served a copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2023, at Irvine, California.

        /s/ *Hillary J. Green*
        Hillary J. Green