Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC. AND CRAIG BOUNDY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.<br><br>    Defendants. | Case No. 2:22-cv-04268-JFW-JPR<br>Hon. John F. Walter<br><br>**DEFENDANTS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**[*Opposition, Evidentiary Objections, Declaration of Kimberly Cave, and Proposed Order filed concurrently*]**<br><br>Hearing Date: June 26, 2023<br>Time: 1:30 p.m.<br>Judge: John F. Walter<br>Courtroom: Courtroom 7A<br><br>Complaint filed:  March 23, 2022<br>Pre-trial Conference Date: Aug. 4, 2023<br>Trial Date: Aug. 15, 2023 |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **A. INFORMATION CONTROL** | |
| 1. Mr. Love is the exclusive property of the LORD GOD. | Declaration of Samuel Love in Support of Plaintiff's Motion for Summary Judgment ("Love Decl.") ¶ 3; Jeremiah 1:5 <br><br> **Experian's Response:** Undisputed but irrelevant. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 2. Mr. Love is the exclusive owner of his information. | Love Decl., ¶ 4. <br><br> **Experian's Response:** Disputed to the extent Plaintiff implies all information regarding his identity and credit information, including publicly available information and tradeline information between he and credit furnishers, "belongs" to Plaintiff as a matter of law. Moreover, when a consumer applies for credit the consumer typically agrees with the furnisher to allow the furnisher to report information relating to any tradeline or credit the consumer is granted. (Cave Decl., ¶ 8.) Information such as a consumer's name and address is not "property" in a legal sense and a consumer cannot prohibit others from saying or using the information. U.S. Const. amend. I. Experian further objects that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| 3. | Defendants stole Mr. Love's intellectual property through fraud, coercion and force (without Mr. Love's consent or agreement). | Love Decl., ¶¶ 5, 15, and 49.<br><br>**Experian's Response:** Disputed. The statement is conclusory and fails to identify what intellectual property is being referenced. To the extent Plaintiff contends Experian's reporting of Plaintiff's credit information constitutes intellectual property theft, fraud, coercion and/or force, Experian disputes that there is any legal support for this proposition. Information regarding Plaintiff's identity and credit information, including publicly available information and tradeline information between he and credit furnishers, does not "belong" to Plaintiff as a matter of law. When a consumer applies for credit the consumer typically agrees with the furnisher to allow the furnisher to report information relating to any tradeline or credit the consumer is granted. (Cave Decl., ¶ 8.) Moreover, information such as a consumer's name and address is not "property" in a legal sense and a consumer cannot prohibit others from saying or using the information. U.S. Const. amend. I. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 4. | Defendants have never paid Mr. Love for the use of his intellectual property (*e.g.,* name, address and all other data related to him) for the last twenty (20) years. | Love Decl., ¶ 16.<br><br>**Experian's Response:** Undisputed that Experian has never paid Plaintiff in connection with the reporting of his credit information. Disputed to the |

| | | |
|---|---|---|
| | | extent the statement implies that Experian was obligated to pay for such reporting, or that name and address information is intellectual property. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 5. | Defendants have never contacted Mr. Love to confirm information about him before it's published on Experian's consumer reports. | Love Decl., ¶ 17.<br><br>**Experian's Response:**   Undisputed that Experian has never contacted Plaintiff to confirm information reported about him by data furnishers prior to including such information on consumer credit reports regarding Plaintiff.  Disputed to the extent the statement implies Experian had an obligation to confirm all information with Plaintiff prior to issuing a consumer credit report regarding Plaintiff.  Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 6. | Defendants are engaged in information control to manipulate, control and take away Mr. Love's freedom of speech. | Love Decl., ¶¶ 21-23, 25.<br><br>**Experian's Response:**   Disputed. Defendants object that the fact is not supported by law or admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| 7. | The President of the United States launched a Freedom of Speech Initiative to stop information control against me by Corporations, including Experian. | President Donald J. Trump — Free Speech Policy Initiative (Exhibit D); Love Decl., ¶ 22.<br><br>**Experian's Response:**  Disputed. Exhibit D does not support Plaintiff's statement that the Initiative was launched to "stop information control against [Plaintiff] by Corporations, including Experian." Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| --- | --- | --- |
| 8. | The American Military disclosed that Corporations are engaged in controlling information to control Mr. Love. | Love Decl., ¶ 21; Exhibit C.<br><br>**Experian's Response:**  Disputed. Exhibit C does not support Plaintiff's factual assertion.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

**B. THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq. (FCRA)**

| 9. | Plaintiff is a federally protected "consumer." | 15 U.S.C. §1681a<br><br>**Experian's Response:**  Undisputed. |
| --- | --- | --- |
| 10. | Experian is a "consumer reporting agency." | 15 U.S.C. §1681(f)<br><br>**Experian's Response:**  Undisputed. |

| 11. | The FCRA defined Experian as a "person." | 15 U.S. Code § 1681a(b) <br><br> **Experian's Response:**   Undisputed. |
| 12. | The FCRA defined Craig Boundy as a "person." | 15 U.S. Code § 1681a(b) <br><br> **Experian's Response:**   Undisputed. |
| 13. | Experian's entire business operations and consumer reporting is an assumption. | 15 U.S. Code § 1681(a)(3); Love Decl., ¶¶ 14, 24c, 34, 35, and 36. <br><br> **Experian's Response:**   Disputed. Plaintiff misstates the FCRA. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 14. | Experian failed to respect Mr. Love's right to privacy. | 15 U.S. Code § 1681(a)(4); Love Decl., ¶ 37. <br><br> **Experian's Response:**   Disputed. There is no legal "right to privacy" that prohibits credit reporting.  The FCRA expressly authorizes credit reporting agencies to furnish credit reports. *See* 15 U.S.C. § 1681b. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 15. | Experian has no permissible purpose or written instructions from Mr. Love to furnish consumer reports or publish information on his behalf. | 15 U.S. Code § 1681b(a)(2); Love Decl., ¶¶ 24d and 38. <br><br> **Experian's Response:**   Disputed.  The FCRA expressly authorizes credit reporting agencies to furnish credit |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| | | | |
|---|---|---|---|
| | | | reports without obtaining written permission from consumers.  *See* 15 U.S.C. § 1681b.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 16. | | Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Love. | 15 U.S.C. § 1681e(b); Love Decl., ¶¶ 25 and 39.<br><br>**Experian's Response:**  Disputed. The statement is conclusory and fails to identify what about Experian's procedures is not reasonable.  Without an understanding of what procedure(s) was unreasonable, Experian cannot respond regarding the way in which every procedure is reasonable.  However, Experian employs reasonable procedures in all aspects of its credit reporting to assure maximum possible accuracy of consumer information. (Cave Decl, ¶ 7.)  To the extent Plaintiff has suggested Experian's procedures are unreasonable because Experian does not contact consumers for permission to furnish consumer reports, the FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers.  *See* 15 U.S.C. § 1681b.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| 17. | Defendants failed to provide fair and accurate credit reporting about Mr. Love, which directly impaired the efficiency of the banking system and undermined the public confidence which is essential to the continued functioning of the banking system. | 15 U.S. Code § 1681(a)(1); Love Decl., ¶¶ 25, 29 and 39.<br><br>**Experian's Response:** Disputed. The statement is conclusory and fails to identify what about Experian's credit reporting regarding Plaintiff was inaccurate. The FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers. *See* 15 U.S.C. § 1681b. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| --- | --- | --- |
| 18. | Experian willfully failed to comply with the FCRA. | 15 U.S. Code § 1681n; Love Decl., ¶¶ 20 and 40.<br><br>**Experian's Response:** Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Experian willfully failed to comply with the FCRA. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 19. | Experian is civilly liable for negligent noncompliance. | 15 U.S. Code § 1681o; Love Decl., ¶¶ 20 and 41; Exhibit H, ¶¶ 11, 29 and 44.<br><br>**Experian's Response:** Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Experian is civilly liable for negligent noncompliance. Defendants object that |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| | | | |
|---|---|---|---|
| | | | the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 20. | | Defendants obtained Mr. Love's information under false pretenses. | 15 U.S. Code § 1681q; Love Decl., ¶¶ 5, 14, 15 and 24.<br><br>**Experian's Response:**  Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Defendants utilized false pretenses to obtain Plaintiff's information. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 21. | | Craig Boundy is responsible for all FCRA operations and is guilty and liable for all violations because he is the 'guiding spirit' behind the wrongful conduct. | Love Decl., ¶¶ 18, 43-46 and 50.<br><br>**Experian's Response:**  Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Craig Boundy is "guilty" of unspecified "violations." Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

**C. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 et seq.**

| 22. | Mr. Love is a "consumer" as defined in the FDCPA. | 15 U.S. Code § 1692c(d)<br><br>**Experian's Response:** Undisputed. |
|---|---|---|
| 23. | Experian is a debt collector because they use "instrumentalities of interstate commerce" to carry out commerce. | 29 CFR § 776.29; 15 U.S. Code § 1692a(6); 15 USC § 1681a(f); *Amended Pleading*, ¶18; Love Decl., ¶ 42.<br><br>**Experian's Response:** Disputed. Plaintiff misstates the definition of debt collector under the FDCPA. Experian is not a debt collector. *See* 15 U.S. Code §1692a(6). Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 24. | Experian is a debt collector without a debt collectors license to operate in the State of California. | 29 CFR § 776.29; 15 U.S. Code § 1692a(6); *Amended Pleading*, ¶18; Love Decl., ¶ 42.<br><br>**Experian's Response:** Plaintiff misstates the definition of debt collector under the FDCPA. Experian is not a debt collector. *See* 15 U.S. Code §1692a(6). Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 25. | Experian used abusive, deceptive, and unfair debt collection practices. | 15 U.S. Code § 1692(a); Love Decl., ¶ 43.<br><br>**Experian's Response:** Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Experian is engaged in debt collection |

| | | |
|---|---|---|
| | | or uses "abusive, deceptive, and unfair debt collection practices." Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 26. | Experian communicated with Mr. Love in connection with the collection of debt. | 15 U.S. Code § 1692c(a); Love Decl., ¶ 43.<br><br>**Experian's Response:**   Disputed. Experian did not communicate with Plaintiff in connection with the collection of debt within the meaning of 15 U.S. § 1692c. The statement is conclusory and fails to provide facts or evidence constituting a "communication" or "collection of debt."  Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 27. | Experian used false and misleading representations. | 15 U.S. Code § 1692e(7)-(10), (13) and (14); Love Decl., ¶¶ 19, 24, 25 and 29.<br><br>**Experian's Response:**   Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Experian used false or misleading representations within the meaning of 15 U.S. § 1692e.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2). |
| 28. | Experian used unfair or unconscionable means to collect or attempt to collect debt. | 15 U.S. Code § 1692f; Love Decl., ¶¶ 35 and 42-44.<br><br>**Experian's Response:**   Disputed. The statement is conclusory and fails to provide facts or evidence from which a |

| | | | |
|---|---|---|---|
| | | | conclusion could be drawn that Experian attempted to collect a debt or did so using "unfair or unconscionable means."  Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 29. | | Experian furnished certain deceptive forms (*e.g.,* consumer reports) about Mr. Love. | 15 U.S. Code § 1692j; Love Decl., ¶¶ 5, 43; Exhibit F, pgs. 15-27, 29-51; Exhibit H, pgs. 20-35.

**Experian's Response:**   Undisputed that Experian furnished consumer reports regarding Plaintiff.  Disputed to the extent Plaintiff suggests the consumer report was a "deceptive form" used in the collection of a debt under 15 U.S. § 1692j. Plaintiff's conclusory statement relies on a misstatement of the FDCPA.  The FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers. *See* 15 U.S.C. § 1681b.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2). |
| 30. | | Experian failed to comply with the FDCPA. | 15 U.S. Code § 1692k(a)(1), (2)(A) and (3); Love Decl., ¶ 35.

**Experian's Response:**   Disputed. Experian is not subject to the requirements of the FDCPA.  Plaintiff's conclusory statement relies on a misstatement of the FDCPA. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2). |

**D. AGGRAVATED KIDNAPPING**
**(California Code, Penal Code - PEN § 209(a)**

| 31. | Defendants seized, confined, and kidnapped Mr. Love through information control. | Love Decl., ¶ 45; Statement of Uncontroverted Facts ("SUF"), ¶¶ 1, 2 and 13. |
| --- | --- | --- |
| | | **Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of law. The FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers and there is no legal authority that supports the claim that credit reporting amounts to "seizure," "confinement" or "kidnapping." *See* 15 U.S.C. § 1681b. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 32. | Defendants are guilty of a felony for carrying Mr. Love away from his freedom with intent to hold and detain him to commit extortion and to extract money from him through the sale of his data and information. | Love Decl., ¶¶ 7, 16, 25 and 45; SUF ¶¶ 1, 2 and 13. |
| | | **Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants are guilty of a felony, or "carried Mr. Love away with intent to hold and detain him to commit extortion and to extract money from him." Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

**E. FOURTH AMENDMENT RIGHTS—FALSE IMPRISONMENT/ARREST (42 U.S.C. § 1983 and California Code, Penal Code - PEN § 236)**

| 33. | Defendants used deceptive methods to search and seize Mr. Love through collection and reporting of his information. | Love Decl., ¶ 5 and 43; SUF ¶¶ 1, 2 and 13.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of law. The FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers and there is no legal authority that supports the claim that credit reporting amounts to an unlawful search and seizure. *See* 15 U.S.C. § 1681b. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
|---|---|---|
| 34. | Defendants violated Mr. Love's Fourth Amendment rights by unlawfully arresting him (without probable cause) through the publishing of false information in consumer reports, which limited and stopped his free movement and freedom of speech. | Love Decl., ¶¶ 25; SUF ¶¶ 1, 2 and 13.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of law. The FCRA expressly authorizes credit reporting agencies to furnish credit reports without obtaining written permission from consumers and there is no legal authority that supports the claim that credit reporting amounts to a Fourth Amendment violation, an unlawful arrest, or a stoppage of an individual's freedom of movement or free speech. *See* 15 U.S.C. § 1681b. Defendants object that the fact is not |

| | | | |
|---|---|---|---|
| | | | supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 35. | | Defendants do not have the power or authority to score Mr. Love or attach a FICO score to his name and then use that score to arrest, control, harm, injure and falsely imprison him. Mr. Love has never consented to nor did he ever sign a contract or agreement with Defendants to be scored or reported on. Mr. Love is not the property of Defendants for them to deprive him of his personal liberty through false imprisonment. | Love Decl., ¶ 46; SUF ¶¶ 1, 2 and 13. **Experian's Response:** Disputed that Experian cannot provide credit scores or reports. See 15 U.S.C. § 1681b (authorizing issuance of consumer reports), § 1681c(a) (itemizing information that must be excluded from credit reports, but not including scores), and § 1681g(a)(1) (acknowledging the practice of including scores in credit reports but excluding scores from information to be provided in a consumer disclosure). Undisputed but irrelevant that Defendants can't "arrest, control, harm, injure and falsely imprison" individuals, including Plaintiff. Undisputed but irrelevant that Plaintiff is not the property of Defendants. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 36. | | Defendants acted specifically with the intent to deprive Mr. Love of his constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures. | Love Decl., ¶¶ 5, 15, 33; SUF ¶¶ 1, 2 and 13. **Experian's Response:** Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Defendants acted with intent to deprive Plaintiff of his constitutional rights. Defendants object that the fact is not |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| | | | |
|---|---|---|---|
| | | | supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 37. | | Defendants committed violations under 42 U.S.C. § 1983, the Fourth Amendment and California Code PEN § 236 that were willful, negligent, wanton, malicious and oppressive justifying the awards for statutory, actual, punitive and treble damages with attorney fees and court costs. | Love Decl., ¶¶ 19, 20, 40; SUF ¶¶ 1 and 2.<br><br>**Experian's Response:**  Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Defendants committed violations of 42 U.S.C. § 1983, the Fourth Amendment or California Penal Code § 236.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

**F. FOURTH AMENDMENT RIGHTS—EXCESSIVE FORCE (42 U.S.C. § 1983)**

| | | | |
|---|---|---|---|
| 38. | | Defendants have been using excessive force against Mr. Love, depriving him of his constitutional rights and causing him to suffer grievous harm and physical, mental, and emotional injuries for the last twenty (20) years. | Love Decl., ¶¶ 20, 25, 33; SUF ¶¶ 1 and 2.<br><br>**Experian's Response:**  Disputed. The statement is conclusory and fails to provide facts or evidence from which a conclusion could be drawn that Defendants used excessive force against Plaintiff or deprived him of his constitutional rights.  Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

**G. FIFTH AMENDMENT RIGHTS (and California Code, Penal Code - PEN § 496)**

| 39. | Defendants are in violation of California Code PEN § 496 by knowingly and willingly buying, receiving or collecting stolen property (*i.e.,* Mr. Love's information), which has been obtained through theft or extortion. This felony provides for Defendant Craig Boundy to be punished to three (3) years in jail. | Love Decl., ¶ 5, 15, 47; *Amended Pleading,* ¶18; SUF ¶¶ 1, 2 and 13.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of California Penal Code § 496 and fails to provide facts or evidence from which a conclusion could be drawn that Defendants bought, received or stole Plaintiff's property. Further, Section 496 does not provide that Defendant Craig Boundy should be punished or jailed. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
|---|---|---|
| 40. | Defendants are guilty of aiding in concealing, selling or withholding the property (*e.i.,* data) from the True owner, Mr. Love, knowing the property to be stolen from Mr. Love. | Love Decl., ¶¶ 3, 4, 5, 15; SUF ¶ 13.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement fails to provide facts or evidence from which a conclusion could be drawn that Defendants aided in concealing, selling or withholding stolen property belonging to Plaintiff. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 41. | Defendants are guilty of violating the Fifth Amendment by compelling Mr. Love to be a witness against himself and to self-incrimination | Love Decl., ¶¶ 5, 15, 24, 35 and 49; *Amended Pleading,* ¶¶ 60-63.<br><br>**Experian's Response:** Disputed. |

| | | |
|---|---|---|
| | through Experian's deceptive business practices; by the fraudulent credit reports assembled by Experian; by asking Mr. Love to identify himself when calling Experian on the phone; and by requiring Mr. Love to be "verified and "authenticated." | Plaintiff's conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants are guilty of violating the Fifth Amendment.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 42. | Defendants are liable for and guilty of depriving Mr. Love of life, liberty and property. | Love Decl., ¶ 26-30, 37 and 47.<br><br>**Experian's Response:**  Disputed. Plaintiff's conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants are guilty of depriving Plaintiff of life, liberty or property. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 43. | Defendants are guilty of copyright infringement by stealing, managing and controlling Mr. Love's intellectual property without lawful consent and for enjoying gains during twenty years, a violation of 17 U.S. Code § 501. | Love Decl., ¶ 3-5, 15.<br><br>**Experian's Response:**  Disputed. Plaintiff's conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants are guilty of copyright infringement. Defendants object that the fact is not supported by admissible evidence.  Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

| 44. | Maximum remedy required for infringement under 17 U.S.C. § 504(c)(2). | Love Decl., ¶¶ 3, 4 and 48.<br><br>**Experian's Response:** Disputed. Plaintiff's partial conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants are guilty of infringement. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 45. | Defendants acted recklessly, with deliberate indifference to Mr. Love's constitutional rights. Defendants committed violations under the Fifth Amendment and California Code PEN § 496 that were willful, negligent, wanton, malicious and oppressive justifying the awards for copyright infringement, statutory, actual, punitive and treble damages with attorney fees and court costs. | Love Decl., ¶ 3, 4, and 19.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement is based on a misstatement of law and fails to provide facts or evidence from which a conclusion could be drawn that Defendants acted with reckless indifference to Plaintiff's rights. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## G. DEFAMATION CLAIM

| 46. | Defendants libeled Mr. Love by publishing false reports "with reckless disregard of whether [they were] false or not. | Love Decl., ¶ 3, 4, 26-30 and 34.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement fails to provide facts or evidence from which a conclusion could be drawn that Defendants libeled Plaintiff or published a false report. Plaintiff does not identify any inaccuracy in any credit report issued by Experian. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| --- | --- | --- |
| 47. | The false representations made by Experian were injurious to Mr. Love's reputation and creditworthiness in the community and in commerce and also caused humiliation and mental distress. | Love Decl., ¶¶ 15, 19, 24, 25, 33; Exhibit I, J and K; *Amended Pleading*, ¶¶ 144 and 147.<br><br>**Experian's Response:** Disputed. Plaintiff's conclusory statement fails to provide facts or evidence from which a conclusion could be drawn that Defendants made false representations regarding Plaintiff or published a false report. Plaintiff does not identify any inaccuracy in any credit report issued by Experian. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |
| 48. | The ongoing defamation by Defendants against Mr. Love resulted in depression, frustration, | Love Decl., ¶ 20, 33 and 34; Exhibit F. |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| | | |
|---|---|---|
| | anxiety and excessive mental distress over repeated failed attempts to have Experian correct the reporting errors. | **Experian's Response:** Disputed. Plaintiff's conclusory statement fails to provide facts or evidence from which a conclusion could be drawn that Defendants defamed Plaintiff or published a false report. Plaintiff does not identify any inaccuracy in any credit report issued by Experian. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2); *see also* Experian's Evidentiary Objection to Love Declaration. |

## H. VIOLATIONS OF THE WORD OF GOD

| | | |
|---|---|---|
| 49. | "Before I formed Mr. Love in the belly I knew him; and before he camest forth out of the womb I sanctified him, and I ordained him a prophet unto the nations." | Jeremiah 1:5<br><br>**Experian's Response:** Undisputed, but irrelevant. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 50. | "But thanks be to God, which giveth Mr. Love the victory through our Lord Jesus Christ." | 1 Corinthians 15:57<br><br>**Experian's Response:** Undisputed, but irrelevant. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 51. | "In the beginning was the Word, and the Word was with God, and the Word was Mr. Love." | John 1:1<br><br>**Experian's Response:** Undisputed, but irrelevant. Defendants object that the fact is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |
| 52. | "And Mr. Love called on the God of Israel, saying, Oh that thou wouldest bless me indeed, and enlarge my coast, and that thine hand might be with me, and that | 1 Chronicles 4:10<br><br>**Experian's Response:** Undisputed, but irrelevant. Defendants object that the fact |

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR

| | |
|---|---|
| thou wouldest keep me from evil, that it may not grieve me! And God granted Mr. Love that which he requested." | is not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). |

Dated:  June 5, 2023

Respectfully submitted,

**JONES DAY**

By: */s/ Kerry C. Fowler*
      Kerry C. Fowler

Counsel for Defendants
EXPERIAN INFORMATION SOLUTIONS, INC. AND CRAIG BOUNDY

**CERTIFICATE OF SERVICE**

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On June 5, 2023, I served a copy of **DEFENDANTS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2023, at Irvine, California.

/s/ *Hillary J. Green*
Hillary J. Green

DEFS' STATEMENT OF GENUINE
DISPUTES OF MATERIAL FACT
Case No. 2:22-cv-04268-JFW-JPR