Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 553-7539

Hillary J. Green (State Bar No. 243221)
hgreen@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.
AND CRAIG BOUNDY

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.<br><br>                    Defendants. | Case No. 2: 22-cv-04268-JFW-JPR<br><br>Hon. John F. Walter<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[*Opposition, Statement Of Disputed Facts, Declaration, and Proposed Order filed concurrently*]<br><br>Hearing Date:  June 26, 2023<br>Hearing Time:  1:30 p.m.<br>Judge:         John F. Walter<br>Courtroom:     Courtroom 7A<br><br>Complaint filed:  March 23, 2022<br>Pre-trial Conference Date: Aug. 4, 2023<br>Trial Date: Aug. 15, 2023 |

Defendant Experian Information Solutions, Inc. ("Experian") hereby objects to Plaintiff Samuel Love's Declaration ("Declaration") and Exhibits A-T, submitted in support of his Motion for Summary Judgment ("Motion") as follows:

### INTRODUCTION

To support his Motion, Plaintiff submits a self-serving Declaration and twenty (20) exhibits, labeled A-T, that are not related to the factual or legal arguments made in his Motion. Nowhere in either his Declaration, or the 20 Exhibits does Plaintiff set forth a single reason why any of this "evidence" relates to, or satisfies, the elements necessary to prove his claims—let alone how this purported evidence conclusively proves those elements such that there are no material questions of fact to be resolved. *See* Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (moving party bears the initial burden of establishing there is no genuine issue of material fact). Moreover, Plaintiff willfully refused to be deposed. Plaintiff should not now be allowed to submit a declaration for which Experian had no opportunity to question or cross-examine Plaintiff's statements.

### I.   EXPERIAN'S OBJECTION TO PLAINTIFF'S DECLARATION.

Declarations used to support a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible as evidence, and show that the declarant is competent to testify on the stated matters. Fed. R. Civ. P. 56(c)(4). Pursuant to Federal Rule of Procedure 37(d) and (37 (b)(2)(A)(ii), the Court may prohibit a party who refuses to appear for his deposition from introducing designated matters in evidence.

Here, Plaintiff declined to provide substantive responses to interrogatories and instead referred Experian to the conclusory and non-sensical allegations in his inoperative "Amended Pleading." Experian had hoped to gain clarity regarding the basis for any purported FCRA claim through Plaintiff's deposition, but Plaintiff

willfully refused to appear for deposition despite Experian twice serving a proper notice.  (*See* Plf's Declaration ISO Motion for Summary Judgment, ¶ 31.)  Because Experian was denied the opportunity to take Plaintiff's deposition and cross-examine his self-serving statements, his declaration should not now be allowed in evidence.

## II.   EVIDENTIARY OBJECTIONS TO EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION

Experian objects to the evidence offered in Plaintiff's Statement of Facts as follows:

| PLAINTIFF'S EVIDENCE | EVIDENTIARY OBJECTION |
|---|---|
| American Military Disclosure of Information Control - (Exhibit C). | **Lacks Relevance.** Fed. R. Evid. 401<br>**Hearsay.** Fed. R. Evid. 801<br>**Lacks Authentication/Foundation.** Fed. R. Evid. 901 |
| President Donald J. Trump — Free Speech Policy Initiative (Exhibit D). | **Lacks Relevance.** Fed. R. Evid. 401<br>**Hearsay.** Fed. R. Evid. 801<br>**Lacks Authentication/Foundation.** Fed. R. Evid. 901. |
| SBA Loan Denial Letter (Exhibit I) | **Hearsay.** Fed. R. Evid. 801<br>**Lacks Authentication/Foundation.** Fed. R. Evid. 901 |
| Bank of America Credit Card Denial (Exhibit J) | **Hearsay.** Fed. R. Evid. 801<br>**Lacks Authentication/Foundation.** Fed. R. Evid. 901 |

## III.   EXPERIAN'S EVIDENTIARY OBJECTIONS TO EXHIBITS CITED IN PLAINTIFF'S MOTION BUT NOT INCLUDED OR RELIED ON IN PLAINTIFF'S STATEMENT OF FACTS

The remaining exhibits, Exhibits A, B, E, G, and L – T were not included, or relied upon in Plaintiff's Statement of Facts. For the following evidentiary reasons, these exhibits should be stricken from Plaintiff's Motion as well:

**Exhibit A** "Prophet Lovy L. Elias Removes Oppressive Spirit from Samuel L. Love" (hyperlink video):  Experian objects to the admission and/or consideration of this video, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401.  Nor is it authenticated. Fed. R. Evid. 901.  The video is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit B**  "Samuel L. Love Receives Healing Impartation from Evangelist Tim Panasyuk (hyperlink video):  Experian objects to the admission and/or consideration of this video, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401.  Nor is it authenticated. Fed. R. Evid. 901.  The video is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not

be considered."

**Exhibit E**—Audio Recording: Experian objects to the admission and/or consideration of the audio recording, filed with Plaintiff's Motion, on the grounds that it is not authenticated. Fed. R. Evid. 901.  Nor is the audio recording offered as evidence in support of any particular Statement of Fact.  Fed. R. Evid. 401.  The recording is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."Experian further objects that the audio recording does not contain the entire conversation between Plaintiff and counsel and, thus, violates the Rule of Completeness.  Fed. R. Evid. 106.  Further, the audio recording was unauthorized in that Ms. Green did not have knowledge of the recording and did not consent.  As such, Experian objects that the audio recording violates Cal. Penal Code § 632.  Finally, the audio recording purports to capture some or all of a conversation between counsel and Plaintiff in furtherance of Experian's efforts to settle this matter, and therefore violates Federal Rule of Evidence 408.

**Exhibit G** --- "REDACTED Experian Report Online Portal dated 11.07.2021": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401.  The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be

submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit L** "REDACTED Defendants Actions Caused Mental Stress to Plaintiff_medical statements": Experian objects to the admission and/or consideration of these documents, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore lacks relevance. Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered." The documents are also not authenticated (Fed. R. Evid. 901) and are hearsay not within any exception (Fed. R. Evid. 801.

**Exhibit M** "Meet & Confer Call Before Plaintiff Filed Motion for Summary Judgment"; Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance. Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit N** "Plaintiff Agrees to Amend Complaint at the Request of Defendants' Counsel" (Partial Email Chain of July 13-14, 2022): Experian objects

to the admission and/or consideration of the incomplete email chain between Plaintiff Samuel Love and Christian VanDenBerghe, dated July 13-14, 2022, on the grounds that it is not authenticated. Fed. R. Evid. 901.  Nor is the document offered as evidence in support of any particular Statement of Fact.  Fed. R. Evid. 401. These documents are also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered." Further, the email chain does not contain the entire conversation between Plaintiff and counsel and, thus, violates the Rule of Completeness.  Fed. R. Evid. 106.

**Exhibit O**  "Mediation Took Place on February 17, 2023": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit Q**  "Defendants Written Discovery to Plaintiff": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022,

wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit R**  "Defendants Responses to Plaintiff's Written Discovery": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit S**  "REDACTED Plaintiff's Responses to Defendants Written Discovery": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance.  Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

**Exhibit T**   "Executive Order to Craig Boundy to Fix Reporting Errors_dated

01.15.2022)": Experian objects to the admission and/or consideration of this document, filed with Plaintiff's Motion, on the grounds that it is not offered as evidence in support of any particular Statement of Fact and, therefore, lacks relevance. Fed. R. Evid. 401. The document is also submitted in violation of this Court's Scheduling Order, dated July 13, 2022, wherein "no party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. [ …] documents that do not specifically support or controvert material in the Statements should not be submitted in support of or in opposition to a motion for summary judgment. Any such material will not be considered."

Dated: June 5, 2023

Respectfully submitted,

JONES DAY

By: */s/ Hillary Green*

Hillary Green
Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S EVIDENCE ISO MSJ
CASE No.2:22-cv-04268-JFW

## CERTIFICATE OF SERVICE

I, Hillary J. Green, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On June 5, 2023, I served a copy of **DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Samuel Love
139 South Beverly Drive No. 320
Beverly Hills, CA 90212
626-618-4880
Email: itssamuellove@proton.me

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2023, at Irvine, California.

_/s/ Hillary J. Green_
Hillary J. Green

EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S EVIDENCE ISO MSJ
CASE No.2:22-cv-04268-JFW